IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O.,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:07-cv-0026-OWW-TAG<br><br>ORDER DENYING MOTION TO STRIKE FIFTH AFFIRMATIVE DEFENSE AND REQUEST FOR SANCTIONS<br><br>(Doc. 32) |

Plaintiff David F. Jadwin, D.O. has moved to strike the fifth affirmative defense in the answer to second supplemental complaint filed by defendants County of Kern, Peter Bryan, Irwin Harris, Eugene Kercher, Jennifer Abraham, Scott Ragland, Toni Smith, and William Roy (collectively, "defendants"), and for sanctions against defendants' counsel. (Docs. 31, 32). The court has read and considered the pleadings, considered the arguments of counsel made at the motion hearing in this matter, and makes the following ruling.

**1. Legal standards.**

A party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  For a defense to be deemed insufficient as a matter of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances

- 1 -

could the defense succeed." Galley v. County of San Mateo, 2007 WL 902551, at *1 (N.D.Cal. March 22, 2007) (citations omitted). Matters are redundant when they are needlessly repetitive or unrelated to the issues involved in the action. Gilbert v. Eli Lilly & Co., Inc., 56 F.R.D. 166, 120 n. 4 (D.Puerto Rico 1972)(citations omitted). Immaterial allegations are those that have "no essential or important relationship to the claim for relief or the defense being pleaded." Fantasy, Inc. v. Fogerty, 984 F. 2d 1524, 1527 (9th Cir. 1993), reversed on other grounds, Fogerty v. Fantasy, Inc. , 510 U.S. 517, 534-535 (1994). Allegations are impertinent when they are irrelevant to the issues in the case or are otherwise inadmissible. Id. Scandalous matters are those that reflect cruelly upon a person's moral character, use repulsive language, or detract from the dignity of the court. Skadegaard v. Farrell, 578 F. Supp. 1209, 1221 (D. New Jersey 1984), overruled on other grounds, Aitchison v. Raffiani, 708 F.2d 96 (3rd Cir. 1983).

The purpose of a motion to strike is to avoid litigating spurious issues, and it can operate as an early challenge to the legal sufficiency of a defense. Fantasy, Inc. v. Fogerty, 984 F. 2d at 1527; California v. United States, 512 F.Supp. 36, 38 (N.D. Cal. 1981). Nevertheless, motions to strike are "generally disfavored and not frequently granted," for three reasons: (1) the liberal pleading standard in federal practice; (2) they are often deployed as a delay tactic; and (3) the prevailing view that "a case should be tried on the proofs rather than the pleadings." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982); Bassiri v. Xerox Corp., 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003); Lazar v. Trans Union, L.L.C., 195 F.R.D. 665, 669 (C.D. Cal. 2000); see Rennie & Laughlin, Inc. v. Chrysler Corp., 242 F.2d 208, 213 (9th Cir. 1958).

When considering a motion to strike a defense, the court must view the defense in the light most favorable to the defendants and resolve any doubt regarding the sufficiency or relevancy of the challenged defense in the defendant's favor. Lazar v. Trans Union LLC , 195 F.R.D. at 669; ); In re TheMart.com, Inc. Securities Litigation, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000)(citing California v. United States, 512 F.Supp. at 36). Accordingly, a motion to strike

a defense should not be granted unless it can be shown that no evidence in support of the defense would be admissible or that the defense could have no possible bearing on the issues in the action.  See <u>Gay-Straight Alliance Network v. Visalia Unified School Dist.</u>, 262 F. Supp.2d 1088, 1099 (E.D. Cal.  2001)

**2. Motion to strike fifth affirmative defense.**

Plaintiff's second supplemental complaint alleges eleven state and federal claims against eight defendants, arising out of plaintiff's employment as a pathologist at Kern Medical Center ("KMC") in Bakersfield, California.  (Doc. 30).  Defendants' answer to the second supplemental complaint contains nine affirmative defenses.  (Doc. 31).  The fifth affirmative defense alleges:

> As and for a fifth affirmative defense, Defendants allege that, during Plaintiff's employment at Kern Medical Center, Plaintiff was arrogant, disagreeable, uncooperative, intimidating, overbearing, self-righteous and unfriendly and that Plaintiff's behavior contributed to and was the direct and proximate cause of any stresses, disabilities or injuries that Plaintiff believes he sustained. (Doc. 31, 12:18-22).

Plaintiff has moved for an order striking the fifth affirmative defense from the answer and awarding sanctions against defendants' counsel.  (Doc. 32).  Plaintiff contends the fifth affirmative defense is an "insufficient defense" and a "scandalous matter" under Rule 12(f) and should therefore be stricken.

