IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O., | Case No. 1:07-cv-0026-OWW-TAG |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART  MOTION TO COMPEL PRODUCTION AND FURTHER RESPONSES |
| vs. | |
| COUNTY OF KERN, et al., | (Doc. 82) |
| Defendants. | |
| _____/ | |

        Plaintiff David F. Jadwin, D.O. moved to compel responses to his request for production

of documents (set one) directed to Defendant County of Kern.  (Doc. 82).  Defendant opposed

the motion, contending in essence that it has either produced or is prepared to produce all

documents to which Plaintiff is entitled.  Counsel for the parties were unable to agree upon a

joint statement regarding their discovery disagreements.  Both counsel filed separate declarations

explaining why they were not able to reach an agreement, and attached to their declarations

exhibits outlining their positions, including copies of various emails, letters, draft documents,

and the like.  (Docs. 83, 84).  At the hearing on the motion, both counsel stipulated to several of

the issues in dispute, and the Court directed them to file a written stipulation with a

corresponding proposed order for the Court's consideration.  (Doc. 85).  Once the hearing

concluded, counsel were unable to agree upon a written stipulation. (Docs. 86, 87, 88).

The Court has read and considered the pleadings and the arguments and stipulations of counsel made at the hearing on the motion to compel, and makes the following ruling.

**A.    Discovery Overview**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible," United States v. Proctor & Gamble, 356 U.S. 677, 683, 78 S. Ct. 983 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385 (1947).

Fed.R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant  information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

**B.    Request for Production of Documents Standards**

Fed. R. Civ. P. 34(b) requires a written response to a request for production to state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.  A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control"  on the date specified in the request.  Fed. R, Civ. P. 34(a); Norman Rockwell Int'l. Corp.  H, Wolfe Iron & Metal Co., 576 F. Supp. 511, 512 (W.D. Pa. 1983).   The propounding party may seek an order for further disclosure regarding "any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection requested." Fed. R. Civ. P. 34(b).  Failure to respond to a Rule 34 request

within the time permitted waives all objections, including privilege and work product."

Richmark Corp. v. Timber Falling Consultants, 959 F. 2d 1468, 1473 (9th Cir. 1992).

**C.    Peer Review Privilege**

The majority of Defendants' objections assert a state law peer-review privilege. Defendants fail to cite to a specific statute in their written objections, but reported at the hearing on the motion that the peer review privilege is contained in California Evidence Code §§ 1047, 1157.  Except as otherwise provided by federal law, privileges in federal cases are governed by federal common law.  Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562, 109 S. Ct. 2619 (1989).  The peer review privilege has been addressed and rejected by the Ninth Circuit.  In Agster v. Maricopa County, 422 F. 3d 836 (9th Cir. 2005), the Ninth Circuit refused to recognize the peer review privilege.  422 F. 3d at 839-840.  Here, Defendants have asserted a state law peer review privilege.  However, "[w]here there are federal question claims and pendent state law claims present, the federal law of privilege applies."  Agster, 422 F.3d at 840-841(citations omitted); Jackson v. County of Sacramento, 175 F.R.D. 653, 654 (E.D. Cal. 1997); Burrows v. Redbud Community Hospital District, 187 F.R.D. 606, 610-611 (N.D. Cal. 1998).  Defendants contend that state privilege law applies to Plaintiff's state law claims and not to his federal claims. Platypus Wear, Inc. v. R.D. Company, Inc., 905 F. Supp. 808 (N.D.CAL. 1995). Platypus is distinguishable from this case, because it was a diversity case that involved various state law claims and a single federal claim where the evidence sought went only to state law theories of liability and the plaintiff advanced no theory under which the evidence could be relevant to the federal claim. Here, Plaintiff has several federal claims as well as state law claims, and the evidence sought, which spans Plaintiff's career at the Kern Medical Center, is relevant to both his federal and state claims.  "[W]here state law claims overlap with federal claims in a federal question case such that particular documents are relevant to both the state and the federal claims, federal privilege law also applies."  Boyd v. City and County of San Francisco, 2006 WL 1390423 * 3 (N.D. Cal. 2006)(citing Wm. T. Thompson Co. v. General Nutrition Corp., Inc., 671

1  F.2d 100, 104 (3rd Cir. 1992)(additional citation omitted)). The Court concludes that federal

2  privilege law applies, and the state law peer review privilege has no application in this case.

3  **D.  HIPAA**

4      The majority of Defendants' objections also contend that the requested documents are

5  protected from disclosure under HIPAA.  Defendants fail to cite a specific code section in their

6  written responses.  HIPAA refers to the Health Insurance Portability and Accountability Act of

7  1996.  Pub.L. No. 104-191, 110 Stat. 1936 (1936)(codified primarily in Titles 18, 26, and 42 of

8  the United States Code).  Under HIPAA, a health care provider such as Defendant Kern Medical

9  Center, may disclose protected patient health information pursuant to a court order, subpoena, or

10  discovery request when the health care provider receives satisfactory assurance from the party

11  seeking the information that reasonable  efforts have been made to obtain a qualified protective

12  order that: 1) prohibits the parties from using or disclosing the protected health information for

13  any purpose other than the subject litigation; and 2) requires the return to the healthcare provider

14  or destruction of the protected health information (including all copies made) at the end of the

15  litigation.  See Allen v. Woodford, 2007 WL 309485, *5 (E.D. Cal. 2007).  Here, the Court is not

16  satisfied that Defendants received HIPAA assurances from Plaintiff prior to the hearing on the

17  motion,  and the record reflects that no  stipulation for a protective order has ben filed.  (See

18  Docket generally).   Accordingly, Defendants' objections to disclosure based on HIPAA are well-

19  taken as to documents that contain protected patient health information.

20  **E.   Right of Privacy**

21      Fed. R. Civ. P. 26(b) excludes privileged matters from discovery.  Federal courts

22  generally recognize a constitutionally-based right of privacy that may be asserted  response to

23  discovery requests.  Johnson ex rel. Johnson v. Thompson, 971 F. 2d 1487, 1497 (9th Cir. 1992);

24  Megargee v. Wittman, 2007 WL *2 (E.D.Cal. 2007)(citations omitted).  "Although the right to

25  privacy is not a recognized privilege, many courts have considered it in discovery disputes."

