IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O.,<br><br>        Plaintiff,<br><br>   vs.<br><br>COUNTY OF KERN, et al.,<br><br>        Defendant. | No. CV-F-07-026 OWW/TAG<br><br>MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING (Doc. 134) |

Plaintiff seeks reconsideration of the Magistrate Judge's "Order Granting in Part and Denying in Part Motion to Compel Production and Further Responses", filed on May 9, 2008 (Doc. 124; hereafter referred to as the May 9 Order). Plaintiff contends that the May 9 Order is clearly erroneous and contrary to law with respect to Request Nos. 12, 13, 14, 15, 17, 28, 29, 30, 32, 33, 36, 37, 38, 39, 40, 41, 45, 51, 58, 59, 60, 61, 63, 65, 66, 67, 70, 71, 72, 73, and 78.

Pursuant to Rule 72-303, a District Judge upholds a Magistrate Judge's ruling on a referred matter unless it is

1  "clearly erroneous or contrary to law."  *See* Rule 72(a), Federal
2  Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(A).  The "clearly
3  erroneous" standard applies to a Magistrate Judge's findings of
4  fact.  *Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*,
5  508 U.S. 602, 623 (1993).  "A findings is 'clearly erroneous'
6  when although there is evidence to support it, the reviewing
7  [body] on the entire evidence is left with the definite and firm
8  conviction that a mistake has been committed."  *Id.* at 622.  The
9  "contrary to law" standard allows independent, plenary review of
10 purely legal determinations by the Magistrate Judge.  *FDIC v.*
11 *Fidelity & Deposit Co. of Md.*, 196 F.R.D. 375, 378
12 (S.D.Cal.2000); *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91
13 (3rd Cir.1992).  "An order is contrary to law when it fails to
14 apply or misapplies relevant statutes, case law, or rules of
15 procedure."  *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163
16 (E.D.N.Y.2006).

17      The May 9 Order ruled in pertinent part:

18          E.   Right of Privacy

19          Fed. R. Civ. P. 26(b) excludes privileged
            matters from discovery.  Federal courts
20          generally recognize a constitutionally-based
            right of privacy that may be asserted
21          response [sic] to discovery requests.
            <u>Johnson ex rel. Johnson v. Thompson</u>, 971 F.2d
22          1487, 1497 (9th Cir.1992); <u>Megargee v.</u>
            <u>Wittman</u>, 2007 WL [2462097] * 2
23          (E.D.Cal.2007)(citations omitted).  'Although
            the right to privacy is not a recognized
24          privilege, many courts have considered it in
            discovery disputes.'  <u>Ragge v. MCA Universal</u>
25          <u>Studios</u>, 165 F.R.D. 601, 604, n.3
            (C.D.Cal.1995)(citations omitted).  The right
26          of privacy is not an absolute bar to

> discovery. Instead, it is subject to a balancing test that requires courts to balance the need for privacy against the need for disclosure in litigation. Ragge, 165 F.R.D. at 604 (C.D.Cal.1995). Here, nearly all of Defendants' discovery responses assert a 'confidential personnel privilege' without citing a specific source of law for the privilege. At the hearing on the motion, Defendants' counsel relied on California Evidence Code §§ 1040 and 1157 as the source of this privilege.
>
> To the extent that Defendants assert a 'confidential personnel privilege' as a state law privilege, it is inapplicable for the same reasons that the state law peer review privilege is inapplicable. Agster, 433 F.3d at 838-839. However, given the nature of the documents requested and the reasons given for objecting to their disclosure, the Court construes the assertion of this privilege as also raising a right of privacy. Accordingly, the Court will apply the requisite balancing test in determining whether the need for disclosure outweighs the privacy issues, and will also consider whether additional orders are necessary to protect a party or person from annoyance, embarrassment, oppression, or under [sic] expense in connection with any disclosure that may be ordered as to such documents.

Plaintiff argues that the Magistrate Judge erred in construing the "confidential personnel privilege" set forth in California Evidence Code § 1040 as supporting a federal right to privacy privilege. California Evidence Code § 1040 provides in relevant part:

> (a) As used in this section, 'official information' means information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made.
>
> (b) A public entity has a privilege to refuse

>  to disclose official information, and to prevent another from disclosing official information, if the privilege is claimed by a person authorized by the public entity to do so and:
>
>  (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; or
>
>  (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information by disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered.

