IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O.,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF KERN, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:07-cv-0026-OWW-TAG<br><br>ORDER GRANTING PLAINTIFF"S MOTION TO COMPEL DEPOSITIONS AND DENYING PLAINTIFF'S REQUEST FOR SANCTIONS<br><br>(Doc. 168) |

  Plaintiff's motion to compel depositions and request for sanctions (Doc. 168) came on regularly for hearing before United States Magistrate Judge Theresa A. Goldner on August 6, 2008 at 9:30 a.m. in the United States District Court courtroom at 1300 18th Street, Suite A, Bakersfield, California.  Eugene S. Lee appeared for Plaintiff and Mark A. Wasser appeared for Defendants.  The Court ruled from the bench and 1) granted the motion for an order to compel depositions, 2) denied the request for sanctions, and 3) instructed counsel to submit a proposed form of order after hearing.  This order constitutes the Court's written order after hearing.

  The Court has read and considered the motion pleadings and the arguments of counsel, and makes the following ruling.

///

## I. Legal standards

### A. Discovery overview

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible," United States v. Proctor & Gamble, 356 U.S. 677, 683, 78 S. Ct. 983 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385 (1947).

Federal Rule of Civil Procedure 26(b)(1) defines the general scope of discovery, and provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

### B. Deposition standards

Federal Rule of Civil Procedure 30(a)(1) authorizes depositions, including those of parties, "without leave of court." However, absent leave of the court, the parties may take no more than ten depositions per side. Fed.R.Civ.P. 30(a)(2)(A); see Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999); Andromiro U.S.A. v. Konami Amusement of America, Inc., 2001 WL 535667, *2 (C.D.Cal. 2001).

### C. Expenses and sanctions

When a motion for an order compelling discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R.Civ.P. 37(a)(5)(A). Additionally, when the conduct "impedes, delays, or frustrates the fair examination of the deponent, the court may impose further "appropriate sanctions," including "the reasonable expenses and attorney's fees incurred by any party." Fed. R. Civ.P. 30(d)(2). What constitutes reasonable expenses and appropriate sanctions is a matter for the Court's discretion. See Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc. 233 F.R.D. 648, 654 (C.D.Cal. 2006).

## II. Analysis

### A. Depositions

The scope of discovery is broad. As discussed supra, it encompasses any nonprivileged matter that is relevant to any party's claim or defense. In the instant motion, Plaintiff seeks to compel the depositions of seventeen individuals, including parties and non-parties. At the scheduling conference in this action conducted on May 31, 2007, the parties agreed to waive the limitation of ten depositions per side (Fed.R. Civ. P. 30(a)(2)(A)) and the limitation of twenty-five interrogatories per party (Fed. R. Civ. P. 33(a)). (Doc. 29, Sect. IX, ¶ 8).

The Court has reviewed the deposition subpoenas, which are for the depositions of five individual defendants and twelve non-parties. Each deposition was noticed prior to the non-expert discovery deadline. At the hearing on the motion, Plaintiff's counsel explained the general nature of the testimony that he expected each non-party deponent to provide, and gave his time estimate to conduct each deposition. Based on Plaintiff's offer of proof as to the anticipated testimony of the non-party deponents and the fact that the remaining deponents are parties to this action, the Court finds that the deposition testimony sought by Plaintiff is relevant to Plaintiff's claims and to Defendants' defenses. Morever, there is nothing about the subject

depositions that suggests they are solely intended to annoy or embarrass the deponents or any party, are oppressive, or will constitute an undue expense or burden.

Accordingly, the Court concludes that the seventeen depositions are within the scope of permissible discovery and that Plaintiff is entitled to conduct each deposition, albeit on an expedited schedule as ordered below.

**B.     Sanctions**

Plaintiff requests sanctions against Defendants in the sum of $5,880.00. In their pleadings in opposition to the motion, Defendants explain that the seventeen deposition subpoenas were not served until after 5:00 p.m. on Thursday, July 3, 2008, and noticed depositions over twelve days, including July 15, 16, 17, 22, 23, and 24, 2008, and August 5, 6, 7, 12, 13, and 14, 2008. During this period, Defendants' counsel reports that he was engaged in nine other depositions in another matter, preparing for an impending trial in another jurisdiction, and subsequently was engaged in that trial. According to Defendants, Plaintiff noticed the subject depositions for dates that Defendants' counsel was unavailable, and failed to coordinate the deposition dates with him in advance. The gist of Plaintiff's side of this discovery dispute is that Defendants' counsel did not readily communicate his unavailability, if at all, was available on at least some of the deposition dates, and the deponents must appear for their depositions in any event.

After considering the pleadings, declarations, and exhibits filed in this motion, as well as the representations of counsel made at the hearing, the Court finds that the deposition dates did not take into account the unavailability of Defendants' counsel. Many of the depositions were set on dates that Defendants' counsel was legitimately unavailable to defend or participate in them because he was engaged in other depositions in another matter, and subsequently was in trial in another jurisdiction. After considering the totality of the circumstances surrounding this discovery dispute as presented to the Court in the pleadings and at the hearing, the Court finds that Defendants were substantially justified in opposing the instant motion to compel.

Accordingly, Plaintiff's request for sanctions will be denied.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an order to compel depositions (Doc. 168) is GRANTED, and Plaintiff's request for monetary sanctions on the motion is DENIED; and

2. The following individuals shall appear, and Defendants shall cause the following individuals to appear, for their depositions as follows:

| DATE | TIME | DEPONENT |
| --- | --- | --- |
| 8/7/2008 | 9:00 a.m. | Sandra Chester |
| 8/7/2008 | 1:00 p.m. | Savita Shertudke, M.D. |
| 8/13/2008 | 9:00 a.m. | Irwin Harris, M.D. |
| 8/14/2008 | 9:00 a.m. | Peter Bryan |
| 8/15/2008 | 9:00 a.m. | Arlene Ramos |
|  | 1:00 p.m. | Albert McBride, M.D. |
| 8/16/2008 | 9:00 a.m. | Royce Johnson, M.D. |
| 8/18/2008 | 9:00 a.m. | Maureen Martin, M.D. |
| 8/18/2008 | 1:00 p.m. | Jennifer Abraham, M.D. |
| 8/19/2008 | 9:00 a.m. | Toni Smith |
| 8/19/2008 | 1:00 p.m. | Barbara Patrick |
| 8/20/2008 | 9:00 a.m. | Philip Dutt, M.D. |
| 8/21/2008 | 9:00 a.m. | David Culberson |
| 8/21/2008 | 1:00 p.m. | Tai Yoo, M.D. |
| 8/22/2008 | 9:00 a.m. | Alan S. Ragland, M.D. |
| 8/25/2008 | 9:00 a.m. | Ray Watson |
| 8/25/2008 | 1:00 p.m. | Joseph Mansour, M.D. |

///

3. As ordered above, Joseph Mansour, M.D. shall appear for his deposition on August 25, 2008 at 1:00 p.m.. Defendants report that he currently is out of the country. If Dr. Mansour has not returned by August 19, 2008, Defendants shall advise Plaintiff in writing no later than 5:00 p.m. on August 20, 2008, of the date that Dr. Mansour will return. In that event, Dr. Mansour shall appear, and Defendants shall cause him to appear, for his deposition on the first immediately available date after his return. The Court reserves jurisdiction to impose sanctions with respect to this deposition.

IT IS SO ORDERED.

Dated:   **August 8, 2008**                                         **/s/ Theresa A. Goldner**
                                                                    UNITED STATES MAGISTRATE JUDGE