IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O., | Case No. 1:07-cv-0026-OWW-TAG |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING ON PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER |
| vs. | |
| COUNTY OF KERN, et al., | (Doc. 169) |
| Defendants. | |
| _____/ | |

Defendants' motion for a protective order (Doc. 169) came on regularly for hearing before United States Magistrate Judge Theresa A. Goldner on August 6, 2008 at 9:30 a.m. in the United States District Court courtroom at 1300 18th Street, Suite A, Bakersfield, California. Eugene S. Lee appeared for Plaintiff and Mark A. Wasser appeared for Defendants. The Court ruled from the bench and 1) granted the motion in part and denied it in part, and 2) instructed counsel to submit a proposed form of order after hearing. This order constitutes the Court's written order after hearing.

The Court has read and considered the motion pleadings and the arguments of counsel, and makes the following ruling.

///

**I.     Legal standards**

**A.     Discovery overview**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible," United States v. Proctor & Gamble, 356 U.S. 677, 683, 78 S. Ct. 983 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385 (1947).

Federal Rule of Civil Procedure 26(b)(1) defines the general scope of discovery, and provides that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant  information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

**B.     Deposition standards**

Federal Rule of Civil Procedure 30(a)(1) authorizes depositions, including those of parties, "without leave of court."  However, absent leave of the court, the parties may take no more than ten depositions per side.  Fed.R.Civ.P. 30(a)(2)(A); see Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999); Andromiro U.S.A. v. Konami Amusement of America, Inc., 2001 WL 535667, *2 (C.D.Cal. 2001).

**C.     Interrogatory standards**

The function of interrogatories includes obtaining evidence, information which may lead to evidence and admissions, and narrowing 111the issues to be tried.  United States v. West

Virginia Pulp & Paper Co., 36 F.R.D. 250, 252 (S.D.N.Y. 1964). Each interrogatory, to the extent it is not objected to, must be answered "separately and fully in writing and under oath." Fed. R. Civ. P. 33(b)(3).

**D.      Protective order standards**

Federal Rule of Civil Procedure 26(c) provides that: "A party or any person from whom discovery is sought may move for a protective order [and the] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F. 3d 1122, 1130 (9th Cir. 2003). If the court grants the order, it must explain why the movant is excused from responding to the discovery request. (Id.). The movant bears a heavy burden of demonstrating that it has good cause to be excused from responding to discovery requests before an order will issue- conclusory allegations of harm are insufficient. Central Valley Chrysler Valley Jeep, Inc. v. Witherspoon, 2006 WL 2619962, *1 (E.D.Cal. 2006)(citations omitted).

**II.     Analysis**

Defendants seek a protective order excusing them from responding to seven additional interrogatories propounded by Plaintiff, i.e., interrogatories nos. 92-98. Defendants contend that interrogatories 92-98 are excessive, unreasonable, oppressive, and to respond to them would constitute an undue burden. Plaintiff contends that the additional interrogatories seek information that is within the scope of discovery, and are not excessive, unreasonable, oppressive, or constitute an undue burden, in part because the parties have waived the 25-interrogatory limitation of Fed. R. Civ. P. 33(a).

Defendants also seek a protective order limiting seventeen additional depositions noticed by Plaintiff. Those depositions are the subject of a corresponding motion to compel filed by Plaintiff. (Doc. 168). By separate order this date (Doc. 194), the Court has determined that Plaintiff is entitled to conduct those depositions and there is no basis for a protective order as to them, and thus the Court will deny Defendants' motion for a protective order as to the

depositions.

Accordingly, the balance of this analysis pertains to the interrogatories.

A.   Interrogatory no. 92 states:

INTERROGATORY NO. 92:

Is your response to each request for admission (set one) served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

    a.   State the number of the request;

    b.   State all facts upon which you base YOUR response;

    c.   IDENTIFY all PERSONS who have knowledge of those facts, including their names, addresses and telephone numbers; and

    d.   IDENTIFY all DOCUMENTS and other tangible things that support YOUR response and IDENTIFY all PERSONS who have each DOCUMENT or thing, including their names, addresses, and telephone numbers.

