UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O., | 1:07-cv-00026-OWW-TAG |
| Plaintiff, | ORDER RE: PLAINTIFF'S MOTION TO COMPEL FURTHER PRODUCTION AND REQUEST FOR SANCTIONS |
| vs. | |
| | (Doc. 215) |
| COUNTY OF KERN; et al. | |
| Defendants. | |

The above matter came on regularly for hearing before the Honorable Theresa A. Goldner on September 29, 2008 at 9:00 a.m., in the United States District Court courtroom at 1300 18th Street, Suite A, Bakersfield, California. The Court has read and reviewed the motions, declarations and memoranda of the parties, and considered the arguments of counsel. Eugene D. Lee of the Law Office of Eugene Lee appeared for Plaintiff and Mark A. Wasser of the Law Offices of Mark A. Wasser and Karen Barnes, Chief Deputy County Counsel for the County of Kern, appeared for Defendants, and the matter was heard. Good cause appearing, the Court hereby orders as follows.

//
//
//
//
//
//
//

1

IT IS HEREBY ORDERED that Plaintiff's motion to compel further production of documents is GRANTED IN PART AND DENIED IN PART as follows:

a. **Privilege Log**

| BATES BEG | BATES END | DATE | TO | FROM | CC | DOCUMENT TYPE | RULING |
|---|---|---|---|---|---|---|---|
| 9336 | 9337 | 2003 | | | | Disciplinary Actions and Involuntary Terminations | Withdrawn by Plaintiff |
| 10925 | 10926 | 3/3/2003 | Peter H. Parra / Barbara Patrick | Peter K. Bryan | Marvin Kolb | Memorandum re Personnel Item – Adam Lang, M.D. | GRANTED |
| 14793 | 15315 | 9/06 – 12/06 | | | | Surgical Pathology Reports | Withdrawn by Plaintiff |
| 16683 | 16894 | Nov-02 | | | | Performance Evaluations – Pathology Department | GRANTED - after in camera review |
| 16897 | 16900 | 7/25/2006 | David Hill / Irwin Harris / Philip Dutt | Gilbert Martinez | | Email relating to Change of Laboratory Director | GRANTED |
| 16902 | 16905 | 7/20/2006 | | | | Laboratory Personnel Report re Gilbert Martinez | GRANTED |
| 15934 | 15934 | 1/6/2003 | Medical Executive Committee | Peter Bryan | Pete Parra | Memorandum | Withdrawn by Plaintiff |
| 15935 | 15935 | 6/10/2003 | Medicine Search Committee | Maureen Martin / Marvin Kolb | Navin Amin / Peter Bryan / Eugene Kercher / Saman Ratnayaki | Memorandum | GRANTED |

| | | | | | Tai Yoo | | |
|---|---|---|---|---|---|---|---|
| 15936 | 15936 | 1/6/2003 | Eugene Kercher | Navin Amin | | Memorandum | GRANTED |
| | | | Marvin Kolb | Peter Bryan | | | |
| | | | Maureen Martin | | | | |
| | | | Tai Yoo | | | | |

The Court has conducted an in camera review of the documents identified on the privilege log as Bates Stamp numbers 16683-16894. Defendants' objection to the production of these documents on the ground that they are not relevant, is overruled. The motion for an order compelling the production of these documents is GRANTED, and to the extent that any privacy interest is asserted in these documents, the Court finds that the balancing test weighs in favor of limited disclosure and a protective order as to the documents that constitute non-party performance evaluations. Accordingly, Plaintiff's motion for an order to compel production of the documents identified on the privilege log as Bates Stamp numbers 16683, 16685, 16687, 16689, 16691, 16694, 16696, 16698, 166700, 166702, 166705, 166707, 16709, 16711, 16713, 16715, 16717, 16719, 16721, 16723, 16723, 16724, 16727, 16729, 16731, 16733, 16735, 16737, 16739, 16741, 16743, 16745, 16747, 16749, 16751, 16753, 16755, 16757, 16759, 16761, 16763, 16765, 16767, 16769, 16771, 16773, 16775, 16777, 16779, 16781, 16783, 16785, 16787, 16789, 16791, 16793, 16795, 16797, 16799, 167801, 167803, 167805, 167807, 167809, 16811, 16813, 16815, 16817, 16819, 16821, 16823, 16825, 16827, 16829, 16831, 16833, 16835, 16837, 16839, 16841, 16843, 16845, 16947, 16849, 16851, 16853, 16856, 16858, 16860, 16862, 16864, 16866, 16868, 16870, 16872, 16874, 16876, 16878, 16880, 16882, 16884, 16886, 16888, 16890, 16892, and 16894, is GRANTED, and such documents shall be produced by Defendants to Plaintiff no later than October 9, 2008, subject to the following protective order: the documents shall not be disclosed to any third party other than Plaintiff's legal counsel and retained experts in this lawsuit, and they shall be used only in and for purposes of this lawsuit.

The remaining documents in the group of documents identified as Bates Stamp numbers 16683-16893 (excluding those identified by individual Bates Stamp numbers in the previous paragraph) shall be produced by Defendants to Plaintiff on or before October 9, 2008, without a

protective order.

At the motion hearing in this matter, Defendants' counsel presented copies of the above documents identified as Bates Stamp numbers 16683-16894 to the Court for an in camera review, and advised the Court that they were Defendants' only copies. Defendants' counsel shall make arrangements to retrieve the copies from the Court's chambers at 1200 Truxtun Avenue, Suite 120, Bakersfield, California, 93301, no later than 4:00 p.m. on October 7, 2008, by contacting Courtroom Deputy Alan Leon Guerrero at 661-326-6620 or by email to: aleonguerrero@caed.uscourts.gov.

    **b.**   **Request 65**

GRANTED subject to a protective order whereby (i) HIPAA-protected patient identifying information produced in response to this Request shall be not disclosed to any third party other than Plaintiff's legal counsel and retained experts and (ii) documents produced in response to this Request shall be used by Plaintiff only for purposes of this lawsuit and not for any other purpose, such as marketing of Columbia Healthcare Analytics, Inc.

    b.   **Requests 66 and 67**

The parties are ordered to meet and confer by October 10, 2008, directly and indirectly through counsel, database programmers and IT staff, regarding identification of cost-effective methods for extracting the electronic data from KMC's HBO Star system in response to these Requests and allocation of any associated cost among the parties. The parties shall notify the Court as to whether the parties have successfully met and conferred by no later than the close of business on October 10, 2008, provided that if the parties were not successful, they shall each submit by no later than the close of business on October 10, 2008, a letter brief to the Court discussing the rights and obligations of each party under the FRCP and e-discovery rules with respect to these Requests.

    c.   **Request 70**

GRANTED subject to a protective order whereby (i) HIPAA-protected patient identifying information produced in response to this Request shall be not disclosed to any third party other than Plaintiff's legal counsel and retained experts and (ii) documents produced in response to this Request shall be used by Plaintiff only for purposes of this lawsuit and not for any other purpose, such as marketing of Columbia Healthcare Analytics, Inc.

     d.  **Request 71**

GRANTED subject to a protective order whereby (i) HIPAA-protected patient identifying information produced in response to this Request shall be not disclosed to any third party other than Plaintiff's legal counsel and retained experts and (ii) documents produced in response to this Request shall be used by Plaintiff only for purposes of this lawsuit and not for any other purpose, such as marketing of Columbia Healthcare Analytics, Inc.

     e.  **Request 72**

GRANTED subject to a protective order whereby (i) HIPAA-protected patient identifying information produced in response to this Request shall be not disclosed to any third party other than Plaintiff's legal counsel and retained experts and (ii) documents produced in response to this Request shall be used by Plaintiff only for purposes of this lawsuit and not for any other purpose, such as marketing of Columbia Healthcare Analytics, Inc.

     f.  **Request 73**

Defendants represent they have no documents responsive to this request. Based thereon, the motion to compel is DENIED.

     g.  **Request 74**

GRANTED subject to a protective order whereby (i) HIPAA-protected patient identifying information produced in response to this Request shall be not disclosed to any third party other than Plaintiff's legal counsel and retained experts and (ii) documents produced in response to this Request shall be used by Plaintiff only for purposes of this lawsuit and not for any other purpose, such as marketing of Columbia Healthcare Analytics, Inc.

     h.  **Request 76**

Defendants represent that have no documents responsive to this request, because the dictation logs that were the subject of this request were automatically deleted after six months and prior to commencement of this litigation. Plaintiff contends that Defendants were sent a litigation hold letter, and should not have allowed the logs to be destroyed.  Plaintiff's motion for an order compelling the production of the dictation logs is DENIED WITHOUT PREJUDICE. Plaintiff may file a motion seeking sanctions for spoilation or spoilation instructions.

### i. **Requests 77 and 78**

The parties stipulated that (i) Defendant County of Kern would provide Plaintiff by close of business on Wednesday, October 1, 2008, with the Bates Stamp numbers of the documents which they have already produced in response to these Requests and (ii) in the event documents have not been so produced, Defendant County of Kern shall promptly produce such documents to Plaintiff. The Court accepts this stipulation and makes it an order of the Court.

### j. **Request 102**

Withdrawn by Plaintiff.

### k. **Request 103**

Withdrawn by Plaintiff.

### l. **Request 104**

Withdrawn by Plaintiff.

### m. **Request 105**

Withdrawn by Plaintiff.

IT IS HEREBY FURTHER ORDERED that Defendant shall make documents responsive to the foregoing Requests with respect to which the Court has granted Plaintiff's motion to compel, available for Plaintiff's inspection and copying, at Plaintiff's expense, at Kern Medical Center at 10 a.m. on October 9 and 10, 2008, as well as each working day of the following week, if necessary.

IT IS HEREBY FURTHER ORDERED that Defendant's request to be provided a copy, at Defendant's expense, of any such documents which Plaintiff copies is DENIED.

IT IS HEREBY FURTHER ORDERED that Plaintiff's request for sanctions in the amount of $5,120 is taken under submission.

IT IS SO ORDERED.

Dated:   **October 6, 2008**                              **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE