IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O., | Case No. 1:07-cv-00026-OWW-TAG |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST FOR SANCTIONS |
| vs. | (Doc. 215) |
| COUNTY OF KERN, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff's motion to compel further production of documents and request for monetary sanctions (Doc. 215) came on regularly for hearing before United States Magistrate Judge Theresa A. Goldner on September 29, 2008 at 9:00 a.m. in the United States District Court courtroom at 1300 18th Street, Suite A, Bakersfield, California.  Eugene D. Lee appeared for Plaintiff and Mark A. Wasser appeared for Defendants.  The Court ruled from the bench as to the majority of the requests for production that were the subject of the motion, agreed to and thereafter did conduct an in camera review as to the documents identified on Defendants' privilege log as Bates Stamp numbers 16683-16894, ordered the parties to meet, confer, and report back to the Court as to the requests for production numbered 66 and 67, and took the request for sanctions under submission.

On October 6, 2008, the Court issued a written order granting the motion to compel further production in part and denying it in part, including granting the motion as to the documents identified as Bates Stamp numbers 16683-16894. (Doc. 240). On October 10, 2008, Defendants' attorney advised the Court by letter copied to Plaintiff's attorney, that the parties had met, conferred, and resolved their disagreements regarding the requests for production numbered 66 and 67. Thus, the only issue left to be decided is Plaintiff's request for monetary sanctions.

### **Analysis**

When a motion for an order compelling disclosure or discovery is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R.Civ.P. 37(a)(5)(C). What constitutes reasonable expenses is a matter for the Court's discretion. See Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc. 233 F.R.D. 648, 654 (C.D. Cal. 2006).

Here, Plaintiff's motion was granted in part and denied in part, and Plaintiff has requested an award of $5,120.00 in attorney's fees. Plaintiff's requests for production of documents were directed to Defendant County of Kern. In determining whether to apportion fees, the Court has considered whether Defendant County of Kern was substantially justified in refusing to produce the requested documents before the motion was filed, and concludes that it was not, because the majority of its responses to Plaintiff's requests for production asserted unfounded objections including a non-applicable state law medical peer review privilege that had already been the subject of a prior discovery motion in this case.

In determining how to apportion Plaintiff's expenses in bringing the motion, the Court has also considered Plaintiff's relative degree of success in bringing the motion, the number of hours reasonably expended by Plaintiff's attorney, and the propriety of the hourly rate requested by counsel in light of his experience and the level of sophistication required in this matter. See Green v. Baca, 225 F.R.D. 612, 614-615 (C.D. Cal. 2005). At the motion hearing, the attorneys were given an opportunity to argue each item or category of documents sought to be compelled

as well as the sanction request, each were given an opportunity to consider the opposing party's position, and each of them made concessions.  For example,  Plaintiff withdrew his motion to compel as to three items on Defendant's privilege log and four of the requests for production, albeit after Defendants' attorney represented that the latter had already been produced or could not be located.  Similarly, Defendant agreed to produce at least three of the items on the privilege log and the documents that are the subject of at least five of the requests for production, albeit subject to a stipulated protective order.  As reflected in the Court's written order after hearing (Doc. 240), the motion to compel was granted as to all but two of the requests for production.

Plaintiff asks the Court to order that he be compensated at the rate of $400.00 per hour for time spent by his attorney.  The declaration of Plaintiff's attorney states that he charges $400 per hour, spent in excess of 8.8 hours meeting and conferring with opposing counsel, researching and drafting the moving papers, and anticipated spending and additional 4 hours, traveling and attending the motion hearing.  (Doc. 227-2, pp. 179-180)[1].  Plaintiff seeks " $5,120 in compensation for the 8.8 hours charged ($3,520), and 4 hours anticipated to be charged ($1,600), in connection with this motion and underlying dispute." (Id. at p. 180).  The Court finds no need to reduce the requested number of hours.  However, the Court finds that the hourly rate requested is excessive given the experience of counsel, the nature of the work performed in this matter, and the community standard for attorneys' fees.

The Court has considered the relative merits of each party's position on the motion, the degree of success in bringing the motion, the hours reasonably expended by Plaintiff's attorney, and the propriety of the hourly rate requested by Plaintiff's attorney, as part of the totality of the circumstances surrounding this discovery dispute.  Based on the totality of the circumstances, the Court concludes that Plaintiff is entitled to recover attorney's fees in the amount of $3,200.00, which the Court finds is an appropriate apportionment of Plaintiff's reasonable expenses for bringing the instant motion.

---

[1] The page numbers reflect the Court's electronic case filing headers.

**Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for sanctions on the motion to compel (Doc. 215) is GRANTED as follows:

Plaintiff is awarded $3,200.00 in attorney's fees as reasonable expenses pursuant to Fed.R. Civ.P. 37(a)(5)(C), to be paid by Defendant County of Kern within thirty days from the date of this Order.

IT IS SO ORDERED.

Dated:   **October 15, 2008**                             **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE