**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAVID F. JADWIN, D.O.,** <br><br>         Plaintiff, <br><br>    v. <br><br> **COUNTY OF KERN; PETER BRYAN (BOTH individually and in his former capacity as Chief Executive Of Kern Medical Center); IRWIN HARRIS, M.D.; and DOES 1 through 10, inclusive,** <br><br>         Defendants. | 1:07-CV-00026-OWW-TAG <br><br> ORDER RE CAL. HEALTH & SAFETY CODE § 1278.5 CLAIMS |

## I. INTRODUCTION

In this employment case, Plaintiff David F. Jadwin, D.O. ("Plaintiff") and Defendants County of Kern ("County"), Peter Bryan and Irwin Harris, M.D., filed cross-motions for summary judgment on all eleven claims in Plaintiff's Second Amended Complaint. Defendants filed a separate motion for judgment on the pleadings on the ground that Plaintiff's state law claims are barred by virtue of Plaintiff's failure to comply with California's Government Claims Act. One count in Plaintiff's Second Amended Complaint asserts that the County violated California Health & Safety Code § 1278.5. Supplemental briefing is necessary to address issues raised by this claim.

1

## II. BRIEF BACKGROUND

In Plaintiff's last pleading, i.e., his Second Amended Complaint (Doc. 241), filed October 7, 2008, he pled that the County retaliated against him in violation of Health & Safety Code § 1278.5. This statute has been amended since it was enacted in 1999. Effective January 1, 2000, to December 31, 2007, the original statute provided in pertinent part as follows:

> (a) The Legislature finds and declares that it is the public policy of the State of California to encourage patients, nurses, and other health care workers to notify government entities of suspected unsafe patient care and conditions. The Legislature encourages this reporting in order to protect patients and in order to assist those government entities charged with ensuring that health care is safe. The Legislature finds and declares that whistleblower protections apply primarily to issues relating to the care, services, and conditions of a facility and are not intended to conflict with existing provisions in state and federal law relating to employee and employer relations.
>
> (b)(1) No health facility shall discriminate or retaliate in any manner against any patient or employee of the health facility because that patient or employee, or any other person, has presented a grievance or complaint, or has initiated or cooperated in any investigation or proceeding of any governmental entity.
> . . . .
>
> (d) Any discriminatory treatment of an employee who has presented a grievance or complaint, or has initiated, participated, or cooperated in any investigation or proceeding of any governmental entity as specified in subdivision (b), if the health facility had knowledge of the employee's initiation, participation, or cooperation, shall raise a rebuttable presumption that the discriminatory action was taken by the health facility in retaliation, if the discriminatory action occurs within 120 days of the filing of the grievance or complaint. For purposes of this section, 'discriminatory treatment of an employee' shall include discharge, demotion, suspension, any other unfavorable changes in the terms or conditions of employment, or the threat of any of these actions.
> . . . .
>
> (g) An employee who has been discriminated against in employment pursuant to this section shall be entitled to

       **reinstatement, reimbursement for lost wages and work benefits caused by the acts of the employer, and the legal costs associated with pursuing the case.**

**Cal. Health & Safety Code § 1278.5(a), (b)(1), (d) & (g) (Deering's Supp. 2000).[1] There is no contention in the pleadings or otherwise that any of the purported retaliation in this case occurred after December 31, 2007. Indeed, Plaintiff's employment as a pathologist with the County at the Kern Medical Center ("KMC") ended by October 2007, when his employment contract expired.**

       **Effective January 1, 2008, § 1278.5 of the Health & Safety Code was amended, and it now provides in pertinent part as follows:**

       **(a) The Legislature finds and declares that it is the public policy of the State of California to encourage patients, nurses, members of the medical staff, and other health care workers to notify government entities of suspected unsafe patient care and conditions. The Legislature encourages this reporting in order to protect patients and in order to assist those accreditation and government entities charged with ensuring that health care is safe. The Legislature finds and declares that whistleblower protections apply primarily to issues relating to the care, services, and conditions of a facility and are not intended to conflict with existing provisions in state and federal law relating to employee and employer relations.**

       **(b)(1) No health facility shall discriminate or retaliate, in any manner, against any patient, employee, member of the medical staff, or any other health care worker of the health facility because that person has done either of the following:**

       **(A) Presented a grievance, complaint, or report to the facility, to an entity or agency responsible for accrediting or evaluating the facility, or the medical**

---

[1] **To facilitate the parties' research, this version of the statue can also be found by entering the citation to Health & Safety Code § 1278.5 on Westlaw and then, once the statute appears, by clicking on the "Versions" section under the heading "Full-Text Document."**

3

staff of the facility, or to any other governmental entity.
. . . .

(2) No entity that owns or operates a health facility, or which owns or operates any other health facility, shall discriminate or retaliate against any person because that person has taken any actions pursuant to this subdivision.
. . . .

(d)(1) There shall be a rebuttable presumption that discriminatory action was taken by the health facility, or by the entity that owns or operates that health facility, or that owns or operates any other health facility, in retaliation against an employee, member of the medical staff, or any other health care worker of the facility, if responsible staff at the facility or the entity that owns or operates the facility had knowledge of the actions, participation, or cooperation of the person responsible for any acts described in paragraph (1) of subdivision (b), and the discriminatory action occurs within 120 days of the filing of the grievance or complaint by the employee, member of the medical staff or any other health care worker of the facility.

(2) For purposes of this section, discriminatory treatment of an employee, member of the medical staff, or any other health care worker includes, but is not limited to, discharge, demotion, suspension, or any unfavorable changes in, or breach of, the terms or conditions of a contract, employment, or privileges of the employee, member of the medical staff, or any other health care worker of the health care facility, or the threat of any of these actions.
. . . .

(g) An employee who has been discriminated against in employment pursuant to this section shall be entitled to reinstatement, reimbursement for lost wages and work benefits caused by the acts of the employer, and the legal costs associated with pursuing the case, or to any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law. A health care worker who has been discriminated against pursuant to this section shall be entitled to reimbursement for lost income and the legal costs associated with pursuing the case, or to any remedy deemed warranted by the court pursuant to this chapter or other applicable provision of statutory or common law. A member of the medical staff who has been discriminated against pursuant to this section shall be entitled to reinstatement, reimbursement for lost income resulting from any change in the terms or conditions of his or her

privileges caused by the acts of the facility or the entity that owns or operates a health facility or any other health facility that is owned or operated by that entity, and the legal costs associated with pursuing the case, or to any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law.

By the time this amended statute went into effect in 2008, Plaintiff's employment with the County had already ended. Again, there is no contention in the pleadings or otherwise that retaliation against Plaintiff occurred on or after January 1, 2008. Whether the new statute is retrospective has not been raised.

### III. DISCUSSION AND ANALYSIS

A comparison between the old and new version of Health & Safety Code § 1278.5 reveals the following textual changes:

- The new version explicitly prohibits retaliation against any "member of the medical staff" or "any other health care worker of the health facility," whereas the old version did not explicitly protect these individuals. The old version prohibited retaliation against "any patient or employee of the health facility."

- The new version applies to a "grievance, complaint, or report" presented to a party enumerated in the statute. The old version applies only to a "grievance or complaint."

- The new version applies to a grievance, complaint, or report "to the facility, to an entity or agency responsible for accrediting or evaluating the facility, or the medical staff of the facility, or to any other governmental entity." The old version of the statute did not explicitly specify to whom the "grievance or complaint" had to be made.

- The new version prohibits retaliation by an "entity that owns or operates a health facility, or which owns or operates any other health facility" and not just retaliation by the health facility at issue.

- The new version of the statute augmented the potential remedies which now (but did not previously) include "any remedy deemed warranted by the court pursuant to this chapter or any other applicable provision of statutory or common law." The new version also apparently treats an "employee" of, a "member of the medical staff" of, and a

5

          "health care worker" of, a health facility, as being distinct from one another.

In his summary judgment moving and opposition papers, Plaintiff relies on the new version of § 1278.5 to advance his retaliation claims.  For example, Plaintiff argues that at a medical conference held on October 12, 2005, he made a "protected *report* to KMC's *medical staff*" and, as a result, he was retaliated against in 2005. (Doc. 272 at 9.) (Emphasis added.)  Plaintiff clearly invokes text from the new version of the statute which provides protection for a "report" to the "medical staff."  The version of the statute in effect at the time of the medical conference did not, however, provide protection for a "report."  Nor did the version in effect at the time identify the "medical staff" as one of the potential targets to whom whistleblowing could be made.  Nor did the version in effect at the time expressly classify a "member of the medical staff" or any "other health care worker" as protected whistleblowers.[2]

In Plaintiff's opposition briefing to Defendants' motion for judgment on the pleadings, Plaintiff also reveals that he is attempting to sue under the new version of the statute. Plaintiff states that "[b]oth whistleblower statutes which Plaintiff is suing under – Labor Code § 1102.5 and Health & Safety Code § 1278.5 — expressly provide that an employee's reports to his public employer constitute whistleblowing. H&S § 1278.5(b)(1)(A); Labor C. §

---

[2] The version in effect at the time clearly prohibited retaliation against any "employee of the health facility[,]" but a member of the medical staff at a health facility, such as a physician, may not be an actual employee of the health facility.

6

1102.5(e)." (Doc. 293 at 5.)  Plaintiff's citation to "H&S § 1278.5(b)(1)(A)" is a reference to the new version of the statute – the old version did not contain this section (i.e., (b)(1)(A)).

Plaintiff's attempt to premise liability on the new version of the statute, which did not come into effect until after any alleged retaliation occurred, raises concerns regarding retroactive application of the statute. *See Myers v. Phillip Morris Companies, Inc.*, 28 Cal. 4th 828, 841 (2002) ("California courts comply with the legal principle that unless there is an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature ... must have intended a retroactive application.") (emphasis removed and internal quotation marks omitted).  The new version of § 1278.5 provides no express language on whether it applies retroactively, nor does it, on its face, purport to clarify the original meaning of the statute.

## IV. CONCLUSION

The parties shall have five (5) court days to address, with supplemental briefing, the following questions:

1.   Does revised § 1278.5 apply retrospectively?

2.   If revised § 1278.5 does not apply retrospectively, do Plaintiff's § 1278.5 claims survive?

3.   If revised § 1278.5 applies retrospectively, then how does this impact Defendants' motion for judgment on the pleadings given that the revised version did not exist at the time Plaintiff

**presented a claim or any "supplemented" claim to the County.³**

**The supplemental briefing shall not exceed seven (7) pages and shall address only the questions posed.**

IT IS SO ORDERED.

Dated:   March 2, 2009                        /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

---

³ **Plaintiff pled in his Second Amended Complaint that the last "supplemented Tort Claims Act complaint" that he submitted to the County was on October 10, 2007 (Doc. 241 at 30), which was during the reign of the old version of the statute. Plaintiff's pleadings also reveal that he did not present any claim to the County at any time after the effective date of the revised version of the statute (January 1, 2008).**

8