**A. Fifth affirmative defense.**

Plaintiff characterizes the fifth affirmative defense as contributory negligence and argues that it is insufficient because contributory negligence is not a defense to any of plaintiff's claims.  Defendants assert that the fifth affirmative defense merely describes plaintiff's behavior at KMC and alleges that plaintiff's own behavior caused at least some of the hostility in the work environment that plaintiff complains about.

**(a). Hostile work environment allegations.**

Plaintiff's complaint alleges that plaintiff worked in a "deteriorating" pathology department at KMC for nearly seven years, and that when he complained about it and other

- 3 -

issues, he was defamed, harassed, retaliated and discriminated against, demoted, and subjected to a hostile work environment. The complaint contains several allegations that plaintiff was damaged by a "hostile work environment" and "work hostility." These allegations are contained primarily in the first 152 paragraphs of the complaint, and are incorporated by reference into all of plaintiff's claims.

Plaintiff's complaint includes state law retaliation and discrimination claims wherein he alleges that he suffered a hostile work environment at KMC. For example, plaintiff alleges that after he was demoted from head of the pathology department to staff pathologist, he "continued to suffer a hostile work environment and retaliation." (Doc. 30, 9:13-14)(italics added). Plaintiff's whistleblower claim alleges that in February 2006, he reported his "various [c]oncerns, as well as the retaliation, defamation and hostile work environment [p]laintiff was experiencing at KMC." (Doc. 30, 13:13-15)(italics added). Plaintiff's discrimination claims alleges that he notified KMC in 2003 that "he suffered from depression due to work-related hostility and KMC's failure to resolve [p]laintiff's compliance and patient care issues" (Doc. 30, 28:18-19), and that by 2005, he "was suffering extreme stress from the hostile work environment created by the harassment, defamation, discrimination, and retaliatory actions of [d]efendants." (Doc. 30, 28:22-23. 29:1-2)(italics added). Plaintiff also alleges that defendants "willfully and intentionally creat[ed] a hostile work environment, subjecting him to acts of defamation and ratification thereof, demotion and excessive reduction in pay, disparate treatment, unwarranted criticism and reprimands, threats, requests for his resignation, interference with and denial of his right to medical leave, refusing to engage in good faith in an interactive process and denying him reasonable accommodations and procedural due process because of his protected characteristics and/or activities alleged herein." (Doc. 30, 33:5-11)(italics added).

**(b). The fifth affirmative defense is relevant to plaintiff's claims.**

Plaintiff's complaint alleges that he suffered a hostile work environment and seeks damages as a result under a variety of legal theories, including under FEHA. Non-sexual

harassment hostile environment claims are subject to the same hostile environment analysis applied to sexual harassment cases, i.e., whether the conduct was so severe and pervasive as to constitute a hostile work environment. See e.g., Muller v. Automotive Club of Southern California, 61 Cal. App. 4th 431, 446 (1998), disapproved on other grounds, Colmenares v. Braemar Country Club, Inc., 29 Cal. 4th 1019, 1031 (2003). Plaintiff's hostile work environment allegations bring into issue the totality of the circumstances of his work environment, which includes matters such as the conditions of plaintiff's work at KMC, the quality of his work relationships at KMC, his management of the pathology department, and the link between those matters and plaintiff's injuries. Each of these issues concerns defendants' and plaintiff's behavior at KMC. The fifth affirmative defense alleges that plaintiff's own behavior caused the problems he encountered at KMC.

The possibility that plaintiff's own behavior may have been the source of his problems at KMC is also illustrated by allegations in plaintiff's own complaint. For example, the complaint alleges that in February 2006, defendant Bryan sent a letter advising plaintiff that "your decision to confront the issues this way is not a good one....It is not your message that people react to but rather how you deliver it...." (Doc. 30, 21:10-19)(italics added).

**(c). Characterization of the fifth affirmative defense.**

Plaintiff reads the fifth affirmative defense narrowly and argues that it asserts only contributory negligence. The court is not persuaded by plaintiff's argument, because it is based on a faulty premise. The problem with plaintiff's premise is that it characterizes the fifth affirmative defense as exclusively contributory negligence and ignores the fact that it concerns other defenses as well. The substance of the fifth affirmative defense is that plaintiff's own misconduct created the situation that resulted in his injuries. An allegation that a party has acted inequitably or asserted a claim in bad faith gives rise to an unclean hands defense. An allegation that a party has sought to benefit from his own wrongdoing gives rise to an equitable estoppel. Both are apparent in the fifth affirmative defense. Given that the court is obliged to view the fifth

affirmative defense in the light most favorable to defendants and to resolve any doubt regarding the sufficiency or relevancy of the defense in defendants' favor, the court does not subscribe to plaintiff's narrow interpretation of the defense.

The fifth affirmative defense can be characterized as an assertion of an unclean hands defense which if proven, "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however inappropriate may have been the behavior of the defendant." Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814, 65 S.Ct. 993, 997 (1945). The fifth affirmative defense can also be characterized as an assertion of an equitable estoppel defense, which "precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertions of those rights contrary to equity." Aetna Casualty and Surety Company v. Jeppeson & Company, 440 F. Supp. 394, 403-404 (D. Nev. 1977)(internal quotation omitted); Metalclad Corp. v. Ventana Environmental Organizational Partnership, 109 Cal.App. 4th 1705, 1713 (2003)(citation omitted) .

Unclean hands and equitable estoppel are affirmative defenses under federal and state law, and their application is primarily a question of fact in each case. See Hass v. Darigold Dairy Products Co., 751 F.2d 1096, 1099 (9th Cir. 1985); Kendall-Jackson Winery, Ltd. v. Superior Court, 76 Cal.App. 4th 970, 978 (1999); City of Culver City v. State Board of Equalization, 29 Cal. App. 3d 404, 411(1972. The court has found no case law to suggest that the defenses of unclean hands and equitable estoppel are inapplicable in the context of at least some of plaintiff's claims, including the § 1983 claim.

Moreover, this action is in the early stages of discovery. It is possible that defendants may prove a set of facts in which plaintiff's behavior created the hostile work environment from which at least some of his damages arise. After viewing the fifth affirmative defense in the light most favorable to defendants and resolving any doubt regarding the sufficiency or relevancy of the defense in defendants' favor, the court is not convinced that there are no facts to support the

fifth affirmative defense or that under no set of circumstances could the defense succeed. Accordingly, the court concludes that the fifth affirmative defense is legally sufficient and that an order striking the defense is not warranted at this time. The motion to strike the defense on the ground that it is legally insufficient is denied without prejudice to plaintiff's right to seek the same relief after discovery and development of the evidence.

**B. Scandalous matter.**

Plaintiff contends the fifth affirmative defense is a scandalous matter and should be stricken because it alleges that plaintiff "was arrogant, disagreeable, uncooperative, intimidating, overbearing, self-righteous and unfriendly." Plaintiff contends these contentions assert offensive character defects and are a pretextual reason for defendants' wrongful conduct towards plaintiff.

The court has considered the content, nature, and context of the fifth affirmative defense. The defense describes plaintiff's alleged behavior during his employment at KMC, which if proven, is neither admirable nor cruelly derogatory. Plaintiff makes similar, if not harsher, statements regarding the behavior of defendant Roy, who is also KMC physician. For example, plaintiff alleges that in March 2006, he reported to KMC's chief executive officer that defendant Roy "has made outrageous false statements about the pathology department and myself, which cause great concern about his ethical integrity....I think it is outrageous that the medical staff sits by and lets this individual act in such a *pompous*, destructive manner. I feel a personal duty to the pathology department (and the hospital) to push the issue of his bad conduct in whatever venue may be needed to control the actions of this individual." (Doc. 30, 22:1-5)(italics added). Pompous is synonymous with overbearing. Thus, at least one of the words that plaintiff uses to describe a defendant's behavior is nearly identical to the word that plaintiff considers "scandalous" when it is used to describe his own behavior.

The court is not persuaded by plaintiff's argument. The fifth affirmative defense does not reflect cruelly on plaintiff's character, does not use repulsive language, and is not sufficiently derogatory or degrading to constitute a scandalous matter within the meaning of Rule 12 of the

Federal Rules of Civil Procedure. The motion to strike the defense as a scandalous matter is denied.

**3. Motion for Sanctions.**

Plaintiff requests that the court award sanctions against defendants' attorney because, according to plaintiff, there is no basis in law or fact to support the fifth affirmative defense. Fed. R. Civ. P. 11 (c ). As discussed above, the fifth affirmative defense is legally sufficient and will not be stricken at this time. The court concludes that defendants' attorney has not asserted a frivolous defense or falsely certified defendants' answer to the complaint, and the court is persuaded by Attorney Wasser's declaration that defendants have a good faith belief in the factual basis for the fifth affirmative defense. Sanctions are not warranted and plaintiff's request for sanctions is denied.

**ORDERS**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike the fifth affirmative defense is DENIED without prejudice, and plaintiff's request for sanctions is DENIED. (Doc. 32).

IT IS SO ORDERED.

Dated:  **October 23, 2007**               /s/ Theresa A. Goldner
                                        UNITED STATES MAGISTRATE JUDGE