26  Ragge v. MCA.Universal Studios, 165 F. R.D. 601, 604, n. 3 (C.D.Cal. 1995)(citation omitted).

27

28                                  - 4 -

1    The right of privacy is not an absolute bar to discovery.  Instead, it is subject to a balancing test

2    that requires courts to balance the need for privacy against the need for disclosure in litigation.

3    Ragge, 165 F. R.D. at 604 (C.D.Cal. 1995).  Here, nearly all of Defendants' discovery responses

4    assert a "confidential personnel privilege" without citing a specific source of law for the

5    privilege.  At the hearing on the motion, Defendants' counsel relied on California Evidence Code

6    §§ 1040 and 1157 as the source of this privilege.

7         To the extent that Defendants assert a "confidential personnel privilege" as a state law

8    privilege, it is inapplicable for the same reasons that the state law peer review privilege is

9    inapplicable: state law privileges have no application in federal question cases.  Agster, 433 F. 3d

10   at 838-839.   However,  given the nature of documents requested and the reasons given for

11   objecting to their disclosure, the Court construes the assertion of this privilege as also raising a

12   right of privacy.  Accordingly, the Court will apply the requisite balancing test in determining

13   whether the need for disclosure outweighs the privacy issues, and will also consider whether

14   additional orders are necessary to protect a party or person from annoyance, embarrassment,

15   oppression, or under expense in connection with any disclosure that may be ordered as to such

16   documents.

17   **F.     Privilege Log**

18        A concomitant requirement with a claim of privilege is an adequate privilege log.

19   Fed. R. Civ. P. 26 provides in relevant part that:

20            When a party withholds information otherwise discoverable under these
         rules by claiming it is privileged or subject to protections as trial preparation
21       material , the party shall make the claim expressly and shall describe the nature of
         the documents, communications or things not produced or disclosed in a manner
22       that, without revealing information itself privileged or protected, will enable other
         parties to assess the applicability of the privilege or protection.

23        Fed. R. Civ. P. 26(b)(5) requires parties to provide a log or its equivalent when they

24   withhold information on grounds of privilege or work product protection.  Etienne v. Wolverine

25   Tube, Inc., 185 F.R.D. 653, 656 (D. Kansas 1999).  The Ninth Circuit has held that an adequate

26   privilege log  identifies 1) the persons involved; 2) the nature of the document; 3) all persons or

27

28                                          - 5 -

1  entities shown on the documents to have received or sent the documents; 4) all persons or entities

2  known to have been furnished the document or informed of its substance;  and 5) the date the

3  document was generated, prepared, or dated.  In re Grand Jury Investigation, 974 F. 2d 1068,

4  1071 (9th Cir. 1992).

5      Here, Defendants produced a privilege log, which Plaintiff asserts is inadequate for two

6  reasons.  First, because it is not sufficiently specific.  Second, because it pertains only to the first

7  installment of a two-phased document production.  Defendants contend that Plaintiff's requests

8  for production relate to approximately 30,000 pages of documents, and that due to the large

9  number of documents, they agreed to produce them in two installments.  Defendants produced

10  the first installment, along with a privilege log that they contend is adequate. Defendants contend

11  that they were in the process of producing the second installment of documents, with a separate

12  privilege log as to those documents, when the instant discovery dispute arose over copying costs

13  and other issues.  At the time of the motion hearing, the second installment of documents had not

14  been produced.

15      The Court has considered the first privilege log, and at the motion hearing, ordered

16  Defendants to amend the log to provide additional information.  Given the nature of the

17  documents on the log and the Court's orders made at the hearing, the Court declines to find a

18  waiver of privilege.

19      The Court next addresses the timing of the privilege log. Fed. R. Civ. P. 25(b)(5) requires

20  the party asserting privilege to adequately describe the documents withheld, but it does not

21  specify when the required description must be provided.  Jackson v. County of Sacramento, 175

22  F.R.D. 653, 655 (E.D. Cal. 1997).  In Burlington Northern & Sante Fe Railway Co. v. United

23  States District Court for the District of Montana, 408 F. 3d 1142 (9th Cir. 2005), the Ninth

24  Circuit held that "boilerplate objections or blanket refusals inserted into a response to a Rule 34

25  request for productions of documents are insufficient to assert a privilege." Id. at 1149.

26  The Court also held that failure to serve a privilege log within 30 days was not a per se waiver ,

27

28                          - 6 -

1   and directed courts to make waiver determinations on a case-by-case basis, taking into account:

2   1) the relative specificity of the objection or assertion of privilege; 2) the timeliness of the

3   objection and accompanying information about the withheld documents; 3) the magnitude of the

4   document production; and 4) other particular circumstances of the litigation that make

5   responding to discovery unusually easy or unusually hard.  Id. at 1149.  The Ninth Circuit also

6   cautioned that the above factors should also be applied "in the context of a holistic realistic

7   analysis."  Id.

8          The Court has considered the Burlington factors, and the circumstances surrounding the

9   submission of Defendants' privilege log.  Defendants' objections were timely, but essentially

10  boilerplate.   Defendants did not produce a privilege log when they objected to the discovery

11  requests, but submitted one when they produced the first installment of documents.  Defendants

12  produced documents in response to Plaintiff's request, but did not produce them all at once.

13  Instead, as discussed, Defendants proceeded in accordance with what Defendants' counsel

14  believed was an agreement between him and Plaintiff's counsel.  Although the precise details of

15  the agreement are difficult to divine from the declarations and their approximately 200 pages of

16  attachments, a task that is made more difficult by the absence of a joint statement regarding this

17  discovery dispute, the Court concludes there was an agreement that the document production

18  would be accomplished in at least two installments.  Considering the timing dispute in the

19  context of a holistic realistic analysis, the Court concludes that the date of service of the first

20  privilege log and the fact that it addressed only the first installment of documents, does not

21  warrant a privilege waiver as to either the items on the log or as to documents to be produced in

22  the second installment. However, with respect to the latter, Defendants will be  compelled to

23  provide an adequate log or face waiving privilege.

24  **G.     Reproduction Costs**

25         A dispute has arisen over the cost to reproduce documents produced in discovery.

26  Plaintiff contends that Defendants refused to produce documents he requested to inspect, until he

27

28                                              - 7 -

reimbursed them for reproduction costs.  He contends that he is not required to pay for the cost to

reproduce the documents and that Defendants cannot unilaterally condition their production upon

payment of such costs.  Defendants contend that the substantive and temporal scope of Plaintiff's

document requests are unnecessarily broad, and require production of at least 30,000 pages of

documents, many of which have marginal or no relevance to this case.  By way of example,

Defendants report that Plaintiff's Document Request No. 57 seeks approximately

11, 000 pages of blood product chart copy records that relate to blood products delivered to

patients, that Plaintiff contends has no relation to any issue in this case.  Plaintiff's first

production of documents consisted of approximately 12,000 pages.  Defendants served their first

installment of documents on Plaintiff in the form of electronic files copied on CDs.  At first,

Defendants demanded that Plaintiff  pay $10,000 for reproduction costs, and later reduced that

amount to $2, 932.00

      Federal Rule of Civil Procedure 26(b)(1) defines the general scope of discovery, and

provides in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense ... ."  Rule 26(b)(2) limits the frequency and extent

of discovery, providing in relevant part that:

> On motion or on its own, the court must limit the frequency or extent of discovery
> otherwise allowed by these rules of by local rule if it determines that: . . . (iii) the
> burden or expense of the proposed discovery outweighs its likely benefit,
> considering the needs of  the case, the amount in controversy, the parties'
> resources, the importance of the issues at stake in the action, and the importance
> of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).  Under the discovery rules, "the presumption is that the responding

party must bear the expense of complying with discovery requests, but may involve the district

court's discretion under Rule 26(c) to grant protective orders protecting him from 'undue burden

or expense' in doing so, including orders conditioning discovery on the requesting party's

payment of the costs of discovery."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358, 98

S.Ct. 2380 (1978); Zubalake v. UBS Warburg LLC, 217 F.R.D. 309 (S.D. N.Y. 2003); OpenTV

v. Liberate Technologies, 219 F.R.D. 474, 476 (N.D.Cal. 2003). Cost-shifting should only be ordered when discovery imposes an "undue burden or expense" that outweighs the likely benefits of the discovery and after consideration of all relevant factors.

Here, Defendants have not sought a protective order. Defendants have not provided any case authority to support its position or an analysis of the factors to be considered in determining whether cost-shifting is appropriate, other than contending that the many of the documents requested by Plaintiff have little or no relevance to this case and the cost of their production outweighs any likely benefit. At the hearing on the motion, the parties stipulated to resolve the dispute as to responsive documents that were copied onto a CD but not delivered to Plaintiff, agreeing that Plaintiff will pay Defendants' counsel the sum of $2, 932, and that Defendants' counsel will reimburse Plaintiff at the rate of 14 cents per page for any duplicate documents contained on the CD. The Court accepts the parties' stipulation and makes it an order of the Court. As to the remaining documents requested by Plaintiff, the Court concludes that they do not impose a benefit on Defendants that is sufficient to warrant cost-shifting at this time.

**H.   Defendants' Supplemental Responses**

On October 11, 2007, Plaintiff served his request for production of documents on Defendants. Defendants' written responses were due by November 12, 2007 and their production of documents was due by November 16, 2007. Plaintiff and Defendants initially agreed to extend the deadline for responses to November 20, 2007 as to some of the requests, and later dates as to others. They also agreed to extend the deadline for production of documents to December 21, 2007. On November 20, 2007, Defendants served timely written responses. On December 14, 2007, Plaintiff agreed to extend the time for responses to December 21, 2007. On December 19, 2007, Defendants served supplemental responses to the requests for production. The supplemental responses included additional objections and assertions of privilege, that were not contained in Defendants ' initial responses. In light of the parties' agreement to extend the time for responses to December 21, 2007, the supplemental responses

were timely and the objections and assertions of privileges therein will be considered by the

Court. (Doc. 83, pp. 103-169).

**I.      Requests for Production**

The Court summarizes Plaintiff's document requests and Defendants' responses, and

rules on each request as follows.

Request No. 11

Documents related to Kern Medical Center personnel directories or lists maintained

during Plaintiff's employment with Kern Medical Center.

Defendants' Response:

Defendants will produce all nonprivileged documents, redact privileged information, and

produce the documents subject to receipt of reimbursement for reproduction costs.

Ruling:

The motion to compel is GRANTED as to this request.  Defendants' assertion of

privilege lacks specificity.  At the hearing on the motion, both counsel agreed that home

addresses would be redacted.  If they have not already done so, Defendants shall produce the

documents for Plaintiff's inspection and copying, within 10 days from the date of this order.

After inspecting the documents, Plaintiff shall decide what documents he wants copied, and pay

his own reproduction costs.

Request Nos. 12-14, 15

No. 12:  Documents related to personnel policies, guidelines, fact sheets, posters,

employee and/or employer handbooks, training materials, and employee and/or employer

manuals that governed  Plaintiff's terms and conditions of employment at any time during the

period from October 1, 2000 to October 4, 2007.

No. 13:  Documents related to personnel policies, guidelines, fact sheets, posters,

employee and/or employer handbooks, training materials, and employee and/or employer

manuals that were distributed or made available to employees ,whether management or non-

1  management, from October 2000 to the present and the date of such asserted distribution.

2       No. 14:   Documents related to peer review, quality management and quality assurance

3  policies and procedures at Kern Medical Center, including but not limited to Kern Medical

4  Center's Quality Management and Performance Improvement Plan, from October 24, 2000 to the

5  present, and the effective dates.

6       No. 15:  Documents related to any training provided to officers, directors, agents or

7  employees on the following subjects: a) disability discrimination, b) accommodation of an

8  employee's disability, c) the interactive process regarding accommodation of an employee's

9  disability; d) medical leave rights; e) whistleblower retaliation, f) medical leave retaliation,

10  g) due process required for demotion; h) due process required for pay cut, i) due process required

11  for termination of employment,  j)  defamation, and k) Fair Labor Standards Act.

12       Defendants' Response:

13       Defendants agreed to produce redacted documents, subject to objections that the requests

14  seek documents that contain confidential  personnel information, are protected from disclosure

15  by HIPAA and the peer review, personnel, and attorney-client privileges, and subject to

16  reimbursement of reproduction costs.

17       Ruling:

18       The motion to compel is GRANTED in part and DENIED in part as to these requests.

19  The peer review and personnel privileges are not applicable.  Defendants' assertion of HIPAA

20  protection and the attorney-client privilege is appropriate. To the extent that Defendants assert a

21  right to privacy, the balancing test weighs in favor of limited disclosure and a protective order.

22  Defendants shall redact all HIPAA information from the documents.  Defendants shall produce

23  the documents, excluding those that are subject to the attorney-client privilege.  Defendants shall

24  also provide a detailed privilege log as required by Fed. R.Civ.P. 26(b)(5).  The documents shall

25  be produced for Plaintiff's inspection and copying, and the privilege log shall be provided to him,

26  within 20 days from the date of this order.  After inspecting the documents, Plaintiff shall decide

27

28                                          - 11 -

what documents he wants copied, and pay his own reproduction costs.

Request No. 17

Documents relating to the search, recruitment, application, interviewing, and hiring process that resulted in Plaintiff's employment.

Defendants' Response:

Defendants agreed to produce documents, subject to redaction and objections that the request seeks documents containing confidential personnel information, documents protected from disclosure by HIPAA and the peer review, personnel, and attorney-client privileges. Defendants agreed to produce the documents without waiving their objections, upon reimbursement of reproduction costs.

Ruling:

The motion to compel is GRANTED in part and DENIED in part as to this request. The peer review and personnel privileges are inapplicable. Defendants' assertion of HIPAA protection and the attorney-client privilege is appropriate.  To the extent that Defendants' assertion of a right of privacy to personnel information of candidates is subject to a balancing test, it weighs in favor of limited disclosure and a protective order.  Defendants shall redact from the documents all HIPAA information and all personal identifying information of candidates other than Plaintiff.  Defendants shall produce the documents, excluding those that are subject to the attorney-client privilege, and also excluding  all letters of reference for candidates other than Plaintiff  and all substantive evaluations of candidates other than Plaintiff.  Defendants shall also provide a detailed privilege log for those documents that are withheld for the attorney-client privilege.  The documents and the privilege log shall be produced within 20 days from the date of this order.  Plaintiff shall inspect the documents, decide what he wants copied, and pay his own reproduction costs.

Requests Nos. 23-24

No. 23:  Documents relating to Dr. Phillip Dutt's time sheets, from April 20, 2005 to the

present.

No. 24: Documents relating to Dr. Savita Shertukde's time sheets, from January 4, 2005 to present.

Defendants' Response:

Defendants agreed to produce documents redacted for privileged information, subject to reimbursement for reproduction costs.

Ruling:

The motion to compel is GRANTED as to these requests. The responses fails to specify the asserted privilege. Defendants shall produce the documents for Plaintiff's inspection and copying within 10 days from the date of this order. Plaintiff shall inspect the documents, decide what he wants copied, and pay his own reproduction costs.

Request No. 25

_____Documents relating to performance reviews, comments, complaints, warnings, reprimands, counseling, advisory notices or evaluations of Plaintiff's performance of his job duties throughout his employment, whether formal or informal.

Defendants' Response:

Defendants objected to this request on the ground that it seeks documents containing information protected by the attorney-client privilege. Without waiving the objection, Defendants agreed to produce the documents, subject to redaction and reimbursement of reproduction costs.

Ruling:

The motion to compel is GRANTED in part and DENIED in part as to this request. Defendants' assertion of the attorney-client privilege is appropriate. Defendants shall produce the documents, excluding those that are subject to the attorney-client privilege. Defendants shall also provide a detailed privilege log. The documents shall be produced for Plaintiff's inspection and copying, and the privilege log shall be provided to him, within 20 days from the date of this

order.  After inspecting the documents, Plaintiff shall decide what documents he wants copied,

and pay his own reproduction costs.

Request No.  26

Documents maintained by Plaintiff  at Kern Medical Center during his employment there,

including e-mails, Groupwise calendars, memoranda, written materials, and computer files,

stored on Plaintiff's computer at Kern Medical Center.

Defendants' Response:

Defendants objected to producing documents containing confidential personnel

information, documents protected from disclosure by HIPAA, and the peer review, personnel,

and attorney-client privileges.  Groupwise calendar information was deleted as part of a routine

90-day software cycling sweep.  Defendants agreed to produce redacted material that was

archived by December 21, 2007, provided that Plaintiff pay the reproduction costs.

Ruling:

The motion to compel is GRANTED as to this request.  At the hearing on the motion,

Defendants' counsel reported that Defendants do not object to this request and will produce the

documents requested.  If  Defendants have not already done so, they shall produce the documents

for Plaintiff's inspection and copying within 10 days from the date of this order.  Plaintiff shall

decide what documents he wants copied, and pay his reproduction costs.

Request No. 27

Documents relating to any meetings relating to Plaintiff or his employment at Kern

Medical Center.

Defendants' Response:

Defendants objected to this request on the ground that it seeks documents protected from

disclosure by the attorney-client privilege.  Without waiving their objection, Defendants agreed

to produce nonprivileged documents, subject to redaction and reimbursement of reproduction

costs

- 14 -

1    Ruling:

2         The motion to compel is GRANTED in part and DENIED in part as to these requests.

3    Defendants' assertion of the attorney-client privilege is appropriate. Defendants shall redact all

4    HIPAA information from the documents.  Defendants shall produce the documents, excluding

5    those that are subject to the attorney-client privilege.  Defendants shall also provide a detailed

6    privilege log.  The documents shall be produced for Plaintiff's inspection and copying, and the

7    privilege log shall be provided to him, within 20 days from the date of this order.  After

8    inspecting the documents, Plaintiff shall decide what documents he wants copied, and pay his

9    own reproduction costs.

10   Request No. 28:

11        Documents relating to performance reviews, comments, complaints, warnings,

12   reprimands, counseling, advisory notices or evaluations of the Kern Medical Center Pathology

13   Department, whether formal or informal, from October 24, 1995 to the present.

14        Defendants' Response:

15        Defendants objected to this request , contending that it seeks documents that contain

16   confidential personnel information, and that are protected from disclosure by HIPAA and the

17   peer review, personnel, and attorney-client privileges.  Without waiving their objections,

18   Defendants agreed to produce redacted documents subject to reimbursement of reproduction

19   costs.

20        Ruling:

21        The motion to compel is GRANTED in part and DENIED in part as to this request.   The

22   peer review and personnel privileges are inapplicable. Defendant's assertion of HIPAA

23   protection and the attorney-client privilege is appropriate.  To the extent that Defendants'

24   assertion of a right of privacy is subject to a balancing test, it weighs in favor of a protective

25   order.  Defendants shall redact from the documents all  HIPAA information.  Defendants shall

26   produce the documents, excluding those that are subject to the attorney-client privilege.

27

28                                    - 15 -

Defendants shall also produce a detailed privilege log for the documents that are withheld for the attorney-client privilege.  The documents shall be produced for Plaintiff's inspection and copying, and the privilege log provided to him,  within 20 days from the date of this order.  Plaintiff shall inspect the documents, decide what he wants copied, and pay his own reproduction costs.

Request Nos. 29-30

No. 29:  Documents relating to Plaintiff's complaints of  a) disability discrimination, b) failure to accommodate, c) failure to engage in an interactive process, d) violation of medical leave rights; e) whistleblower retaliation, f) medical leave retaliation, g) deprivation of property without due process , h) defamations, and  i) Fair Labor Standards Act.

No. 30: Documents relating to investigation of Plaintiff 's complaints of  disability discrimination,  failure to accommodate, failure to engage in an interactive process, violation of medical leave rights; whistleblower retaliation, medical leave retaliation, defamation, and/or deprivation of property without due process

Defendants' Response:

Defendants objected to Request Nos. 29 on the ground that it requests documents containing information protected by the attorney-client privilege, and agreed to produce the documents, subject to redaction of "confidential peer review and personnel information" and reimbursement for reproduction costs.

Ruling:

The motion to compel is GRANTED in part and DENIED in part as to these requests.  Defendants' assertion of the attorney-client privilege is appropriate. The peer review privilege is inapplicable.  The Court construes Defendants' "confidential personnel information" objection to assert the personnel privilege, and finds the privilege inapplicable.  To the extent that Defendants' assertion of a right of privacy to personnel information is subject to a balancing test, it weighs in favor of a protective order.  Defendants shall produce the documents, excluding

- 16 -

those that are subject to the attorney-client privilege.  Defendants shall also provide a detailed

privilege log for the documents that are withheld for the attorney-client privilege.  Defendants

shall produce the documents for Plaintiff's inspection and copying, and provide the privilege log,

within 20 days from the date of this order.  Plaintiff shall inspect the documents, decide what he

wants copied, and pay for his reproduction costs.

Request Nos. 32-33

       No. 32:  Documents relating to your discipline of any employee against whom a

complaint or grievance of discrimination, harassment, defamation, retaliation, failure to

accommodate, and/or failure to engage in an interactive process in their employment  was made

from October 24, 2000 to date.

       No. 33: Documents relating to complaints or grievances made by Defendants' past or

present employees against Defendants for defamation, retaliation, disability discrimination,

failure to accommodate, and/or failure to engage in an interactive process, including, but not

limited to information or internal complaints, grievances or charges to any state or federal

agency, and complaints filed in any state or federal court from October 24, 2004 to date.

        Defendants' Response:

       Defendants objected on the grounds that these requests seek documents containing

confidential personnel information and are not reasonably calculated to lead to the discovery of

admissible evidence.  Defendants also contend that Request No. 33 is vague as to the phrase

"informal or internal", and overbroad and  burdensome because Defendant County of Kern

employees thousand employees.

       Ruling:

       At the hearing on the motion, Plaintiff's counsel proposed to limit this Request No. 33 to

"complaints or grievances made by past or present core physicians at Kern Medical Center for

defamation, retaliation, disability discrimination, failure to accommodate, and/or failure to

engage in an interactive process, including but not limited to any informal or internal complaints,

- 17 -

grievances or charges to any state or federal agency, and complaints filed in any state or federal court from October 24, 2000 to date."   The term "core physicians" means physicians at Kern Medical Center who are under contract.  Based on that limitation, Defendants' counsel agreed to produce the documents as to "core physicians" in response to Requests Nos. 32 and 33.

The motion to compel is GRANTED as to the limitation to "core physicians" at Kern Medical Center for Requests Nos. 32 and 33, and is DENIED as to employees other than core physicians at Kern Medical Center.  To the extent that Defendants' assertion of a right of privacy is subject to a balancing test, it weighs in favor of limited disclosure and a protective order. Defendants shall redact from the documents all HIPAA information and all personal identifying information as to core physicians at Kern Medical Center other than Plaintiff.  Defendants shall produce the documents, excluding those that are subject to the attorney-client privilege. Defendants shall also produce a detailed privilege log for those documents that are withheld for the attorney-client privilege. The documents shall be produced for Plaintiff's inspection and copying, and the privilege log provided to him, within 20 days from the date of this order. Plaintiff shall decide what documents he wants copied, and pay for his own reproduction costs.

Request No. 34:

Documents related to complaints or grievances made by Plaintiff.

Defendants' Response:

Defendants produced documents in response to this request, and indicated they will confirm this or produce any additional documents subject to receipt of reproduction costs.

Ruling:

The motion to compel is DENIED as to this request.

Request Nos. 36-39, 41

No. 36: Documents relating to Defendants' search for, recruitment of, and evaluation of candidates for the position of staff pathologist at Kern Medical Center from January 1, 2006 to the present.

- 18 -

No. 37: Documents relating to Defendants' search for, recruitment of, and evaluation of candidates for the position of Chair or Chief of Pathology at Kern Medical Center from January 1, 2006 to the present.

No. 38: Documents relating to Defendants' search for, recruitment of, and evaluation of candidates for the position of locum tenens pathologist at Kern Medical Center from January 1, 2006 to the present.

No. 39: Documents relating to Defendants' search for, recruitment of, and evaluation of candidates for the position of Chair of Chief of OB-GYN at Kern Medical Center during the period from January 1, 2006 to present.

No. 41: Documents relating to Defendants' search for, recruitment, of and evaluation of candidates for the position of Chair or Chief of Medicine at Kern Medical Center during the period from October 24, 2000 to present.

Defendants' Responses:

Defendants objected to these requests on the ground that they seek documents containing confidential personnel information that is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also objected based on HIPAA, and asserted the peer review, personnel, and attorney-client privileges.

Ruling:

The motion to compel is GRANTED in part and DENIED in part as to these requests.  The peer review and personnel privileges are inapplicable, and the relevancy objection is overruled.  Defendants' assertion of the attorney-client privilege is appropriate.  To the extent that Defendants' assertion of a right of privacy to personnel information of candidates other than Plaintiff is subject to a balancing test, it weighs in favor of limited disclosure and a protective order.  Defendants shall redact from the documents all HIPAA information and all personal identifying information of candidates other than Plaintiff.  Defendants shall produce the documents, excluding those that are subject to the attorney-client privilege, and also excluding

letters of reference for candidates other than Plaintiff and substantive evaluations of candidates other than Plaintiff. Defendants shall also produce a detailed privilege log for those documents that are withheld for the attorney-client privilege. The documents shall be produced for Plaintiff's inspection and copying, and the privilege log provided to him. within 20 days from the date of this order. Plaintiff shall inspect the documents, decide what he wants copied, and pay for his own reproduction costs.

Request No. 40

Documents relating to the removal of Dr. Royce Johnson from the position of Chair or Chief of Medicine at Kern Medical Center.

Defendants' Response:

Defendants objected on the ground that the requests seeks documents containing confidential personnel information that is not relevant to any issues in the case and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to disclosure based on HIPAA, and the peer review and attorney-client privileges.

Ruling:

At the hearing on this motion, Defendants' counsel withdrew the objections to this request and agreed to produce the documents, without 1) waiving the personnel privilege or privacy claims as to other persons, and 2) reserving the right to object to their admissibility at trial. Accordingly, the motion to compel is GRANTED in part and DENIED in part as follows: Defendants shall produce the documents pertaining to the removal of Dr. Royce Johnson as the Chair or Chief of Medicine at Kern Medical Center for Plaintiff's inspection, but it shall be subject to a protective order. Defendants shall not produce documents that are subject to the attorney-client privilege and provide a detailed privilege log. The documents shall be produced for Plaintiff's inspection and copying, and the privilege log provided to him, within 20 days from the date of this order. Plaintiff shall inspect the documents, decide what he wants copied, and pay for his own reproduction costs.

Request Nos. 42-43

No. 42:  Documents relating to Plaintiff's presentations made at the Kern Medical Center oncology conference in May 2005, including but not limited to participant evaluation forms,.

No. 43: Documents relating to Plaintiff's presentations made at the Kern Medical Center oncology conference on or about October 12, 2005.

Defendants' Response:

Defendants objected to these requests on the grounds that they seek documents that contain certain confidential personnel information that is not relevant to any issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object to this request to the extent that it requests information protected by HIPAA , and the peer review and attorney-client privileges.   Defendants agreed to produce non-privileged documents and to redact any privileged information.

Ruling:

The motion to compel is GRANTED in part and DENIED in part as to these requests. The peer review and personnel privileges are inapplicable. The assertion of the attorney-client privilege is appropriate. Defendants shall redact and produce the nonprivileged documents and provide a detailed privilege log, within 20 days from the date of this order.  Plaintiff shall inspect the documents, decide what he wants copied, and pay the reproduction costs.

Request No. 45

Documents relating to packets containing information about Plaintiff which Peter Bryan collected at the end of Kern Medical Center's Joint Conference Committee discussion and vote on removal of Plaintiff from Chair of Pathology on July 10, 2006.

Defendants' Response:

Defendants asserted the peer review, attorney-client, and confidential personnel privilege.  Without waiving these objections, Defendants agreed to produce the documents subject to reimbursement of reproduction costs.

1    Ruling:

2        The motion to compel is GRANTED in part and DENIED in part as to this request.  The

3    peer review and personnel privileges are inapplicable. Defendants' assertion of the attorney-

4    client privilege is appropriate.  To the extent that Defendants' assertion of the right of privacy to

5    personnel information is subject to a balancing test, it weighs in favor of a protective order.  If

6    they have not already done so, Defendants are required to redact and produce the nonprivileged

7    documents and a detailed privilege log, within ten days from the date of this order.  Plaintiff shall

8    inspect the documents, decide what he wants copied, and pay his own reproduction  costs.

9    Request Nos. 51 and 54

10       No. 51:  Documents relating to Kern Medical Center's Disruptive Physician Policy,

11   including but not limited to Bylaw Committee meeting minutes.

12       No. 54:  Documents relating to statistics relating to patient fatalities at Kern Medical

13   Center from October 24, 2000 to the present.

14       Defendant's Response:

15       Defendants objected to Request No. 51 on the ground that it is vague, seeks documents

16   that contain confidential personnel information and documents protected from disclosure by

17   HIPAA and the peer review, personnel, and attorney-client privileges. Except for the vagueness

18   objection, Defendants made the same objections as to Request No. 54.  Additionally, Defendants

19   objected to No. 54 on the ground that it is not relevant to any issues in this case and is not

20   reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these

21   objections, Defendants agreed to produce documents in response to these requests, subject to

22   redaction of peer review and personnel information, and reimbursement for copy costs.

23       Ruling:

24        At the hearing on the motion, Defendants withdrew Request No. 54.  The motion to

25   compel is GRANTED in part and DENIED in part as to Request No. 51.  The peer review and

26   personnel privileges are inapplicable.  Defendants' assertion of the attorney-client privilege is

27

28                                        - 22 -

appropriate.  To the extent that Defendants' assertion of a right of privacy of personnel

information is subject to a balancing test, it weighs in favor of a protective order.  As to Request

No. 51, Defendants shall redact from the documents all HIPAA information.  Defendants shall

produce the documents, excluding those that are subject to the attorney-client privilege.

Defendant shall produce a detailed privilege log for the documents that are withheld for the

attorney-client privilege.  The documents and the privilege log shall be produced within 20 days

from the date of this order.  Plaintiff shall inspect the documents, decide what he wants copied,

and pay his own reproduction costs.

Request No. 55

       Documents relating to the review of Kern Medical Center's placental evaluations and

billing activity as conducted by outside consultants, including but not limited to ProPay Physician

Services,  L.L.C. from October 24, 2000 to the present.

       Defendants' Response:

       Defendants objected to this request on the ground that it seeks documents that contain

confidential personnel information that is not  relevant to any issue in this case and is not

reasonably calculated to lead to the discovery of admissible evidence.  Defendants also contend

that it requests information protected from disclosure by HIPAA and the peer-review, personnel,

and attorney-client privileges.

       Ruling:

       At the hearing on this motion, Plaintiff  narrowed his request to "documents relating to

Kern Medical Center's review of Plaintiff's placental evaluations and billing activity as conducted

by outside consultants, including, but not limited to, ProPay Physician Services, L.L.C. from

October 24, 200 to the present."  In response to that modification, Defendants withdrew their

objections, and agreed to produce the documents. There being no objections, Defendants are to

produce the documents for Plaintiff's inspection within 10 days after the date of this order.

Plaintiff shall inspect the documents, decide what he wants copied, and pay his own copy costs.

1    Request No. 56

2        Documents relating to blood bank monthly reports, including but not limited to reports

3    generated by Michelle Burris, from January 2006 to present.

4        Defendants' Response:

5        Defendants contend that this request seeks documents that contain confidential personnel

6    information that is not relevant to any issues in this case and is not reasonably calculated to lead to

7    the discovery of admissible evidence.  Defendants also contend that it requests information

8    protected from disclosure by HIPAA and the peer review, personnel, and attorney-client

9    privileges.

10       Ruling:

11        The motion to compel is DENIED as to this request.  The request seeks information that

12   is not reasonably calculated to lead to the discovery of relevant evidence.

13   Request No. 57

14       Documents relating to product chart copy-related quality assurance reports from October

15   24, 2000 to the present.

16       Defendants' Response:

17       Defendants contend that this request seeks documents that contain confidential personnel

18   information that is not relevant to any issues in this case and is not reasonably calculated to lead to

19   the discovery of admissible evidence.  Defendants also contend that the requests seek information

20   protected from disclosure by HIPAA and the peer review, personnel, and attorney-client

21   privileges.

22       Ruling:

23        At the hearing on this motion, Plaintiff's counsel represented that "it appears that we have

24   worked out a procedure whereby we will review it."  Accordingly, the motion is deemed

25   withdrawn as to this request.

26   ///

27

28                                    - 24 -

1    Request Nos. 58-60, 61

2          No. 58:  Documents relating to prostate needle biopsy reports produced by Dr. Elsa Ang

3    for which Plaintiff  had requested a look back study in October 2005.

4          No. 60:  Documents relating to Workplace Violence or Threat Incident Reports for all

5    Kern Medical Center personnel from October 24, 2000 to the present.

6          No. 61: Documents relating to Fine Needle Aspiration policies at Kern Medical Center

7    from October 24, 2000 to the present.

8          Defendants' Responses:

9          Defendants contend that these requests seek documents that contain confidential personnel

10   information that is not relevant to any issues in this case and is not reasonably calculated to lead to

11   the discovery of admissible evidence.  Defendants also contend that these requests seek

12   information protected from disclosure by HIPAA and the peer review, personnel, and attorney-

13   client privileges.   Without waiving these objections, Defendants agreed to produce documents in

14   response to Request Nos. 60 and 61, subject to redaction of confidential or privileged information

15   and reimbursement for copy costs.

16         Ruling:

17          The motion to compel is GRANTED in part and DENIED in part as to these requests.

18   The peer review and personnel privileges are inapplicable, and the relevancy objection is

19   overruled.  Defendants' objection to disclosure based on HIPAA is appropriate, as is its assertion

20   of the attorney-client privilege.  To the extent that Defendants' assertion of a right of privacy to

21   personnel information is subject to a balancing test, it weighs in favor of a protective order.

22   Defendants shall redact from the documents all HIPAA information. Defendants shall produce the

23   documents, excluding those that are subject to the attorney-client privilege. Defendants shall also

24   provide a detailed privilege log for the documents that are withheld  for the attorney-client

25   privilege.  Defendants shall produce the documents and the privilege log within  20 days from the

26   date of this order. Plaintiff shall inspect the documents, decide what he wants copied, and pay his

27

28                                          - 25 -

1  own reproduction costs.

2  Request No. 63

3         Documents relating to meeting minutes for the following Kern Medical Center committees

4  or groups from October 24, 2000 to the present:  a) Medical Executive Committee, b) Joint

5  Conference Committee, c) Quality Management Committee, d) Cancer Committee, e) Second

6  Level Peer Review Committee, f) Transfusion Committee, and g) Executive Staff Meetings.

7         Defendants' Response:

8         Defendants contend that this request seeks documents that contain confidential personnel

9  information, and information protected by HIPAA and the peer review and attorney-client

10 privileges. Without waiving these objections, Defendants agreed to produce responsive documents

11 subject to redaction of confidential or privileged information and reimbursement for copy costs.

12        Ruling:

13         The motion to compel is GRANTED in part and DENIED in part as to this request.  The

14 peer review and personnel privileges are inapplicable. However, to the extent that Defendants'

15 assertion of a right of privacy to personnel information is subject to a balancing test, it weighs in

16 favor of limited disclosure and a protective order.  Defendant shall redact from the documents all

17 HIPAA information and all personal identifying information of employees other than Plaintiff

18 with respect to personnel matters. Defendants shall produce the documents, excluding those that

19 are subject to the attorney-client privilege and those that are excluded by other provisions of this

20 order.   Defendants shall also produce a detailed privilege log for the documents that are withheld

21 for the attorney-client privilege. The documents and the privilege log shall be produced within 20

22 days from the date of this order. Plaintiff shall inspect the documents, decide what he wants

23 copied, and pay his own reproduction costs.

24 Request Nos. 65-67

25        No. 65: Documents relating to case send-out logs for Kern Medical Center's Pathology

26 Department from January 1, 1999 to the present, including but not limited to corresponding Kern

27

28                                              - 26 -

1    Medical Center pathology reports and reports from outside consultants.

2         No. 66:  Documents relating to case monthly turn-around time reports and logs -

3    by pathologist - for pathology reports processed at Kern Medical Center, including but not limited

4    to Pathology  Department semi-annual reports to the Medical Staff, for the time period from

5    January 1, 1999 to the present

6         No. 67:  Documents relating to case monthly turn-around time reports and logs - for Kern

7    Medical Center's Pathology Department as a whole - for pathology reports processed at Kern

8    Medical Center including but not limited to surgical pathology, cytology and bone marrow

9    reports, for the time period from January 1, 1999 to the present.

10        Defendants' Responses:

11        Defendants contend that these requests seek documents that contain confidential personnel

12   information, and seek information protected by HIPAA and the peer review, personnel, and

13   attorney-client privileges. Without waiving these objections, Defendants agreed to produce

14   responsive documents subject to redaction of peer review and personnel information and

15   reimbursement for copy costs.

16        Ruling:

17        The motion to compel is GRANTED in part and DENIED in part as to these requests.  The

18   peer review and personnel privileges are inapplicable. Defendants' assertion of the attorney-client

19   privilege is appropriate. To the extent that Defendants' assertion of a right of privacy to personnel

20   information is subject to a balancing test, it weighs in favor of a protective order.  Defendants

21   shall redact all HIPAA information from the documents. Defendants shall produce the documents

22   and a detailed privilege log, excluding those that are subject to the attorney-client privilege, within

23   20 days from the date of this order. Plaintiff shall inspect the documents, decide what he wants

24   copied, and pay his own reproduction costs.

25   Request No. 68

26        Documents relating to pathology reports authored, reviewed or approved by Plaintiff sent

27

28                                          - 27 -

to any outside pathologist for outside review from June 14, 2006 to the present.

Defendants' Response:

Defendants objected to this request on the ground that it seeks documents containing privileged peer review information.  Without waiving this objection, Defendants agreed to produce responsive documents subject to redaction of privileged information.

Ruling:

 The motion to compel is GRANTED as to this request.  The peer review privilege is inapplicable.  Defendants shall redact any HIPAA information from the documents, and produce the documents for Plaintiff's inspection within 10 days from the date of this order.  Plaintiff shall inspect the documents, decide what he wants copied, and pay his own reproduction costs.

Request No. 69

Documents relating to pathology reports for case numbers S06-4131, S06-4619, S06 - 5229, and S06-73276.

Defendants' Response:

Defendants contend that this request seeks documents that contain information protected by HIPAA and the peer review privilege.  Without waiving these objections, Defendants agreed to produce responsive documents subject to redaction.

Ruling:

The motion to compel is GRANTED in part and DENIED in part as to this request.  The peer review privilege is not applicable.  Defendants' assertion of HIPAA protection is appropriate. Defendants shall redact all HIPAA information from the documents and produce them for Plaintiff's inspection and copying, within 10 days from the date of this order.  Plaintiff shall inspect the documents, decide what he wants copied, and pay his own reproduction costs.

Request No. 70

Documents relating to peer review of Kern Medical Center's Pathology Department during the time period from January 1, 1995 to the present.

1    Defendants' Response:

2    Defendants contend that this request seeks documents that contain confidential personnel

3    information that is not relevant to any issues in this case and is not reasonably calculated to lead to

4    the discovery of admissible evidence.  Defendants also object to disclosure of information

5    protected by HIPAA and the peer review, personnel, and attorney-client privileges.

6    Ruling:

7    The motion to compel is GRANTED in part and DENIED in part as to this request.  The

8    peer review and personnel privileges are inapplicable, and the relevancy objection is overruled.

9    Defendants' objection based on HIPAA is appropriate, as is its assertion of the attorney-client

10   privilege.  To the extent that Defendants' assertion of a right of privacy to personnel information

11   is subject to a balancing test, it weighs in favor of limited disclosure and a protective order.

12   Defendants shall redact from the documents all HIPAA information and all personal identifying

13   information for employees other than Plaintiff.  Defendants shall produce a detailed privilege log

14   for all documents that are withheld for the attorney-client privilege.  The documents and the

15   privilege log shall be produced within 20 days from the date of this order. Plaintiff shall inspect

16   the documents, decide what he wants copied, and pay his own reproduction costs.

17   Request Nos. 71-73, 78

18   No: 71:  Documents relating to exceptional event logs for histology and pathology on Kern

19   Medical Center's Pathology Department from January 1, 2006 to the present.

20   No. 72:  Documents related to paper accession logs at Kern Medical Center's Pathology

21   Department from January 1, 2006 to the present.

22   No. 73:  Documents relating to tissue disposal records for skull-flaps from January 1, 2006

23   to the present.

24   No. 78:  Documents relating to placental evaluations conducted by Plaintiff from June 14,

25   2006 to the present.

26   ///

27

28                                                - 29 -

1    Defendants' Response:

2    Defendants objected to these requests on the grounds that they calls for the production of

3    documents that contain confidential personnel information that is not relevant to any issues in this

4    case and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants

5    also objected on the grounds that the requests seek  information protected from disclosure by

6    HIPAA, and the peer review,  personnel, and attorney-client privileges.

7    Ruling:

8    The motion to compel is GRANTED in part and DENIED in part as to this request.  The

9    peer review privilege and personnel privilege are inapplicable. Defendants' objection based on

10   HIPAA is appropriate, as is their assertion of the attorney-client privilege.  To the extent that

11   Defendants' assertion of a right of privacy to personnel information is subject to a balancing test,

12   it weighs in favor of a protective order.  Defendants shall exclude all HIPAA information from the

13   documents. Defendants shall produce the documents, excluding those that are subject to the

14   attorney-client privilege. Defendants shall also produce a detailed privilege log for the documents

15   that are withheld for the attorney-client privilege. The documents and the privilege log shall be

16   produced for Plaintiff's inspection and copying within 20 days from the date of this order.

17   Plaintiff shall inspect the documents, decide what he wants copied, and pay his own reproduction

18   costs.

19   Request No. 74

20   Documents relating to audits of Kern Medical Center's Pathology Department by outside

21   consultants, including but not limited to Dr. Stacy Garry, from October 24, 2000 to the present.

22   Defendants' Response:

23   Defendants objected to this request on the ground that it seeks documents that contain

24   information that is protected by HIPAA and the peer review privilege.   Without waiving these

25   objections, Defendants agreed to produce responsive documents, subject to reimbursement for

26   reproduction  costs.

27

28                                        - 30 -

1   Ruling:

2       The motion to compel is GRANTED in part and DENIED in part as to this request.

3   The peer review privilege is inapplicable. Defendants' objection based on HIPAA is appropriate.

4   Defendants shall redact all HIPAA information from the documents and produce them for

5   Plaintiff's inspection and copying within 20 days from the date of this order.  Plaintiff shall

6   inspect the documents, decide what he wants copied, and pay for his own reproduction costs.

7                                           **ORDER**

8       Based on the foregoing, IT IS HEREBY ORDERED that:

9       1.  Plaintiff's motion for an order to compel the production of documents is GRANTED in

10  part and DENIED in part.

11      2.  No later than five days from the date of this order, Plaintiff's counsel and Defendants'

12  counsel shall meet, confer, and stipulate to a mutually acceptable form of protective order. If

13  either party is concerned about the misuse of the documents or the information by either party,

14  they may propose a "counsel only " protective order.  In the event the parties are unable to

15  stipulate to a form of protective order within five days from the date of this order, then each party

16  shall file a proposed form of protective order for the Court's consideration, to be filed no later

17  than six days from the date of this order. Counsel shall also send digital copies of the proposed

18  protective orders to the Court's chambers at tagorders@caed.uscourts.gov.

19

20  IT IS SO ORDERED.

21  Dated:   **May 8, 2008**                         **/s/ Theresa A. Goldner**
22                                      UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28                                      - 31 -