Plaintiff argues that Defendant's assertion of the "confidential personnel privilege" set forth in Section 1040:

>  concerns the conditional governmental privilege against disclosure of official information by public entities and public employees whenever such disclosure is against the public interest. Put another way, it is a privilege that is intended to enable the government to protect its state secrets.

Plaintiff refers to *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir.1987):

>  Defendants also contend that the sought after documents are protected by state-created privileges. In a Title VII action, of course, the federal common law of privilege controls. F.R. Evid. 501. This court has held that personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege. *Guerra v. Board of Trustees*, 567 F.2d 352 (9th Cir.1977); *Kerr v. United States District*

4

*Court*, 511 F.2d 192, 197 (9th Cir.1975), *aff'd*, 426 U.S. 394 ... (1976).

Plaintiff further cites *Yee v. Multnomah County*, 1990 WL 96720 (D.Or.1990), where the District Court granted a motion to compel production of relevant performance evaluations of other employees subject to a protective order.

Plaintiff has not demonstrated that the May 9 Order is clearly erroneous or contrary to law. Plaintiff's discovery requests were not denied; they were granted subject to protective order. A district court has very broad discretion under Rule 26(c), Federal Rules of Civil Procedure, in fashioning discovery orders. Discovery restrictions may be even broader where the target is a non-party. *See Dart Indus. Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir.1980).

Plaintiff argues that the Magistrate Judge raised the federal right of privacy privilege *sua sponte* in the May 9 Order. Plaintiff contends that Defendants did not assert such a privilege during the meet and confer process, in their opposition to Plaintiff's motion to compel, or at the hearing on the motion to compel. Plaintiff asserts:

> Plaintiff was not afforded any opportunity to submit briefing or be heard on the federal privacy privilege or the balancing test as to all of the above Requests, with the exception of Request No. 40. Even with respect to Request No. 40, Plaintiff is still ignorant of the privacy concerns which Defendant has been construed to raise since Defendant did not specify any privacy objections beyond a boilerplate assertion of 'confidential personnel privilege' in meet and confers, motion briefing and at the hearing itself.

5

>   It should be noted that, during the four months preceding the Court's issuance of the Order, Defendant chose to produce most of the documents responsive to the above Requests. In so doing, Defendant engaged in little to no redaction of personal identifying information. Nevertheless, Plaintiff remains concerned about the application of the Court's protective order to future supplemental productions by Defendant.

On May 20, 2008, the following "Stipulation Re: Balancing of Privacy Interests and Protective Order" was filed (Doc. 137):

>   Pursuant to the Order of the Court issued by Magistrate Judge Goldner on May 9, 2008 (Doc. 124), IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel that, with regard to balancing the privacy interests of the Defendants against the Plaintiff's need for disclosure, the Plaintiff's need for disclosure prevails as to documents that reveal the nature of interpersonal work relationships at KMC between core physicians and others, on-the-job behavior towards other members of KMC staff by core physicians, complaints against core physicians regarding their behavior at KMC and the County's actions in response.
>
>   IT IS FURTHER STIPULATED that documents produced in response to this Stipulation shall be disclosed only to Plaintiff's legal counsel and retained experts and shall be kept separate from all other files and documents in this action and clearly marked 'Confidential Pursuant to Protective Order.' Upon the conclusion of this action, all such documents shall be returned to Defendants or destroyed and Plaintiff shall not retain any copies. Defendants shall provide Plaintiff with a written receipt for the returned documents or Plaintiff shall provide Plaintiff with a written receipt for the returned documents or Plaintiff will provide Defendants with a written certification that the documents have been destroyed, respectively, and that receipt or certification shall be conclusive proof of Plaintiff's compliance with the requirement

>     that the documents be returned to Defendants
>     or destroyed.
>
>     The foregoing notwithstanding, the parties
>     acknowledge that Plaintiff has filed a
>     request for reconsideration of the above-
>     referenced Order which challenges Judge
>     Goldner's directive to the parties to enter
>     into this privacy-based protective order.
>     Plaintiff's agreement to this stipulation is
>     therefore conditioned on such motion.

Plaintiff has not demonstrated that the challenged aspects of the May 9 Order are contrary to law or clearly erroneous. As discussed above, the Magistrate Judge has broad discretion to fashion protective orders in connection with discovery requests. Plaintiff has obtained the discovery he sought subject to the protective order designed to protect the privacy interests of those persons whose personnel files or personal information are the subject of Plaintiff's discovery requests. If, following review by Plaintiff of the documents produced in connection with the May 9 Order and the May 20 Stipulation and Order, Plaintiff believes that he is entitled to discovery of redacted information, Plaintiff is entitled to seek that discovery from Defendants and/or bring a motion to compel.

Plaintiff asserts that the Magistrate Judge's protective order with regard to Request Nos. 32, 33, 63 and 70 is overbroad.

The May 9 Order states:

> **Request Nos. 32-33**
>
> No. 32: Documents relating to your discipline
> of any employee against whom a complaint or
> grievance of discrimination, harassment,
> defamation, retaliation, failure to
> accommodate, and/or failure to engage in an

        interactive process in their employment was made from October 24, 2000 to date.

        **No. 33:** Documents relating to complaints or grievances made by Defendants' past or present employees against Defendants for defamation, retaliation, disability discrimination, failure to accommodate, and/or failure to engage in an interactive process, including, but not limited to information or internal complaints, grievances or charges to any state or federal agency, and complaints filed in any state or federal court from October 24, 2004 to date.

        **Defendants' Response**

        Defendant objected on the grounds that these requests seek documents containing confidential personnel information and are not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also contend that Request No. 33 is vague as to the phrase 'informal or internal', and overbroad and burdensome because Defendant County of Kern employees [sic] thousands of employees.

        **Ruling:**

        At the hearing on the motion, Plaintiff's counsel proposed to limit this Request No. 33 to 'complaints or grievances made by past or present core physicians at Kern Medical Center for defamation, retaliation, disability discrimination, failure to accommodate, and/or failure to engage in an interactive process, including but not limited to any informal or internal complaints, grievances or charges to any state or federal agency, and complaints filed in any state or federal court from October 24, 2004 to date.'  The term 'core physicians' means physicians at Kern Medical Center who are under contract.  Based on that limitation, Defendants' counsel agreed to produce the documents as to 'core physicians' in response to Requests [sic] Nos. 32 and 33.

        The motion to compel is GRANTED as to the limitation to 'core physicians' at Kern

Medical Center for Requests [sic] Nos. 32 and 33, and is DENIED as to employees other than core physicians at Kern Medical Center.  To the extent that Defendants' assertion of a right of privacy is subject to a balancing test, it weighs in favor of limited disclosure and a protective order. Defendants shall redact from the documents all HIPAA information and all personal identifying information as to core physicians at Kern Medical Center other than Plaintiff. Defendants shall produce the documents, excluding those that are subject to the attorney-client privilege.  Defendants shall also produce a detailed privilege log for those documents that are withheld for the attorney-client privilege.  The documents shall be produced for Plaintiff's inspection and copying, and the privilege log provided to him, within 20 days from the date of this order.  Plaintiff shall decide what documents he wants copied, and pay for his own reproduction costs.

...

**Request No. 63**

Documents relating to meeting minutes for the following Kern Medical Center committees or groups from October 24, 2000 to the present: a) Medical Executive Committee, b) Joint Conference Committee, c) Quality Management Committee, d) Cancer Committee, e) Second Level Peer Review Committee, f) Transfusion Committee, and g) Executive Staff Meetings.

**Defendants' Response**

Defendants contend that this request seeks documents that contain confidential personnel information, and information protected by HIPAA and the peer review and attorney-client privileges.  Without waiving these objections, Defendants agreed to produce responsive documents subject to redaction fo confidential or privileged information and reimbursement for copying costs.

**Ruling:**

1  The motion to compel is GRANTED in part and DENIED in part as to this request. The peer review and personnel privileges are inapplicable. However, to the extent that Defendants' assertion of a right to privacy to personnel information is subject to a balancing test, it weighs in favor of limited disclosure and a protective order. Defendant shall redact from the documents all HIPAA information and all personal identifying information of employees other than Plaintiff with respect to personnel matters. Defendants shall produce the documents, excluding those that are subject to the attorney-client privilege and those that are excluded by other provisions of this order. Defendants shall also produce a detailed privilege log for the documents that are withheld for the attorney-client privilege. The documents and the privilege log shall be produced within 20 days from the date of this order. Plaintiff shall inspect the documents, decides what he wants copied, and pay his own reproduction costs.

...

**Request No. 70**

Documents relating to peer review of Kern Medical Center's Pathology Department during the time period from January 1, 1995 to the present.

**Defendants' Response:**

Defendants contend that this request seeks documents that contain confidential personnel information that is not relevant to any issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to disclosure of information protected by HIPAA and the peer review, personnel, and attorney-client privileges.

**Ruling:**

The motion to compel is GRANTED in part and DENIED in part as to this request. The peer review and personnel privileges are

> inapplicable, and the relevancy objection is overruled.  Defendants' objection based on HIPAA is appropriate, as is its assertion of the attorney-client privilege.  To the extent that Defendants' assertion of a right of privacy to personnel information is subject to a balancing test, it weighs in favor of limited disclosure and a protective order. Defendants shall redact from the documents all HIPAA information and all personal identifying information for employees other than Plaintiff.  Defendants shall produce a detailed privilege log for all documents that are withheld for the attorney-client privilege.  The documents and the privilege log shall be produced within 20 days from the date of this order.  Plaintiff shall inspect the documents, decide what he wants copied, and pay his own reproduction costs.

Plaintiff argues that the Magistrate Judge erred in construing the assertion of a federal privacy privilege to these requests because Defendants did not assert the "confidential personnel privilege" set forth in California Evidence Code § 1040 to these discovery requests.

This ground for reconsideration is without merit in part. Defendants' responses to Request Nos. 32, 33 and 63 attached to Plaintiff's motion for reconsideration as Exhibit 3 specifically referred to confidential personal information.  Defendants' response to Request No. 70 objected to production on the basis of privileged peer review information and information that is confidential under HIPAA.

Plaintiff further argues that the protective order redacting all personal identifying information for all employees of Kern Medical Center with regard to Request Nos. 32, 33, 63 and 70 is overbroad and "will render the documents requested effectively

11

useless." Plaintiff further contends that "it is difficult to discern what federal privacy interest is implicated by Plaintiff's knowing the identities of the persons who, with regard to Request No. 63 for instance, transcribed meeting minutes or attended certain committee meetings."

Given Plaintiff's representations that Defendants have provided most of the requested information without redaction and given the May 20 Stipulation and Order, the Court concludes that Plaintiff has not demonstrated that the May 9 Order is clearly erroneous or contrary to law. The same conclusion is reached in connection with Plaintiff's contention that Defendants agreed to withdraw their objections to Requests No. 32 and 33.

Plaintiff seeks reconsideration of the May 9 Order to the extent it addresses Request No. 40. The May 9 Order states:

> Request No. 40
>
> Documents relating to the removal of Dr. Royce Johnson from the position of Chair or Chief of Medicine at Kern Medical Center.
>
> Defendants' Response:
>
> Defendants objected on the ground that the requests seek documents containing confidential personnel information that is not relevant to any issues in the case and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to disclosure based on HIPAA, and the peer review and attorney-client privileges.
>
> Ruling:
>
> At the hearing on this motion, Defendants' counsel withdrew the objections to this request and agreed to produce the documents,

>without 1) waiving the personnel privilege or privacy claims as to other persons, and 2) reserving the right to object to their admissibility at trial. Accordingly, the motion to compel is GRANTED in part and DENIED in part as follows: Defendants shall produce the documents pertaining to the removal of Dr. Royce Johnson as the Chair or Chief of Medicine at Kern Medical Center for Plaintiff's inspection, but it shall be subject to a protective order. Defendants shall not produce documents that are subject to the attorney-client privilege and provide a detailed privilege log. The documents shall be produced for Plaintiff's inspection and copying, and the privilege log provided to him, within 20 days from the date of this order. Plaintiff shall inspect the documents, decide what he wants copied, and pay for his own reproduction costs.

Plaintiff apparently believes that the May 9 Order applies the federal privacy privilege to Request No. 40. A close reading of the May 9 Order establishes that Plaintiff's reading of the May 9 Order is in error; the protective order imposed by the May 9 Order with respect to Request No. 40 refers to documents protected by the attorney-client privilege.

For the reasons stated:

1. Plaintiff's Request for Reconsideration of Magistrate Judge's Ruling is DENIED.

IT IS SO ORDERED.

Dated: __July 24, 2008__     _____/s/ Oliver W. Wanger_____
                              UNITED STATES DISTRICT JUDGE

13