Ruling on interrogatory no. 92:

This contention interrogatory incorporates by reference Plaintiff's first set of requests for admissions. There are 290 requests for admissions in Plaintiff's first set of requests for admissions. (Doc. 178). In order to respond to this interrogatory, Defendants would be required to review 290 requests for admissions, state all facts on which any unqualified admissions to them are based, identify all persons with knowledge of those facts, all documents and other tangible things that support their response, and identify all persons who have such documents. The Court has considered the 290 requests for admissions, as well as interrogatory no. 92 and its multiple subparts, and concludes that this interrogatory is not narrowed or tailored in any way so as to avoid being oppressive or unduly burdensome. The Court finds that interrogatory no. 92 is oppressive and unduly burdensome, and concludes that Defendants are entitled to a protective order excusing them from responding to it.

///

B.	Interrogatories nos. 93, 94, and 98 state:

INTERROGATORY NO. 93 :

	IDENTIFY all handwritten notes RELATING TO PLAINTIFF which were authored by Peter Bryan during his tenure at KMC, including but not limited to their current location.

INTERROGATORY NO. 94:

	IDENTIFY all handwritten notes RELATING TO PLAINTIFF which were authored by Marvin Kolb during his tenure at KMC, including but not limited to their current location.

INTERROGATORY NO. 98:

	Do YOU contend that YOU counseled PLAINTIFF at any time during his tenure at KMC?  If so, for each occasion on which YOU counseled PLAINTIFF:

	a.	State the date(s) the counseling occurred;
	b.	Describe the nature of the counseling, including what form it took and what was communicated;
	c.	IDENTIFY all PERSONS who participated in counseling PLAINTIFF;
	d.	IDENTIFY all PERSONS who have knowledge of those facts, including their names, addresses, and telephone numbers; and
	e.	IDENTIFY all DOCUMENTS and other tangible things that support YOUR response and IDENTIFY all PERSONS who have each DOCUMENT

Ruling on interrogatories nos. 93, 94, and 98:

	These interrogatories are within the scope of discovery and are not unreasonable, oppressive, or unduly burdensome.  Defendants are not entitled to a protective order as to interrogatories nos. 93, 94, and 98.

C.	Interrogatories nos. 95, 96, and 97 state:

INTERROGATORY NO. 95:

	IDENTIFY any all DOCUMENTS contained in YOUR FRCP Rule 26 Initial Disclosures that YOU contend is not a "BUSINESS RECORD" (within the meaning of FRE 803(6)); and

state all facts on which you base your contention.

INTERROGATORY NO. 96:

IDENTIFY any and all DOCUMENTS contained in PLAINTIFF'S FRCP Rule 26 Disclosures that YOU contend is not a BUSINESS RECORD; and state all facts on which you base your contention.

INTERROGATORY NO. 97:

IDENTIFY any and all DOCUMENTS which YOU produced to PLAINTIFF in discovery or in supplemental disclosures [0001659 - 0028001] that YOU contend is not a BUSINESS RECORD; and state all facts on which you base your contention.

Ruling on interrogatories nos. 95, 96, and 97:

In essence, these contention interrogatories require Defendants to identify to Plaintiff during the discovery phase, precisely which documents Defendants may raise an authentication or admissibility challenge to at trial. Matters of authentication and admissibility are more properly addressed at the pretrial conference and the trial. Moreover, interrogatories nos. 95, 96, and 97 are directed to *any and all* documents that the parties, both Plaintiff and Defendants, have initially disclosed as well *as any and all* documents that Defendants have produced in discovery. According to the representations made by counsel at the hearing, this includes tens of thousands of pages of documents. In order to respond to interrogatories nos. 95, 96, and 97, Defendants would be required to review every document that was disclosed by either side as well as all those produced by Defendants. The Court concludes that interrogatories nos. 95, 96, and 97 are oppressive and burdensome, and that Defendants are entitled to a protective order excusing them from responding to them.

**ORDERS**

Based on the foregoing, Defendants' motion for protective order (Doc. 169) is GRANTED IN PART AND DENIED IN PART, as follows:

///

1 |     1.  The motion is denied, as to the depositions noticed by Plaintiff;

2 |     2.  The motion is denied, as to interrogatories nos. 93, 94 and 98, and Defendants shall
3 | respond to those interrogatories within the time prescribed by Fed. R. Civ. P. 33; and

4 |     3. The motion is granted, as to interrogatories nos. 92, 95, 96, and 97, and Defendants are
5 | not required to respond to those interrogatories.

7 | IT IS SO ORDERED.

8 | Dated:   **August 8, 2008**                    /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE