Eugene D. Lee (SB#: 236812)
LAW OFFICE OF EUGENE LEE
555 West Fifth Street, Suite 3100
Los Angeles, CA 90013
Phone: (213) 992-3299
Fax: (213) 596-0487
email: elee@LOEL.com

Attorney for Plaintiff
DAVID F. JADWIN, D.O.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **DAVID F. JADWIN, D.O.,**<br><br>       Plaintiff,<br><br>   v.<br><br>**COUNTY OF KERN,**<br><br>       Defendant. | Case No. 1:07-cv-00026 OWW DLB<br><br>**PLAINTIFF'S SUPPLEMENTED PRETRIAL STATEMENT**<br><br>TRIAL:      May 12, 2009<br><br>Complaint Filed: January 6, 2007 |

Pursuant to the Court's minute order of April 20, 2009, Plaintiff hereby submit his supplemented pretrial statement, accompanied by transmission via email to owworders@caed.uscourts.gov and DPell@caed.uscourts.gov.

The parties were unable to successfully meet and confer on the undisputed facts and the points of law. Plaintiff had cut and pasted adjudicated facts wholesale from the Court's Ruling on the cross-MSAs (Doc. 311). In contending that these were "undisputed facts", Plaintiff relied on the fact that during the pretrial conference, the Court assured Plaintiff that he did not have to re-litigate facts and elements that have already been adjudicated by this Court in the Ruling.  During meet and confer, Defendant objected to the writing style of the excerpts from the Ruling, citing it as inappropriate for a pre-trial statement. Plaintiff asked Defendant to make whatever stylistic revisions it felt was necessary, but Defendant

refused. Plaintiff now understands from the Court's Order of April 22, 2009 (Doc. 317) that the findings of undisputed facts made in the Court's cross-MSA Ruling of April 8, 2009 do not relate to the parties' cross-motions for summary adjudication, but relate only to their cross-motions for summary judgment; and that Plaintiff cannot rely on the findings of fact made by the Court in denying summary judgment as "undisputed facts". In the interests of judicial efficiency and fairness, Plaintiff respectfully requests that the Court either issue a ruling on the cross-motions for summary adjudication or adopt all of the findings of fact it made in its Cross-MSA Ruling of April 8, 2009 (Doc. 311) as undisputed findings of fact.

Because Plaintiff must preserve his right to appeal that these facts are "undisputed", Plaintiff cannot agree to the filing of a joint pre-conference statement.  Consequently, Plaintiff is filing this supplemental pretrial statement.

## I.   UNDISPUTED FACTS

### A.  FROM THE SCHEDULING ORDER (DOC. 29) (Admitted Facts Which Are Deemed Proven Without Further Proceedings)

1.      At all material times, Defendant Kern County was a local public entity within the meaning of sections 811.2 and 900.4 of the Government Code and is operating in Kern County, California.

2.      2. During the entire course of Plaintiff's employment, Defendant Kern County has continuously been an employer within the meaning of FMLA [29 C.F.R. § 825.105(C)], CFRA [Gov't Code § 12945.2(b)(2)] FEHA (Gov't Code § 12926(d)], and FLSA [29 U.S.C. § 203] engaged in interstate commerce, and regularly employing more than fifty employees within seventy-five miles of Plaintiff's workplace.

3.      Plaintiff has continuously been an employee of Defendant Kern County since October 24, 2000.

4.      Plaintiff is a pathologist whom Defendant County hired as a pathologist at KMC and appointed to the position of Chair of the Pathology Department.

5.      Plaintiff was compensated and provided with certain benefits pursuant to a written employment agreement, the terms of which speak for themselves.

6.      Defendant Kern County placed Plaintiff's initial salary level at Step C.

7.      Plaintiff requested and received leaves of absence and reduced work schedules, the terms

and conditions of and reasons for which are memorialized in writings that speak for themselves.

8.     Plaintiff's former attorney sent a letter to Kern County Counsel Bernard Barmann and Mr. Barmann met with Plaintiff on or about February 9, 2006.

9.     Defendant Bryan and Plaintiff exchanged written communications regarding Plaintiff's reduced work schedule and requests for leaves of absence. Plaintiff met with Defendant Bryan and others to discuss those subjects.

10.     Defendant Bryan and Plaintiff exchanged written correspondence regarding Plaintiff's tenure and performance as Chair of the Pathology Department at KMC. All the writings speak for themselves.

11.     On or about July 10, 2006, the JCC voted to remove Plaintiff from his position as Chair of the Pathology Department at Kern Medical Center.

12.     Plaintiff was removed from his position as Chair of the Pathology Department in part because he was neither working full-time nor present in the hospital.

13.     Defendant County subsequently amended Plaintiff's employment agreement to reduce Plaintiff's base compensation.

14.     Defendant County appointed Dr. Philip Dutt Acting Chair of the Pathology Department.

15.     Plaintiff returned to work as a staff pathologist at KMC on October 4, 2006.

16.     Plaintiff exchanged written correspondence with KMC Interim CEO David Culberson and those writings speak for themselves.

17.     Defendant Kern County placed Plaintiff on paid administrative leave, which continues to this date.

18.     Plaintiff filed a claim with Defendant Kern County and the claim was rejected.

19.     Any acts or omissions of the individual Defendants were under color of law.

### B.  PLAINTIFF'S EMPLOYMENT

20.     Pursuant to his employment contract, Plaintiff was a "core physician."

21.     On October 24, 2000, Plaintiff signed an employment contract with the County. The term of Plaintiff's employment was set to expire on November 30, 2006. According to Exhibit A, Plaintiff, in his role as Pathology Chairman, was expected to serve as the medical director for the anatomic

pathology service and clinical laboratories at KMC, and report to the KMC Medical Director.

22.     On October 5, 2002, Plaintiff executed a second employment contract which called for a term ending October 4, 2007. The contract provided that, as a Core Physician, Plaintiff must perform certain services as set forth in Exhibit A.

23.     Plaintiff had a term employment contract giving him a right to be employed as a core physician for five years (from October 5, 2002 to October 4, 2007).

24.     Plaintiff requested and received leaves of absence and reduced work schedules, the terms and conditions of and reasons for which are memorialized in writings that speak for themselves.

### C. CHRONOLOGY

25.     Plaintiff's former attorney sent a letter to Kern County Counsel Bernard Barmann and Mr. Barmann met with Plaintiff on or about February 9, 2006.

26.     Defendant Bryan and Plaintiff exchanged written communications regarding Plaintiff's reduced work schedule and requests for leaves of absence. Plaintiff met with Defendant Bryan and others to discuss those subjects.

27.     Defendant Bryan and Plaintiff exchanged written correspondence regarding Plaintiff's tenure and performance as Chair of the Pathology Department at KMC. All the writings speak for themselves.

28.     On October 12, 2005, Plaintiff presented at an intra-hospital conference called the "Tumor Board." Plaintiff's presentation dealt with the medical appropriateness of a proposed radical hysterectomy for a KMC patient. Plaintiff believed the proposed hysterectomy was based on inaccurate pathology reports from outside reviewers and Plaintiff suggested that internal review of such outside work be conducted.

29.     Following the conference, three physicians who were in attendance – Drs. Albert McBride, William Roy, and Bill Taylor – submitted three letters of dissatisfaction to Dr. Irwin Harris, Chief Medical Officer, who was also in attendance.

30.     In a letter dated October 17, 2005, Plaintiff was informed that his "repeated misconduct at the Tumor Conference on October 12, 2005 was noted by numerous attendants, three of which have written letters of their dissatisfaction, which will be entered into your medical staff file. You exceeded

1    your time reasonably allotted for the presentation of pathologic findings, you ignored the requests of the

2    leader of the conference to be brief, and you became so detailed in trying to make your political point,

3    that you lost the audience and failed to meet the teaching objective of the conference for the benefit of

4    the residents." (Doc. 266 at 129.) Plaintiff did not believe that the criticism was justified.

5            31.     A few months later, Plaintiff took a leave of absence in the form of a reduced work

6    schedule. (Doc. 278 at 23). In a letter to Bryan dated January 9, 2006, Plaintiff requested a leave of

7    absence in light of "depression" he had developed as a result of alleged professional mistreatment and

8    harassment. The letter is actually incorrectly dated January 9, "2005." According to Plaintiff, it is

9    supposed to be dated January 9, "2006." (Pl. Dep. Vol. II. 496:9-20.) No party disputes this fact.

> During the past five years I have performed impeccable service for KMC each and every
> day. Virtually every interaction I have had with hundreds of KMC associates has been
> professional, respectful and courteous.  I have always performed or tried to perform my
> duties in a virtuous and ethical manner. I have received high performance ratings from
> staff and residents on departmental evaluations.
>
> Over the past several years I have been the victim of professional mistreatment by a few
> members of the medical staff. You are aware of these instances, as they have been
> discussed during multiple hospital leadership meetings and during our one-to-one
> meetings.  I do not consider these to be directly as a result of communication failures on
> my part, but rather inappropriate harassment by a small group [of] individuals. I believe
> this harassment is in response to the many quality management issues that I have raised.
>
> This harassment has led me [sic] develop depression and insomnia that has impacted my
> health and work. Although I enjoy much of my work at KMC, it is not possible for me to
> continue to work under this form of harassment. These issues largely have gone
> unresolved for years in spite of multiple requests from me for action.  The most recent
> issue involving the October Oncology Conference is to date still unresolved.
>
> This form of harassment is unacceptable and must be resolved quickly. I therefore
> request administrative leave with pay until this issue is resolved. It is my wish to resolve
> this issue immediately, and I request that you correct this hostile environment
> immediately.

(Doc. 266 at 133.)

        32.     It is undisputed that, on January 9, 2006, Plaintiff asked Bryan to allow Plaintiff to work

part-time and at home while Plaintiff was recovering from his disabling depression. (Doc. 278 at 28.)

        33.     On January 13, 2006, Plaintiff's psychiatrist, Paul Riskin, completed a form entitled

"Certification of Health Care Provider Medical Leave of Absence." The form states that Plaintiff's

medical condition or need for treatment commenced on "12-16-05" and the "probabl[e] duration of

medical condition or need for treatment" is "2-3 mo." Plaintiff's probable return date was listed as "3-

16-06." (Doc. 270 at 4.) On the form, Riskin identified his practice as "psychiatry" and certified that Plaintiff had a serious health condition. (Id.) He wrote that "it is my hope that 1-2 work days should be a reasonable schedule for a period of 2-3 months" and "Patient should work 1-2 days per week." (Id.) From the facts, it remains unclear whether the County actually received this form on January 13, 2006.

34.     On or about March 2, 2006, Plaintiff submitted a "Kern County Personnel Department Request For Leave Of Absence" form on which Plaintiff checked the box "Initial Request." (Doc. 270 at 6.) He requested a leave of absence from "12-16-05" to "3-15-06." (Id.) Under the section entitled "Mandatory Leave FMLA/CFRA" Plaintiff requested "Intermittent-Employee" leave. (Id.) He indicated that he had a physician's note.

35.     In a letter entitled "DESIGNATION OF LEAVE (Serious Health Condition of Employee-Intermittent)," dated March 2, 2006, Sandra Chester from Human Resources ("HR") informed Plaintiff that HR had been notified of his request for leave and, as HR understood it, Plaintiff intended for his leave to commence on December 16, 2005, and end on March 15, 2006.  (Doc. 259-6 at 6.) The letter also stated that "[b]ased on the information available to us, it appears that you are eligible for a leave under FMLA/CFRA.  Unless we provide you with information that your leave has not been approved or that we are withdrawing our FMLA/CFRA designation, the requested leave will count against your FMLA/CFRA entitlement." (Id.) On March 13, 2006, Plaintiff's request for leave was approved, i.e., Plaintiff's Request For Leave Of Absence form was marked as "approved" and signed. (Doc. 259-6 at 5.) It is undisputed that Plaintiff took a reduced schedule CFRA medical leave from December 16, 2005, to March 15, 2006. (Doc. 278 at 23.)

36.     On the day he was due back, March 16, 2006, Plaintiff wrote an e-mail to Bryan with the subject line "Leave of Absence." (Doc. 265 at 39.) In his e-mail, Plaintiff stated he would be taking a few more months of leave:

> I will be taking you (sic) suggestion and take 2 to 3 more months of leave. I am scheduled to have surgery on March 22, 2006 with a several week recovery time. I hope that appropriate LT coverage has been scheduled to assist Phil and Savita with the service work. It is quite demanding and they both appeared to be overworked when I last saw them. (Id.)

37.     In a letter dated April 20, 2006, Chester informed Plaintiff that his "Intermittent Leave of Absence expired on March 15, 2006. . . . [T]o extend your leave, you . . . need to complete the enclosed

Request for Leave of Absence form and return it to the Human Resources Office, no later than Tuesday April 25, 2006." (Doc. 259-6 at 10.)

38.    In response, Plaintiff submitted a Request For Leave Of Absence form dated April 26, 2006. (Doc. 259-6 at 11.) Plaintiff checked the box for "Extension Request" and requested a leave of absence extension from "3/15/06" to "9-15-06" with a return date of "9-16-06." (Id.) Plaintiff indicated he was requesting FMLA/CFRA leave for "non-Job Related/Illness or Disability" and had an accompanying physician's note. (Id.)

39.    Plaintiff's accompanying physician's note, another "Certification of Health Care Provider Medical Leave of Absence" form completed by Riskin, is dated April 26, 2006. (Doc. 259-6.) Riskin wrote that, "[t]his employee is unable to work full time and requires part-time or less to avoid worsening of his serious medical condition." (Id.) Riskin estimated that Plaintiff would need "weekly doctor's visits" and "treatment for 6 mo. to one year." (Id.)

40.    On April 28, 2006, Plaintiff had a meeting with Bryan, Karen Barnes (County Counsel) and Steve O'Conner from HR about Plaintiff's leave of absence.  Bryan composed an Officer Memorandum (dated April 28, 2006) purportedly summarizing the meeting. In the memorandum, Brian states:

> I provided you [Plaintiff] with the summary of your medical leave history (see attached). This packet contained the calculations and policies related to how the County of Kern handles medical leaves. In essence, you have 137 hours available to be taken before you hit the 480-hour limitation. Medical Leaves also run for a maximum of six months so this criterion sets June 16, 2006 as the last day available to you under this status. You said that you did not have any questions and I referred you to Human Resources, Steve O'Conner, should you have any questions about how to interpret the leave provisions.
>
> You also mentioned that you were scheduled to work on Monday May 1, 2006 and asked if I wanted you to be present. You also indicated that from that day, you would be out until further notice. I left the option of working on Monday to you and asked that you coordinate with Dr. Dutt about coverage. I also mentioned that after Monday it would be preferable for you not to have an intermittent work schedule and it would be easier on the department to just have you on leave until your status is resolved.
>
> Finally, I said that by June 16, 2006 you needed to give me your decision about your employment status. Your options were to either return full time or resign your position. As chairman, your department and the hospital needs you here full time. You indicated that you understood the deadline.

(Doc. 259-6 at 15.)

41.    While on full-time leave, in a letter dated May 31, 2006, Plaintiff wrote to Bryan to

request an extension of time to make a decision regarding his continued employment:

> As you know, you have requested that I give you my decision by June 16 as to whether I will be continuing on in or resigning from my position at the hospital. Unfortunately, I underwent sinus surgery in early May which took some time to recover from. Then last Monday, I suffered a serious fall that fractured my foot and avulsed a ligament from my ankle.

> I would greatly appreciate an extension on the June 16 deadline as my personal circumstances of late simply have not permitted me to consider and render such an important decision.

(Doc. 259-7 at 2.)

42.     In response, Bryan e-mailed Plaintiff on June 13, 2006, and sent a hard copy letter on June 14, 2006.  The letter reads as follows:

> I was sorry to hear of your accident. It seems as though it has been one thing after another for you and I can imagine your growing frustration with not being healthy.

> My response to your request for an extension of leave has two parts to it.  First, I will grant you a Personal Necessity Leave of up to 90 days.  This is predicated on your providing a physician's note indicating the ailment. This is common practice with the County and I want to make sure that we are consistent in following policy.

> This extension of leave, however, applies only to your employment status. It does not apply to your appointment as chairman and the associated duty assignments, which brings me to the second part of this extension.  You have essentially been out either full- or part-time for the past eight or nine months.  You have used all of your vacation and sick time in addition to being in a non-pay status for six months, and while I understand the circumstances, it does not diminish the fact that the Department of Pathology needs a full-time chairman.  For this reason, I am going to enact the provisions of the Medical Staff Bylaws, Paragraph 9.6-4, REMOVAL, and rescind your appointment as chairman. I regret that I have to do this but KMC is going through some challenging times and we need a full complement of leaders. Your continued unavailability creates a void that must be filled. This decision is effective June 17, 2006.

> The obvious question that I am sure comes to mind is, 'what does this mean for me?' This essentially means that should you decide to return to work at KMC either within this 90-day period or at the end of it, your contract will be changed to reflect a regular staff pathologist duty assignment. The amount of time you spend will be mutually agreeable, but your duties will not include those of the chairman.

(Doc. 259-7 at 3.)

43.     In a memorandum he drafted to the JCC dated July 10, 2006, Bryan requested that the Committee endorse his recommendation to rescind Plaintiff's appointment as Chairman of the Pathology Department. (Doc. 259-3 at 22.)

44.     Bryan's recommendation letter, dated July 10, 2006, to the JCC began as follows:

> Under the provisions of paragraph 9.7-4 of the Medical Staff Bylaws (enclosure 1) I recommend that Dr. David Jadwin be removed as Chairman, Department of Pathology.

1

This recommendation is based on Dr. Jadwin's unavailability for service because of extended medical leaves for non-work related ailments.

2

(Doc. 266-2 at 31.)

3

45.      Bryan then gave a chronology of events, including Plaintiff's absences from work while

4

he was on FMLA leave from December 15, 2006 to March 16, 2006, and Plaintiff's full-time FMLA

5

leave starting in May 2006. In the last event in his chronology, Bryan stated:

6

Since the middle of November 2005 Dr. Jadwin has worked only 32% of the hours
normally expected of a full time pathologist (enclosure 9). Since my notice of June 14,
7

2006 Dr. Jadwin has made no attempt to contact me concerning my decision to relieve
him of his chairman duties nor has he indicated any desire to negotiate a new contract.

8

9

(Id at 32.)

10

In closing, Bryan wrote:

11

This recommendation to rescind Dr. Jadwin's appointment as Chairman, Department of
Pathology is based solely on his continued non-availability to provide the leadership
12

necessary for a contributing member of the medical staff leadership group. KMC must
have its key personnel available, and Dr. Jadwin has provided no indication that he is
13

committed to return to work or resume his duties as chairman. Other than his latest
written communication requesting an extension of medical leave, Dr. Jadwin has made
14

no attempt in the last two months to contact me concerning his employment status or
how the Department of Pathology should be managed during his extended absence.

15

I therefore request that the Joint Conference Committee act pursuant to paragraph 9.7-4
of the Medical Staff Bylaws and, by majority vote, endorse my recommendation to
16

rescind Dr. Jadwin's appointment as Chairman, Department of Pathology.

17

(Id.)

18

46.      The Committee endorsed Bryan's recommendation by a majority vote and Plaintiff lost

19

his chairmanship on July 10, 2006. (Doc. 266-2 at 29.) This vote came after Plaintiff had taken a

20

medical leave of absence.

21

47.      Plaintiff was removed from his position as Chair of the Pathology Department in part

22

because he was neither working full-time nor present in the hospital.

23

48.      The removal necessitated a reduction in Plaintiff's base compensation. On September 15,

24

2006, the County's counsel and Plaintiff's attorney communicated regarding the amendment to

25

Plaintiff's employment contract. In an e-mail dated September 15, 2006, from Barnes (the County's

26

counsel) to Eugene Lee (Plaintiff's counsel), Barnes attached a copy of the proposed amendment and

27

stated: "As I mentioned, the amendment, which must be approved by the Kern County Board of

28

Supervisors before Jadwin can begin to work, reflects changes to the base salary and the job duties

consistent with Dr. Jadwin's change in status from department chair to staff pathologist." (Doc. 267 at 19.)

49.     Defendant County subsequently amended Plaintiff's employment agreement to reduce Plaintiff's base compensation and revise his job duties. (Doc. 259-11 at 10-11.). The end date of his employment term (October 4, 2007) remained unaltered.

50.     Defendant County appointed Dr. Philip Dutt Acting Chair of the Pathology Department.

51.     Plaintiff returned to work as a staff pathologist at KMC on October 4, 2006.

52.     Plaintiff exchanged written correspondence with KMC Interim CEO David Culberson and those writings speak for themselves.

53.     Plaintiff, for the first time, reported various concerns he was having to outside authorities, including the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO"), the College of American Pathologists ("CAP"), and the California Department of Health Services ("DHS"). (Doc. 272-2 at 5.) These outside reports dealt with a host of issues including "[l]ost and incomplete product chart copies related to blood transfusion" and "[s]torage of calvarium bone flaps for reimplantation in unsafe storage and without state tissue bank license." (See, e.g., Doc. 260-2 at 22.)

54.     Defendant Kern County placed Plaintiff on involuntary administrative leave from October 7, 2006 to October 4, 2007 pending resolution of a personnel matter. David Culberson, the Interim CEO, sent a hand delivered letter to Plaintiff informing Plaintiff that he was being placed on paid administrative leave effective immediately. (Doc. 259-10 at 39.).

55.     In a letter to David Culberson dated December 13, 2006, Plaintiff informed hospital administration that he had notified outside authorities of alleged violations. (Doc. 265 at 79; Doc. 278 at 6.)

56.     Plaintiff remained on administrative leave until his contract expired on October 4, 2007.

57.     It is undisputed that, to this day, Plaintiff has not personally received an explanation from Defendants as to why he was placed on administrative leave or why his contract was not renewed despite repeated requests for an explanation. (Doc. 278 at 7.)

58.     The County actually admitted in its response to Plaintiff's statement of undisputed material facts that a decision was made not to renew Plaintiff's contract. (Doc. 278 at 7.)

59.     Defendant County has provided Plaintiff with the information he requested from the computer that had been previously assigned to him.

60.     Plaintiff filed a claim with Defendant Kern County and the claim was rejected.

61.     Before his contract term expired, on January 6, 2007, Plaintiff filed his first Complaint in this action. (Doc. 2.)

62.     Philip Dutt was placed on administrative leave in 2008.

63.     Savita Shertudke was placed on administrative leave in 2008.

**D.  PCC**

64.     In a letter dated January 9, 2006, Plaintiff stated:

All transfusion product chart copies must be directed to the blood bank for assessment immediately following transfusion. The problems with incomplete product chart copies have been discussed multiple times with nursing and yourself. As medical director of the blood bank, I have an obligation to ensure that KMC is in compliance with state & federal regulations and AABB accreditation standards. It is my opinion as blood bank director that until nursing can otherwise assure than all product chart copies are properly completed, the blood bank must perform immediate monitoring of all product chart copies to ensure completion or corrective action.5

65.     (Id.) A few months later, Plaintiff sent Bryan an e-mail on April 17, 2006, with the subject line "Compliance with Regulations." This e-mail discussed deficiencies in the PCCs:

Peter:

I have completed an analysis of the 57 memos sent to nursing over the past several months detailing deficiencies in product chart copies (PCCs).  I have not received an administrative response to the memos. These memos detail 34 instances of missing verification signatures, either one or both, required by regulations and standards.

Six PCCs were not located in the chart, a noticeable improvement over past performance.

One hundred fifty nine (159) PCCs had one or more other lesser, but still important deficiencies.

Two transfusions were not reported on the PCCs or to the blood bank.

The five charts reviewed without deficiency by the JCAHO that you cited on April 13th during our meeting is obviously too small a sample.

I am extremely concerned about the lack of administrative communication, attention and significant improvement in this area. This is a compliance issue that involves Federal regulations, California regulations and accreditation standards for the JCAHO, CAP and AABB.  As the Medical Director of the Blood Bank I must advise you again that these deficiencies must be corrected immediately to meet 100 percent compliance, especially for verification signatures and lost PCCs. I have proposed several different strategies

over the past several years for achieving almost immediate results, but I am unaware that any corrective action has been put into place.

You and I have an ethical and regulatory duty to correct this situation in a timely manner. After multiple requests for action, I cannot conscientiously sit back any longer.

I therefore request a meeting with yourself, Mr. Barmann, Dr. Kercher, Dr. Harris and me to discuss a resolution for this dilemma and thereby reduce serious liability for Kern County and KMC.

(Doc. 265 at 90.)

66.     As a threshold matter, Plaintiff asserts and Defendants acknowledge that the County employed Plaintiff, and the County is a "government agency" under Labor Code § 1102.5.

67.     Section 1602.5 of the Health & Safety Code provides in pertinent part as follows:

(a) No person shall engage in the production of human whole blood or human whole blood derivatives unless the person is licensed under this chapter and the human whole blood or human whole blood derivative is collected, prepared, labeled, and stored in accordance with both of the following:

(1) The standards set forth in the 13th Edition of 'Standards for Blood Banks and Transfusion Services,' as published by the American Association of Blood Banks and in effect on November 15, 1989, or any amendments thereto or later published editions or amendments thereto. These shall be the standards for all licensed blood banks and blood transfusion services in the state.

(2) Those provisions of Title 17 of the California Code of Regulations that are continued in effect by subdivision (c) or that are adopted pursuant to subdivision (b).

68.     Plaintiff provides an e-mail, dated May 20, 2005, which he sent to Toni Smith, Chief Nurse Executive at KMC. In this e-mail, Plaintiff recounts a conversation he had with "Holly Rapp, AABB Accreditation Director." (Doc. 265 at 121.) The e-mail (which contains some connected words) states:

Telephone Conversation: Holly Rapp, AABB Accreditation Director [telephone number].

•     California accepts compliance with AABB accreditation standards as fulfilment of California State Regulations regarding blood component therapy

•     AABB Standards, 23rd Edition (2004) state: The patient's medical record shall include: transfusion order, the name of the component, the donor unit or pool identificationnumber, the date and time of transfusion, pre-and post-transfusion vital signs, theamount transfused, the identification of the transfusionist, and if applicable, transfusion adverse events.

•     The standards do not define what constitutes the 'patient's medical record'.

•     She stated that the medical record may be construed as records other than thepatient's chart.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

•       When I explained the proposal to store the PCC records in the transfusion department, she said that this would be acceptable. In her experience, it is customary for the bloodbank to at least receive a copy of the PCC.

•       When I explained the problems with misplaced and incomplete documents, she said thatthis must be corrected immediately. If this requires sending all PCCs to the blood bank inthe interim to gain control of the situation, then this should be done.

(Id.)

69.    Defendants do not dispute that Plaintiff had this conversation with Rapp or that Plaintiff's e-mail accurately documents the conversation. Defendants include this same e-mail in their separate statement of undisputed material facts. Defendants do not specifically challenge Plaintiff's argument that he had a reasonable belief that incomplete PCCs were unlawful.

70.    Based on his unchallenged conversation with the AABB Accreditation Director, Plaintiff arguably had a reasonable belief that incomplete PCCs violated the AABB standards, which in turn violated Health & Safety Code § 1602.5(a)(1). That Plaintiff suggested a course of action to remedy the situation, or that Plaintiff was motivated by a desire to monitor the PCCs himself in the Pathology Department, does not negate his reasonable belief.

**E.  FMLA/CFRA**

71.    To establish a FMLA interference claim, Plaintiff must show: (1) he is an eligible employee; (2) his employer is an employer under the FMLA; (3) he was entitled to take the FMLA leave at issue; (4) he gave adequate notice of his intention to take the leave; and (5) the defendant denied him, or actually discouraged him from taking, such leave. See Price v. Multnomah County, 132 F. Supp. 2d 1290, 1297 (D. Or. 2007); see also Hurley v. Pechiney Plastic Packaging, Inc., 2006 WL 708656, No. C 05-05028 JSW, at *3. (N.D. Cal. Mar. 16, 2006). "A violation of the FMLA simply requires that the employer deny the employee's entitlement to FMLA leave." Liu, 347 F.3d at 1135. Elements (1)-(4) are indisputable. After Plaintiff submitted his FMLA documentation for an extension on his leave (April 26, 2006), Plaintiff had his meeting with Bryan and others (April 28, 2006) and was then given full-time FMLA leave starting in May 2006.

72.    In Faust v. California Portland Cement Co., the court explained:

Dudley v. Department of Transportation (2001) 90 Cal.App.4th 255, 261, addresses the elements of a cause of action for retaliation in violation of the CFRA. Dudley, which was guided by the federal law counterpart, sets forth the elements as follows: (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff

exercised her right to take leave for a qualifying CFRA purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of her exercise of her right to CFRA leave. Once an employee establishes a prima facie case, the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment action. If the employer produces a legitimate reason for the adverse employment action, the presumption of retaliation drops out of the picture, and the burden shifts back to the employee to prove intentional retaliation.

150 Cal. App. 4th 864, 885 (2007) (internal citations and quotation marks omitted). With respect to the first three elements of CFRA retaliation, Defendants admit that Plaintiff took a CFRA leave from December 16, 2005 to March 15, 2006. (Doc. 278 at 23.) Defendants also concede that Plaintiff took additional CFRA leave because Defendants acknowledge that Plaintiff exhausted his CFRA leave by June 2006.

73.   As of 12/16/05, Plaintiff was eligible for medical leave under FMLA/CFRA.

74.   No party seriously disputes that Plaintiff had a "serious health condition" under the FMLA – depression.

75.   There is no dispute that the County is an employer subject to the FMLA/CFRA.

76.   There is no dispute that Plaintiff took FMLA/CFRA medical leave.

77.   The County explicitly, in writing, approved Plaintiff's first "FMLA" leave request. (Doc. 266-2 at 65.)

78.   After Plaintiff had taken approved FMLA leave, on April 28, 2006, in a meeting between Plaintiff, Bryan, Steve O'Connor from HR, and Karen Barnes (the County's counsel), Bryan provided Plaintiff with a summary of Plaintiff's medical leave history. This history specifically stated that Plaintiff's "Intermittent LOA began 12/16/05" and the he was "entitled to 480 hrs (FMLA intermittent leave rule)." (Doc. 266 at 64) (emphasis added.) This medical leave history ended with a calculation of how many hours (of the 480) Plaintiff had left after considering his usage during pay periods spanning from December 2005 to March 2006, i.e., pay period "05-25," which covers 12/10/05 to 12/23/05, to pay period "06-07," which covers 04/01/06 to 04/14/06. (Id.; see also Lee Decl., Ex. 18 at 0001527.)

79.   Plaintiff was specifically informed that, based on his medical history, he had "137 hours available to be taken before [he] hit the 480-hour limitation." (Doc. 266-2 at 62.).

80.   As Bryan recounted in his recommendation letter to the JCC, "Dr. Jadwin was informed . . . that, at his rate of use, he had only 137 hours of medical leave left available which would take him

through June 16, 2006." (Doc. 266 at 32.)

81.    In response to Plaintiff's separate statement of undisputed material facts, Defendants "admit" that "Plaintiff requested and took reduced work schedule CFRA medical leave from December 16, 2005 to at least March 15, 2006." (Doc. 278 at 23.)

82.    Thus, without question, Plaintiff's "FMLA" leave of absence between December 2005 and March 2006 was not only explicitly approved in writing, it was also counted against his FMLA allotment.

83.    Plaintiff took a second FMLA leave of absence after he submitted a second Request For Leave Of Absence form on April 26, 2006. In his second request (April 26, 2006), Plaintiff asked that his initial leave be extended. Then, after his meeting with Bryan and others on April 28, 2006, he was granted full-time FMLA leave until June 16, 2006.

84.    Plaintiff was on FMLA leave at minimum through the "06-09" pay period, which spanned from April 29, 2006 through May 12, 2006. (See Lee Decl., Ex. 18 at 0001527.)

85.    It is indisputable that Plaintiff had not exhausted his FMLA leave allotment by the end of his first leave of absence on March 15, 2006. Plaintiff subsequently went on a second full-time FMLA leave.

86.    Plaintiff took full-time leave until June 16, 2006, the date on which Plaintiff would have apparently exhausted all potential sources of leave entitlement (Doc. 266-2 at 5.). On that date, Plaintiff had to give the County an answer as to whether he would return to work full-time or not. (Id.).

## F.  RETALIATION

87.    On 6/29/06, Plaintiff's counsel sent a letter to Defendant's Deputy County Counsel, Karen Barnes, stating: "Dr. Jadwin is seeking to prosecute various employment-, tort- and contract-related claims arising out of, among other things [FEHA and CFRA]".

88.    On 8/3/06, Plaintiff filed a complaint with the Department of Fair Employment & Housing, disclosing alleged violations by Defendant of the FEHA and CFRA.

89.    On 1/7/07, Plaintiff filed the instant lawsuit against Defendants before his employment contract with the County expired. His original complaint in this action alleged a cause of action under § 2615 of the FMLA. This conduct constituted protected activity under § 2615(b)(1).

90.     The non-renewal of Plaintiff's contract can qualify as an adverse employment action.

## G.  DISABILITY DISCRIMINATION

91.     Defendants do not seriously dispute that Plaintiff had depression, a mental condition, while working for the County. In his letter to Bryan dated January 9, 2006, Plaintiff noted that he was suffering from "depression and insomnia." (Doc. 266 at 133.) Plaintiff's assertion that he was suffering from depression is corroborated by the forms that Plaintiff's doctor, Dr. Riskin, filled out to qualify Plaintiff for medical leaves. On these forms, Dr. Riskin identified his practice as "psychiatry" and indicated that Plaintiff needed treatment and reoccurring doctor's visits for his condition. (Doc. 270 at 4-6.) Plaintiff's assertion that he was suffering from depression is also corroborated by Dr. Reading, Plaintiff's forensic psychologist, who diagnosed Plaintiff as having a major depressive disorder:

> Dr. Jadwin developed an Axis I disorder during the course of working at Kern, consisting of a major depressive disorder. This was treated with both psychotherapy and psychotropic medication by Dr Riskin, while he continued to work, initially culminating in a regression of his symptoms and improvement in function by around 2004. He continued to function until the issues arising from the oncology conference in 2005 led to a further flare up of his depressive disorder, which had receded but not resolved at that time. Arising from this and its aftermath, he encountered a serious recurrence of his depressive disorder, which has continued to the current time.

(Doc. 269 at 61.)

92.     The County does not challenge that Plaintiff's depression qualifies as "any mental . . . disorder or condition" within the meaning of the FEHA.  See Auburn Woods I Homeowners Ass'n v. Fair Employment Hous. Comm'n, 121 Cal. App. 4th 1578, 1592-93 (2004) ("Numerous cases under state and federal law have held that depression and its related manifestations can meet the definition of disability under antidiscrimination laws.").

93.     Plaintiff has established that, at the time he sought a continuation of his reduced work schedule, he was limited in the major life activity of working. His doctor's certifications and his taking of leave reveal that his mental condition made it difficult for him to work full-time, which is certainly a "limitation" on working.

94.     Bryan/County had sufficient knowledge of Plaintiff's disability at the time of his requested accommodation.  Plaintiff's January 9, 2006, letter to Bryan specifically stated that Plaintiff had developed "depression and insomnia." (Doc. 266 at 133.)  In their response to Plaintiff's statement of undisputed material facts, Defendants concede that "[o]n January 9, 2006, Dr. Jadwin had asked

1    Defendant Bryan to allow him to work part-time and at home while he was recovering from his

2    disabling depression." (Doc. 278 at 28) (emphasis added.) Defendants also concede that "Bryan

3    admitted knowing that Dr. Jadwin needed leave because of his depression." (Doc. 278 at 27.)  In

4    addition to these concessions, Bryan attached Plaintiff's two requests for medical leave to the

5    memorandum he (Bryan) drafted summarizing the meeting on April 28, 2006. (Doc. 266-2 at 9-10.)

6    This demonstrates Bryan had access to some of Plaintiff's leave-related documentation and knew of

7    Plaintiff's medical request for additional leave.  Both of his requests for medical leave also noted, on

8    their face, that they were accompanied by a "Physician's Note." (Id.).

9          95.     Defendants concede that "Dr. Riskin's certifications stated that Plaintiff needed

10   medical/recuperative leave for depression from December 16, 2005 to September 16, 2006." (Doc. 278

11   at 27.) These forms indicated that Dr. Riskin's practice was "psychiatry" and recommended that Plaintiff

12   work less than full-time. (Doc. 270 at 4-6.) See Faust, 150 Cal. App. 4th at 887 (concluding that the

13   employee's submission of a chiropractor's "work status report" stating that the employee was "'unable

14   to perform regular job duties'" created a triable issue as to the employer's knowledge of the employee's

15   physical disability, noting that "an employer knows an employee has a disability when the employee

16   tells the employer about his condition, or when the employer otherwise becomes aware of the condition,

17   such as through a third party or by observation.").

18          96.     Because the JCC adopted Bryan's recommendation, Bryan's knowledge of Plaintiff's

19   disability is sufficient (Plaintiff need not separately prove the JCC also had the requisite knowledge at

20   the time of the removal vote).

21          97.     The County accommodated Plaintiff's disability for four months, "from December 16,

22   2005 to April 16, 2006, by providing him with the reduced work schedule medical leave" that he had

23   requested. (Doc. 272 at 23.)

24                    **H.  INTERACTIVE PROCESS**

25          98.     There can be no dispute that Plaintiff requested to continue working on a reduced

26   schedule.

27                    **I.  DUE PROCESS**

28          99.     Any acts or omissions of the individual Defendants were under color of law. There is no

dispute that the conduct at issue in this case occurred under the color of state law. (Doc. 278 at 32.)

100.     There can be no dispute that the JCC was acting pursuant to the bylaws in removing Plaintiff from his chairmanship.

101.     Dr. Leonard Perez's employment was terminated for cause. (Doc. 267-2 at 145.)

102.     It is clear that Plaintiff's contract explicitly called for a base salary. (Doc. 266 at 10.)  It is equally clear that a public employee can obtain a property interest in his or her earned or guaranteed compensation.  Orloff v. Cleland, 708 F.2d 372, 378 (9th Cir. 1983); Eguia v. Tompkins, 756 F.2d 1130, 1138 (5th Cir. 1985).

103.     Unquestionably, Plaintiff had a property interest in his guaranteed base salary (which he was paid in full while on administrative leave).

104.     Plaintiff's employment contract states that his compensation will be "composed of a base salary paid by the County, professional fee payments from third-party payors, and potential other income . . . ." (Doc. 266 at 10.) Plaintiff's employment contract further provides that "[p]rofessional fees include all professional fee collections or payments associated with direct patient care by Core Physician." (Doc. 266 at 12.)  In other words, in addition to base salary, Plaintiff generated professional fees by performing services.  In 2004, Plaintiff's professional fees were $131,709; for 2005, they were $103,444; and for 2006, they were $28,596.

105.     Defendant admits that "Plaintiff was placed on paid administrative leave on December 7, 2006, pursuant to the Kern County Policy and Procedures Manual." (Stmt of Undisp. Fact. ¶¶41, 41a)." (Doc. 253 at 33.)

106.     The section of the Kern County Policy and Procedures Manual (the "Manual") on "Administrative Leave With Pay" reads, in pertinent part, as follows:

> A department head may place an employee on administrative leave with pay if the department head determines that the employee is engaged in conduct posing a danger to County property, the public or other employees, or the continued presence of the employee at the work site will hinder an investigation of the employee's alleged misconduct or will severely disrupt the business of the department. During the administrative leave, the employee shall be ordered to remain at home and available by telephone during the normally assigned work day. A department head may, if necessary, adjust the employee's work schedule to provide availability during normal business hours, Monday through Friday, 8:00 AM to 5:00 PM. A department head may not order an administrative leave with pay for a period in excess of five assigned workdays within a single pay period without the written authorization of the Employee Relations Officer in the County Administrative Office.

(Doc. 259-10 at 40.)

107.     For Monell purposes, no party disputes that the County's Manual constitutes an official policy of the County.

108.     Plaintiff's employment contract states that he must "comply with all applicable KMC and County policies and procedures." (Doc. 266 at 22.) The County obviously takes the position that the Manual applied to Plaintiff's employment.

109.     According to the terms of his contract, his employment relationship could be terminated "at any time for cause." No other part of the contract gave the County the right to terminate his employment relationship without cause. Therefore, Plaintiff had a property interest in his continued employment relationship at least through the remainder of his term.

110.     Plaintiff's employment contract specified that he was subject to "all applicable KMC and County policies and procedures." (Doc. 266 at 22.) Once such policy was the Manual which provided that Plaintiff could be placed on paid administrative leave with pay under certain specified circumstances including when "the department head determines that the employee is engaged in conduct posing a danger to County property, the public or other employees, or the continued presence of the employee at the work site will hinder an investigation of the employee's alleged misconduct or will severely disrupt the business of the department." No other provision of Plaintiff's employment contract granted the County the right to place Plaintiff on paid administrative leave. By specifying the grounds on which Plaintiff could be placed on paid administrative leave, and by not contractually providing for any other right to place Plaintiff on paid administrative leave, the County implicitly limited its authority to place Plaintiff on paid leave to the specific reasons. See Sanchez, 915 F.2d at 429.

111.     Plaintiff's loss of potential professional fees was more than de minimis harm.

112.     Both Plaintiff and the County certainly envisioned that Plaintiff would be in a position to earn professional fees so that Plaintiff could obtain the fruits of his bargain.

113.     Plaintiff did not receive essential attributes of due process. Plaintiff was placed on administrative leave without any explanation as to what he had done or any opportunity to respond.

114.     The County admits that it made a decision not to renew Plaintiff's contract. (Doc. 278 at 7.) For Monell purposes, this is sufficient.

## II.  POINTS OF LAW

1

2

3

### A.  CFRA Denial/Interference.

4

The essential elements of a FMLA/CFRA Interference claim are (1) Plaintiff was eligible for

5

medical leave in that (a) he was an employee of Defendant, (b) Defendant employed 50 or more

6

employees within 75 miles of Plaintiff's workplace, (c) at the time Plaintiff requested leave he had more

7

than 12 months of service with Defendant and had worked at least 1,250 hours for Defendant during the

8

previous 12 months, and (d) at the time Plaintiff requested leave, Plaintiff had taken no more that 12

9

weeks of family care or medical leave in the 12-month period from December 16, 2005 and/or March

10

16, 2006; (2) Plaintiff requested leave for his own serious health condition; (3) Plaintiff provided

11

reasonable notice to Defendant of his need for reduced work schedule medical leave, including its

12

expected timing and length.  If Defendant notified its employees that 30 days' advance notice was

13

required before the leave was to begin, then Plaintiff must show that he gave that notice, or, if 30 days'

14

notice was not reasonably possible under the circumstances, that he gave notice as soon as possible. (4)

15

That Defendant refused to grant Plaintiff's request for reduced work schedule medical leave, forced

16

Plaintiff to take more leave that was medically necessary, miscalculated the number of hours of reduced

17

work schedule medical leave to which he was entitled, and failed to designate the reduced work schedule medical leave from March 16, 2006 onwards as medical leave. (5) That Plaintiff was harmed;

18

and (6) Defendant's decision and/or conduct was a substantial factor is causing Plaintiff's harm.

19

### B.  FMLA Interference/CFRA Retaliation

20

The essential elements of a FMLA Interference/CFRA Retaliation Claim are (1) Plaintiff was

21

eligible for medical leave in that (a) he was an employee of Defendant, (b) Defendant employed 50 or

22

more employees within 75 miles of Plaintiff's workplace, (c) at the time Plaintiff requested leave he had

23

more than 12 months of service with Defendant and had worked at least 1,250 hours for Defendant

24

during the previous 12 months, and (d) at the time Plaintiff requested leave, Plaintiff had taken no more

25

that 12 weeks of family care or medical leave in the 12-month period from December 16, 2005 and/or

26

March 16, 2006;, (2) Plaintiff requested and/or took medical leave, (3) Defendant demoted Plaintiff, cut

27

his pay, created a hostile work environment, and decided not to renew his employment contract; (4)

28

Plaintiff's request for and/or taking of medical leave was a negative factor/motivating reason for his

demotion, paycut, hostile work environment, and non-renewal of his employment contract; (5) Plaintiff was harmed; and (6) Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

### C. Disability Discrimination

The essential elements of a FEHA claim for disability discrimination are: (1) Defendant was an employer of five or more employees; (2) Plaintiff was an employee of Defendant; (3) Defendant thought/knew that Plaintiff had a mental/physical condition (chronic depression, nasal surgery, broken foot and avulsed ankle ligament) that limited the major life activity of working fulltime, enjoying life without anxiety and/or insomnia; breathing and exerting himself; and walking, standing, and sitting without elevating his foot, respectively; (4) Plaintiff was able to perform his essential job duties with accommodation for his chronic depression, nasal surgery, broken foot and avulsed ankle ligament; (5) Defendant demoted Plaintiff, cut his pay, created a hostile work environment, and decided not to renew his employment contract; (6) Plaintiff's history of chronic depression and/or contemporary chronic depression; and/or contemporary nasal surgery, broken foot and avulsed ankle ligament was/were a motivating reason for his demotion, paycut, hostile work environment, and non-renewal of his employment contract; OR Defendant's belief that Plaintiff had a history of chronic depression and/or contemporary chronic depression was a motivating reason for his demotion, paycut, hostile work environment, and non-renewal of his employment contract; (7) Plaintiff was harmed; and (8) Defendant's decision(s)/conduct was/were a substantial factor in causing Plaintiff's harm.

### D. Failure to Provide Reasonable Accommodation

The essential elements of a FEHA claim for Failure to Provide Reasonable accommodation are: (1) Defendant was an employer of five or more employees; (2) Plaintiff was an employee of Defendant; (3) Defendant thought/knew that Plaintiff had a mental condition (chronic depression) that limited his ability to work fulltime and to enjoy life without anxiety or insomnia (4) Defendant failed to provide reasonable accommodation for Plaintiff's chronic depression; (5) Plaintiff was harmed; and (6) Defendant's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

There is a split of authority as to whether Plaintiff is also required to prove that he was able to perform his essential job requirements with accommodation.

1

### E.  Failure to Engage in Good Faith in an Interactive Process

2

The essential elements of a FEHA claim for Failure to Engage in Good Faith in an Interactive

3

Process are:  (1) Defendant was an employer of five or more employees; (2) Plaintiff was an employee

4

of Defendant; (3) Plaintiff had a mental disability that was known to Defendant (4) Plaintiff requested

5

that Defendant make reasonable accommodation for his disability so that he would be able to perform

6

the essential job requirement; (5) Plaintiff was willing to participate in an interactive process to

7

determine whether reasonable accommodation could be made so that he would be able to perform the

8

essential job requirements; (6) Defendant failed to participate in a timely good-faith interactive process

9

with Plaintiff to determine whether reasonable accommodation could be made; (7) Plaintiff was harmed;

10

and (8) Defendant's failure to engage in a good-faith interactive process was a substantial factor in

11

causing Plaintiff's harm.

12

There is a split of authority whether Plaintiff is also required to prove that he was able to perform

13

his essential job requirements with accommodation.

14

### F.  Due Process Violation

15

The essential elements of a 42 U.S.C. 1983 claim for deprivation of property without due process

16

are:

17

(1) Plaintiff had a constitutionally protectable property right in avoiding placement on

18

administrative leave that was deprived when David Culberson placed him on administrative leave.

19

Qualls v. Cook, 245 F. App'x 624, 625 (9th Cir. 2007). Qualls v. Cook, 245 F. App'x 624, 625 (9th Cir.

20

2007).

21

(2) Defendant failed to provide Plaintiff with adequate due process in connection with placement

22

on administrative leave. Brewster v. Bd. of Educ., (9th Cir. 1998) 149 F.3d 971.

23

(3) David Culberson acted under color of law when he placed Plaintiff on administrative leave.

24

West v. Atkins, 487 U.S. 42, 49 (1988).

25

(4) Defendant acted pursuant to an expressly adopted official policy or a longstanding practice or

26

custom of Defendant Kern County when he placed Plaintiff on administrative leave without adequate

27

due process. Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 691 (1978). The exercise of the

28

policy was the moving force behind the deprivation. Board of County Comm'rs of Bryan County v.

Brown, 520 U.S. 397 (1997).

However, Plaintiff contends that the Court has already adjudicated many of the essential elements of Plaintiff's claims in its Ruling of April 8, 2009 (Doc. 311) on the cross-motions for summary judgment, and respectfully requests the Court to either issue an order on the parties' cross-motions for summary adjudication, or adopt all of the findings of fact made in its Ruling of April 8, 2009 as undisputed findings of fact.  (See Undisputed Facts section supra). If the Court does so, then Plaintiff contends that only the following elements of Plaintiff's claims remain in dispute.

1.   FMLA/CFRA Interference

**Plaintiff's taking of FMLA/CFRA medical leave was a negative factor in adverse employment actions that Defendant took against Plaintiff.**  Bachelder v. America West Airlines, Inc. 259 F.3d 1112, 1122 (9th Cir. 2001) (citing 29 Code of Federal Regulations § 825.220(c); 2.C.C.R. § 7297.7.

**Plaintiff had a medical need that was best accommodated through a reduced work schedule leave.** 29 CFR 825.202(b).

**Defendant forced Plaintiff to take more medical leave than necessary to address the circumstance that precipitated the need for the FMLA/CFRA leave.**  "An employee may not be required to take more FMLA leave than necessary to address the circumstance that precipitated the need for the leave."  29 CFR 825.203(d). A triable issue remains as to whether, in the words of Plaintiff, the County really "forced" him to take full-time FMLA leave even though he was entitled to a reduced leave schedule.  If Plaintiff can establish that he was entitled to a reduced leave schedule, and if the County nonetheless forced him to take full-time FMLA leave instead, Plaintiff would have been forced to forgo one right he had under the FMLA. See 29 U.S.C. § 2615(a) (making it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.") 29 U.S.C. § 2615(a) (emphasis added); See Sista v. CDC Ixis North America, Inc., 445 F.3d 161, 175 (2nd Cir. 2006) (recognizing that while the FMLA says "nothing about an employer's ability to 'force' an employee to take" FMLA leave, "if the [plaintiff] were able to demonstrate that such a forced leave interfered with, restrained, or denied the exercise or attempted exercise of a right provided under the FMLA, a cause of action might lie."); cf. Ragsdale v. Wolverine World Wide, Inc., 535 U.S.

81, 89-90 (2002) (recognizing that an employee might have a viable interference claim where the employee could take intermittent or full-time leave; however, because the employer failed to notify the employee of her rights under the FMLA, the employee unwittingly takes full-time leave instead of intermittent leave such that she has "no leave remaining for some future emergency."). The County makes no argument that it is permissible under the FMLA for an employer to force an employee who is entitled to a reduced leave schedule to take full-time FMLA leave instead.

Under the CFRA, it is unlawful for an employer "to refuse to grant a request" for CFRA leave made by an eligible employee for a qualifying reason. Cal. Gov't Code § 12945.2(a). Plaintiff makes the same claim under the CFRA that he does under the FMLA – that he was "forced" to take full-time leave when he was entitled to a reduced leave schedule. The same conclusions reached above apply equally to this CFRA claim. See Liu, 347 F.3d at 1132 n.4 (recognizing that leave denial/interference claims under the CFRA and FMLA can be analyzed together "[s]ince CFRA adopts the language of the FMLA and California state courts have held that the same standards apply.").

**Defendant interfered with Plaintiff's medical leave rights through miscalculation of the number of hours of medical leave to which plaintiff was entitled, through failing to designate Plaintiff's leave from March 16, 2006 to the end of Plaintiff's entitlement to medical leave; and through failing to .** 29 CFR 825.205(b)(1) and (b)(3), 2 CCR 7297.4(a)(1)(A)(B).

**Defendant's violation of FMLA was willful in that Defendant failed to act in good faith and lacked reasonable grounds for believing its actions were not a violation of FMLA.** 29 USC 2617(a)(1)(A)(iii); Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1130 (9th Cir. Ariz. 2001).

2.   Oppositional Retaliation (FMLA/CFRA/FEHA)

**Defendant Kern County discriminated against Plaintiff because he opposed practices that he reasonably believed were illegal under FMLA/CFRA/FEHA.** Gov't Code 12940(h); 29 U.S.C. § 2615(b)(2); Yanowitz v. L'Oreal 36 Cal. 4th 1028, 116 P.3d 1123 (2005); Flait v. North American Watch Corporation (1992) 4 Cal. Rptr. 2d 522, 3 Cal. App. 4th 467; Gifford v. Atchison, Topeka & Santa Fe Ry. Co. (9th Cir. 1982) 685 F.2d 1149, 1157;Trent v. Valley Elec. Ass'n Inc., 41 F.3d 524, 526 (9th Cir. 1994); Miller v. Dept. of Corrections (2005) 36 Cal.4th 446, 473-474 (protected "oppositional activity" includes objecting to conduct that an employee reasonably believes is prohibited by

FMLA/CFRA/FEHA/TVII, even if s/he is incorrect and/or fails to use legal terms or buzzwords).

Under the FEHA, it is unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h). To establish a prima facie case of retaliation under this section, a plaintiff must show: (1) he engaged in protected activity; (2) he was thereafter subject to adverse employment action; and (3) a causal link between the two. Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005); Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 1185 (2004). "Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." Morgan, 88 Cal. App. 4th at 70 (internal quotation marks omitted).

Under FMLA, Plaintiff must show that (i) he engaged in the protected activity; (ii) he was subject to adverse employment action; and (iii) this occurred "because" he engaged in the protected activity. Id.; cf. Trent v. Valley Elec. Ass'n Inc., 41 F.3d 524, 526 (9th Cir. 1994) (articulating the elements of a retaliation claim under the "opposition clause" of Title VII, 42 U.S.C. § 2000e-3(a)).

**Defendant Kern County discriminated against Plaintiff because he participated in proceedings under or relating to FMLA/CFRA/FEHA.**

The FMLA makes it unlawful for any person to "discharge or in any other manner discriminate against any individual because such individual . . . has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter." 29 U.S.C. § 2615(b)(1) (emphasis added); Gov't Code 12940(h).   The prima facie case for CFRA/FEHA/FMLA retaliation based on Plaintiff's participation activity is the same as that based on Plaintiff's oppositional activity.

**Defendant's violation of FMLA was willful in that Defendant failed to act in good faith and lacked reasonable grounds for believing its actions were not a violation of FMLA.** 29 USC 2617(a)(1)(A)(iii); Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1130 (9th Cir. Ariz. 2001).

3.   Disability Discrimination

**Plaintiff was able to perform the essential job duties of Chair of Pathology with reasonable accommodation.** In cases where a leave of absence may be a reasonable accommodation, the question is not whether the employee can perform the essential functions of the job during the leave period.

1   Rather, the question is whether the leave of absence is likely to enable the employee, upon his return

2   from leave, to resume performing the essential functions of the job. Hanson v. Lucky Stores, Inc., 74

3   Cal. App. 4th 215, 226 (1999); Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1135-36 (9th Cir.

4   2001); Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1247 (9th Cir. 1999). Plaintiff also sought other

5   forms of reasonable accommodation.

6          **Plaintiff's disability was a motivating factor in Defendant's disparate treatment of Plaintiff.**

7   Under the FEHA, it is unlawful for an employer "because of" a person's "physical disability, mental

8   disability, [or] medical condition" to "refuse to hire or employ the person" or "to discharge or to bar the

9   person from employment" or to "discriminate against the person in compensation or in terms,

10  conditions, or privileges of employment." Cal. Gov't Code § 12940(a). Ash v. Tyson Foods, Inc. 546

11  U.S. 454 (courts should not adopt an overly restrictive test to determine who may constitute

12  comparators).

13         To establish a prima facie case of disability discrimination, Plaintiff must show: (1) that he

14  suffered from a disability of which the employer was aware; (2) that, notwithstanding his disability, he

15  could perform the essential functions of his job with or without reasonable accommodation, and (3) that

16  he was subjected to an adverse employment action because of his disability. See Green v. State, 42 Cal.

17  4th 254, 262, 264 (2007); Nadar-Rahrov, 166 Cal. App. 4th at 964; Finegan v. County of Los Angeles,

18  91 Cal. App. 4th 1, 7 (2001). To satisfy the third element, among other things, "a plaintiff must prove

19  the employer had knowledge of the employee's disability when the adverse employment decision was

20  made." Brundage, 57 Cal. App. 4th at 236-37; see also Avila, 165 Cal. App. 4th at 1248 ("[T]o show

21  that Continental acted with discriminatory intent, plaintiff was required to produce evidence that the

22  Continental employees who decided to discharge him knew of his disability.").

23         "Liability for disability discrimination does not require professional understanding of the

24  plaintiff's condition. It is enough to show that the defendant knew of symptoms raising an inference that

25  the plaintiff was disabled." Sanglap, 345 F.3d at 520.

26         **Defendant failed to provide a reasonable accommodation of Plaintiff's disability.** Under the

27  FEHA, it is unlawful for an employer to "to fail to make reasonable accommodation for the known

28  physical or mental disability of an applicant or employee". Cal. Gov't Code § 12940(m). It is unclear

whether Plaintiff is required to prove he was otherwise qualified to perform the essential functions of the job as part of this claim. CACI 2541; Nadaf-Rahrov v. Neiman Marcus Group, Inc., 166 Cal. App. 4th 952, 977-79 (2008); Jensen v. Wells Fargo Bank, 85 Cal. App. 4th 245, 256 (2000); Diaz v. Fed. Express Corp., 373 F. Supp. 2d 1034, 1054 (C.D. Cal. 2005).

Hanson, 74 Cal. App. 4th at 226 ("As long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform his job, an employer is liable for failing to attempt that accommodation.") (internal quotation marks omitted);

Placement on full-time leaves starting April 28, 2006 was not a reasonable accommodation of Plaintiff's disability. If the County simply forced Plaintiff to take a full-time leave that was not mandated by his doctor nor medically better for Plaintiff in any event, a reasonable jury could conclude that the County's accommodation was unreasonable. ("[A] finite leave can be a reasonable accommodation under FEHA, provided it is likely that at the end of the leave, the employee would be able to perform his or her duties."); Humphrey v. Mem'l Hosps. Ass'n, 239 F.3d 1128, 1135-36 (9th Cir. 2001) (recognizing that a leave of absence may be a reasonable accommodation under the ADA where it "would reasonably accommodate an employee's disability and permit him, upon his return, to perform the essential functions of the job").

**Reduced work schedule leave and permitting work from home until 9/16/06 was a reasonable accommodation of Plaintiff's disability.** Nadaf-Rahrov, 166 Cal. App. 4th at 979. Working part-time while making a "gradual return to full-time work" can be a reasonable accommodation. Pals v. Schepel Buick & GMC Truck, Inc., 220 F.3d 495, 498 (7th Cir. 2000). Nunes, 164 F.3d at 1247 ("Even an extended medical leave, or an extension of an existing leave period, may be a reasonable accommodation") (emphasis added).

**Defendant failed to engage in a timely, good faith interactive process with Plaintiff regarding accommodation of his disability**. Under the FEHA, it is unlawful for an employer "to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n). "I[t] is the employee's initial request for an accommodation which triggers the

1    employer's obligation to participate in the interactive process of determining one." Spitzer v. Good

2    Guys, Inc., 80 Cal. App. 4th 1376, 1384 (2000) (internal quotation marks omitted).

3          "[T]he interactive process requires communication and good-faith exploration of possible

4    accommodations between employers and individual employees with the goal of identify[ing] an

5    accommodation that allows the employee to perform the job effectively. . . . [F]or the process to work

6    [b]oth sides must communicate directly, exchange essential information and neither side can delay or

7    obstruct the process. When a claim is brought for failure to reasonably accommodate the claimant's

8    disability, the trial court's ultimate obligation is to isolate the cause of the breakdown . . . and then

9    assign responsibility so that [l]iability for failure to provide reasonable accommodations ensues only

10   where the employer bears responsibility for the breakdown." Nadaf-Rahrov, 166 Cal. App. 4th at 985

11   (alteration in original) (internal citations and quotation marks omitted).

12                         4.   Due Process Violation

13         **Plaintiff had a constitutionally protectable property right in avoiding placement on**

14   **administrative leave**. To have a viable claim then, Plaintiff must demonstrate that his property interest

15   in continued employment included a property right in "active duty," Deen v. Darosa, 414 F.3d 731, 734

16   (7th Cir. 2005), or, as the Ninth Circuit has suggested, a "property interest in avoiding placement on

17   administrative leave with pay." Qualls v. Cook, 245 F. App'x 624, 625 (9th Cir. 2007). Qualls v. Cook,

18   245 F. App'x 624, 625 (9th Cir. 2007).

19         By specifying the grounds on which Plaintiff could be placed on paid administrative leave, and

20   by not contractually providing for any other right to place Plaintiff on paid administrative leave, the

21   County implicitly limited its authority to place Plaintiff on paid leave to the specific reasons. See

22   Sanchez, 915 F.2d at 429.

23         Finally, there is some California authority that a physician who is employed under a fixed term

24   contract with a County and who is acting lawfully and complying with the terms of his contract cannot

25   be prevented "from performing the duties incumbent on him" for arbitrary reasons.  Grindley v. Santa

26   Cruz County, 4 P. 390, 393 (Cal. 1884). While ancient and in no way dispositive, this case lends support

27   to the position that, by having a fixed term contract with the County with a general property right in

28   continued employment, Plaintiff may have had a concomitant property right in active duty during the

term of his employment.

5.   Causation/Damages

Plaintiff was harmed by Defendant's adverse employment actions, deprivation without due process, interference and discrimination against him.

Defendant's adverse employment actions, deprivation without due process, interference and discrimination were a substantial cause of Plaintiff's harms resulting in his entitlement to damages.

It is unclear whether Plaintiff or Defendant bears the burden of proof to show Plaintiff mitigated (or failed to mitigate) damages.

All damages are available to Plaintiff under Cal. Govt. C. 12926(b). 2 CCR 7286.9. See also Aguilar v. Avis Rent A Car System, Inc. (1999) 21 Cal.4th 121, 132 ("We have held 'that, in a civil action under the FEHA, all relief generally available in noncontractual actions . . . may be obtained.' This includes injunctive relief.")(internal citations omitted.); Bihun v. AT&T Information Systems, Inc., 13 Cal. App. 4th 976 (Cal. App. 2d Dist. 1993) (front pay is a permitted remedy for FEHA violations and does not need to be substantiated by expert testimony); Cassino v. Reichold Chemicals, Inc., 817 F.2d 1338. (9th Cir. 1987).

## III. WITNESSES

**\* Designated Expert Witnesses are Starred**

| Full Name | Addresses | Title |
|---|---|---|
| Jennifer Abraham, M.D. | 1830 Flower Street Bakersfield, CA 93305-4197 661-873-7370 | Past President, Medical Staff & Member, Medical Executive Committee |
| Paramaswaren Aiylam, M.D. | University Multispecialty Physicians of Kern | Chair, Pediatrics & Member, Medical Executive Committee |
| George Alkhouri, M.D. | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | Resident, Pathology |

| Full Name | Addresses | Title |
|---|---|---|
| David Allen | Atrium Psychological Group<br>11500 Olympic Blvd, St 580<br>Los Angeles, CA 90064<br>310-464-1165 | |
| Navin Amin, M.D. | Kern Medical Center / University Multispecialty Physicians of Kern 1830 Flower Street Bakersfield, CA 93305-4197<br>661-326-5052 | Member, Medical Executive Committee |
| Elsa Ang, M.D. | 4200 Sill Pl, Bakersfield 93306-3151 | Former Pathologist |
| Dennis Arquette | (760) 985-9336 04/14/09<br>darquette@live.com<br><br>Victorville area (760-490-3291 cell) | Locum Tenens Histotech |
| Edward Arsura | 19620 Scotland Dr, Saratoga, CA 95070 | |
| Nitin Athavale, M.D. | | Radiologist |
| Sundee Baker | | |
| Erin Baldwin, M.D. | 4730 Telephone Rd<br>Ventura, CA 93003<br>(805) 643-1871<br><br>Work:<br>Community Memorial Hospital<br>147 N. Brent St.,<br>Ventura, CA 93003<br>805/652-5011 | Former Resident |
| Bernie Barmann, Esq. | Office of County Counsel, 1115 Truxton Ave, 4th Fl, Bakersfield, CA 93301, (661) 868-3800 | County Counsel |
| Sonya Barnard | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Locum Tenens |
| Karen Barnes, Esq. | Office of County Counsel, 1115 Truxton Ave, 4th Fl, Bakersfield, CA 93301, (661) 326-2029 cell: 661-331-9280 | Chief Deputy County Counsel |
| Brenda Bassham | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Secretary, QMC |
| Vivek Bhargava, M.D. | 151 Garcia, San Francisco, CA 94127 415-759-9695 | Locum Tenens |

| Full Name | Addresses | Title |
|---|---|---|
| Patricia Bishop | Dept of Health Services, Licensing and Certification, 1200 Discovery Plaza, Ste 120, Bakersfield, CA 93309, Tom ??: (661) 336-0543 | District Administrator, Department of Health Services Bakersfield |
| Jack Bloch, M.D. | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | Surgeon, Former Chair of Surgery |
| Raza Bokhari | 1200 River Avenue Building 10 Lakewood, NJ 08701-5657 United States Phone: 732-901-7575 Secondary Phone: 800-440-7284 Fax: 732-901-1555 | Owner, Lakewood Pathology Associates |
| Constantine M. Boukidis | Vavoulis & Weiner, LLC 445 South Figueroa Street, Suite 3700 Los Angeles, California 90071-1641 | Economist |
| Robin Bowe | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | Clinical Manager |
| Phil Brown | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | IT |
| Peter Bryan | 6424 S Abilene St, Centennial, CO 80111 | Former Chief Executive Officer |
| Ellen Bunyi-Teopengco, M.D. | 10518 Ascot Crossing St, Bakersfield, CA 93311-3511, 661-204-5682 661-201-9772 | Former Pathologist |
| Robert Burchuk, M.D. | 6320 Canoga Ave., Suite 1500, Woodland Hills, CA 91367 | |
| Michele Burris | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2464 | Supervisor, Blood Bank |
| William Busch, MD | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | ENT Surgeon |
| Michael Cann, M.D. | 1818 Verdugo Blvd Ste 201 Verdugo Orthopedic Medical Grp Glendale, CA 91208 T: (818) 949-7380 F: (818) 949-7384 | Current - Treating Orthopedic Surgeon (cervical and lumbar discs and shoulder rotator cuff injury) |

| Full Name | Addresses | Title |
|-----------|-----------|-------|
| Ramona Case | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2906 | Transcriptionist |
| Elaine Castroverde, MD | 2709 Puder Street 93306 | Pediatrician & Member, Quality Assurance Committee |
| Parakrama Chandrasoma, M.D. | GNH2900<br>Keck School of Medicine of USC<br>1200 North State Street<br>Los Angeles, California 90033<br>Phone: (323) 226-4600<br>Fax: (323) 226-5927<br>E-mail: ptchandr@usc.edu<br><br>LAC-USC Medical Ctr, Los Angeles, CA 90033, 323-226-4600 | Professor |
| Christopher J. Charbonnet, M.D. | 1505 Wilson Terrace #240<br>Glendale, CA 91206<br>T: (818) 241-7246<br>F: (818) 241-5397 | Current - Anesthesiologist/Pain Specialist (epidurals to lumbar back) |
| Sandra Chester | 2207 CROCUS DR, BAKERSFIELD CA 93311-3746<br>661-858-0012 | Former Director, Human Resources at Kern Medical Center & Former COO |
| Ray Chung, MD | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Trauma Surgeon & Former Member, QA Committee |
| Charles Clayton | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Lab Manager |
| William Colburn, MD | Encino-Tarzana Regional Medical Center<br>Department of Anatomic Pathology<br>18321 Clark Street<br>Tarzana, California 91356<br>818-708-5528<br>818-992-7848 | Pathologist Consultant |
| Michael Corder | | |
| Mary Cortez | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2161 | Former Secretary, Pathology |

| Full Name | Addresses | Title |
|---|---|---|
| Michael Costa, MD | 1451 W. Willow St, Stockton, CA 95203 | Locum Tenens |
| David K. Culberson | The Camden Group - Los Angeles<br>100 N. Sepulveda Blvd., Suite 600<br>El Segundo, CA 90245<br>Phone:  (310) 320-3990<br>President:  Steven Valentine | Interim Chief Executive Officer |
| Arthur Cuyugan | Columbia Healthcare Analytics, Inc<br>1010 North Central Avenue<br>Suite 480<br>Glendale, CA 91202-1202<br>United States<br>866-640-9680 | Assistant |
| Amy Daniels | College of American Pathologists<br>adaniels@cap.org | Investigations Analyst |
| John Digges, M.D. | | |
| Timothy F. Dutra, M.D. | (408) 867-7627 (home) / (408) 747-7900 (cell) | Locum Tenens |
| Phillip Dutt, M.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2256 | Pathologist Consultant |
| Margaret England, M.D. | 1125 Steve ??. Beverly Drive, Suite 401, Los Angeles, CA 90035 | Endocinologist, University of California, Los Angeles Campus |
| Jonathan I. Epstein, M.D. | The Johns Hopkins Hospital<br>Department of Pathology<br>The Weinberg Building, Rm 2242<br>401 North Broadway St<br>Baltimore, MD 21231 | |
| Ronald M. Errea | County Administrative Officer, 1115 Truxton Ave, 4th Fl, Bakersfield, CA 93301 | County Administrative Officer |
| Soheil Etesham, M.D. | 5204 Lyra Court 93306 | Member, Medical Executive Committee |
| Victor Ettinger, M.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Endocrinologist |

| Full Name | Addresses | Title |
|---|---|---|
| Michael Ewald | | Former Human Resources at Kern Medical Center Director |
| Wafika Fahmy, M.D. | 9008 Summer Creek Road<br>Bakersfield, CA 93311<br>(661) 663- 3876 | Former Chief Resident, OB/GYN |
| Juan Felix, MD | LAC-USC Medical Center<br>1240 N. Mission Road, Room 1L23<br>Los Angeles, CA 90033 | USC pathologist |
| Yolanda Figueroa | | Histology Manager |
| Randolph Fok, MD | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | High Risk OB |
| Vincent F. Fortanasce, M.D. | 665 West Naomi #201<br>Arcadia, CA 91007<br>T: (626) 445-2310<br>F: (626) 574-9669 | Current - Treating Neurologist (cervical and lumbar disc disease and rotator cuff injury) |
| Sheldon Freedman, M.D. | 3219 Peace Rose Court, Bakersfield 93311 661-664-9977 | Former Chair, Pathology & Member, Medical Executive Committee |
| Evangeline Gallegos-Tolentino | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Histotech |
| Beverly Gambrell | bevgambrell@yahoo.com<br>(412) 719-6311 | Locum Tenens |
| Deidre Ganople | | |
| Stacy Lynne Garry, M.D. | 1500 Commanche Dr, Las Vegas, NV 90109 | |
| Carol Gates | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2657 | Former Secretary, Pathology |
| Masukh Ghadiya, MD | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Family Practice |
| Kathy Griffith | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2441 | |

| Full Name | Addresses | Title |
|-----------|-----------|-------|
| Debra Hamm | ProPay Physician Services, LLC | 1009 Oshkosh Ct<br>Bakersfield, CA 93312<br>(661) 589-6858<br><br>8804 SORREL ST<br>BAKERSFIELD, CA 93307-5937<br>661-397-9052 |
| Frances Hardin | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Secretary, Dr. Johnson |
| Irwin Harris | 110 Castilian Drive<br>Goleta, CA  93117<br><br>8848 Sierra Oak Drive, Bakersfield, CA 93311<br>(661) 664-1620 | Former Chief Medical Officer |
| Jodi Hartsfield | [Deleted Object], Inc., 4900 California Ave, Ste 170-B, Bakersfield, CA 93309 | |
| Diana Hedges | 310-794-3500 | University of California, Los Angeles Campus Risk Manager |
| Paul Hensler | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Chief Executive Officer, Kern Medical Center |
| Sally A. Herald | Herald and Brown, CPAs<br>1800 30th Street, #130<br>Bakersfield, California 93301<br>(661)322-9420 Office<br>(661)322-9569 Fax<br>sally@heraldandbrown.com | CPA for KMC Pathology Associates |
| Alice Hevle | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2012 | QA |
| John Hewitt, MD | 2701 Chester Ave 93301 | Internist |
| David Hill | 7404 Arleta Ave<br>Bakersfield, CA 93308<br>661-387-0263 | Former director, Ambulatory Care, Kern Medical Center |
| Sharon Hirshowitz, M.D. | University of California, Los Angeles Campus | Pathologist Consultant |

| Full Name | Addresses | Title |
|---|---|---|
| Tony V. Hoang | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | Chief Resident, OBGYN |
| Chuck Jadwin | | |
| David F. Jadwin | 1635 Heather Ridge Dr, Glendale, CA 91207-1035, (818) 245-1403 | Former Chair, Pathology |
| Penny Jadwin | 1635 Heather Ridge Dr, Glendale, CA 91207-1035, (818) 245-1403 | Wife |
| Royce Johnson, M.D. | Kern Medical Center / University Multispecialty Physicians of Kern 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | Chair, Cancer Committee and Chair, Department of Medicine; Member, Medical Executive Conference |
| Cecilia Kaesler, M.D. | 1809 Verdugo BLVD, Ste 200 Glendale, CA 91208 T: 818-790-6225 F: (818) 790-2816 | Current - Internal Medicine (Regular physician) |
| Ishaan Kalha | 13909 Searspoint Avenue 93314 | Gastroenterologist |
| David Kanamori, M.D. | Comprehensive Blood and Cancer Ctr, 6501 Truxton Ave, Bakersfield, CA 93309 | Oncology |
| Albert B. Kapstrom | | |
| Jordan Kaufman | Asst Treasurer, 1115 Truxton Ave, 4th Fl, Bakersfield, CA 93301 | Assistant Treasurer |
| Eugene Kercher, M.D. | Kern Medical Center / UMPK1830 Flower Street Bakersfield, CA 93305-4197 661-326-2159 | Past President, Medical Staff & Current Chief Medical Officer |
| Salma Khan, M.D. | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | Radiologist |
| Jack King | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | University Multispecialty Physicians of Kern Office Staff |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Full Name | Addresses | Title |
|-----------|-----------|-------|
| Marvin Kolb | 128 Stonebridge Road<br>Lilydale, MN  55118<br><br>10708 North Essex Court, Mequon, WI 53092<br><br>West Allis Memorial<br>8901 West Lincoln Ave<br>West Allis, Wisconsin   53220<br>414-328-6889<br><br>Larry F. Peake, Esq.<br>Wall, Wall & Peake<br>1601 F Street<br>Bakersfield, CA 93301<br>(661) 327-8461 office<br>(661) 327-8568 fax<br>Prisca - secty - x117 - calendar | Former Chief Medical Officer |
| Sandy Kolb, M.D. | 10708 North Essex Court, Mequon, WI 53092 | Internist |
| Mia Lagunda | Sagebrush Pediatric Care Center<br>1111 Columbus Street, Suite 1100<br>Bakersfield, California 93305 | Pediatrics |
| Lisa Landvogt | American College of Surgeons - Commission on Cancer | Representative, American College of Surgeons - Commission on Cancer |
| Adam Lang, M.D. | 10506 Finchley Dr, Bakersfield, CA 93311, (661) 205-2869 | Former Pathologist |
| Geoffrey Lang | | |
| Chester Lau | 1061 Dakin Avenue Menlo Park, CA 94025 | Radiologist |
| David Lebarge | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | IT |
| Allan Lempel, M.D. | 1352 River Ave, Lakewood, NJ 08701, Tel: (732) 370-5100, Fax: (732) 901-9240 | Internal Medicine (Regular physician) |

| Full Name | Addresses | Title |
|---|---|---|
| * Regina Levison | **President**<br>**Levison Search Associates**<br>**P. O. Box 1133**<br>**El Dorado, CA 95623**<br>**800-538-4766, ext. 100**<br>**530-409-0263 cell** | **President** |
| David Lieu, M.D. | 1613 Chelsea Road, Ste 323, San Marino, CA 91108 | Pathologist Consultant |
| Cindy Lighthill | University Multispecialty Physicians of Kern | Director, University Multispecialty Physicians of Kern |
| Tracy Lindsey | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2256 | Secretary, Plaintiff |
| Martin Lipschulz, M.D. | 716 Meadow Lane, South Minneapolis, MN55416-3417 | Locum Tenens Pathologist |
| Fanglou Liu, M.D. | 10710 Harpenden Ave, Bakersfield 93311-3517<br>661-303-9117 | Former Pathologist |
| Denise Long | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-3162 | |
| Irene Lopez | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Clerk, Pathology |
| Don Maben | | Supervisor |
| Dennis Maceri, M.D. | 1520 San Pablo Street, Suite 4600<br>Los Angeles, CA 90033<br>T (323) 442-6865<br>F (323) 442-5820 | Treating Neuro-Otologic Surgeon (for cranial cholesterol granuloma) |
| Kay F. Madden | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Director, Human Resources at Kern Medical Center |
| Michael Maggard | | Supervisor |
| James Malouf | Lake Isabella | Former Administrator, Coroner'Steve ?? Office |
| Joseph Mansour, M.D. | 1508 Avonlea Street 93311 | OB/GYN |

| Full Name | Addresses | Title |
|---|---|---|
| Katrina Manual | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Former Secretary, Pathology |
| Maureen Martin, M.D. | Kern Medical Center / UMPK1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2275 | Chief, Surgery |
| Gilbert Martinez | 14019 Raphael Avenue<br>Bakersfield, CA  93306<br>661-871-6184 | Director, Laboratory |
| Kenneth Matley | Verdugo Hills Hospital, 1812 Verdugo Blvd,<br>Glendale, CA 91208, Tel: (818) 952-2294, Fax::<br>(818) 952-4636 | Treating Physical Therapist |
| Thomas McAfee, M.D. | University of California, San Diego<br>402 West Dickinson, Suite 4-480<br>San Diego, California 92103-8986 | Dean of Clinical Affairs |
| Albert McBride, M.D. | 215 Winterton Court 93312<br><br>1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2286 | Urologist |
| Dianne McConnehey, R.N. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Quality Resource Center |
| Robert McCord | Chilton Memorial Hospital<br>Pompton Plains, NJ<br>(973) 831-5000 x5046 | Chief, Pathology at Chilton Memorial |
| Rae McDonald | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Secretary, Dr. Harris |
| John McQuiston | | Supervisor |
| Carolyn Mell | | |
| William Meyers, MD | 2201 Mount Vernon Avenue, Suite 211 93306 | Neurosurgeon |
| John Paul Miller, MD | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Family Practice & Member, Quality Assurance Committee |

| Full Name | Addresses | Title |
|---|---|---|
| Mohammed Molla, MD | Kern Medical Center<br>Department of Psychiatry<br>1830 Flower Street<br>Bakersfield, California 93305<br>661-326-2000 | Psychiatry |
| David Moore, M.D. | University Multispecialty Physicians of Kern | Member, Medical Executive Committee |
| Ana Moreno | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | |
| Alan Morrill | (817) 441-7002 Morrilla@sbcglobal.net | Locum Tenens Histotech |
| Augustine Munoz, M.D. | 4908 Panorama Court 93306 | Member, Medical Executive Committee |
| Javad Naderi, M.D. | 7900 Camino Media 93309 / Kern Medical Center<br>1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2119 | Chair, Radiology & Member, Medical Executive Committee |
| Murali Naidu, M.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Chief Surgery Resident |
| Mark Nations, Esq. | Kern County Counsel<br>1115 Truxtun Avenue, Fourth Floor<br>Bakersfield, CA 93301<br>Phone: (661) 868-3800<br>Fax: (661) 868-3805<br>E-mail: mnations@co.kern.ca.us | Chief Deputy |
| John Ngoi, Ph.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Director, Medical Education & Non-voting member, Medical Executive Committee |
| Linda Nipper | Kern County Superior Court | Court reporter? |
| Renita Nunn | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Employment Specialist |
| Steve O'Connor | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Director of Human Resources at Kern Medical Center |

| Full Name | Addresses | Title |
|-----------|-----------|-------|
| Stephen Owens, M.D. | 1818 Verdugo Blvd, Ste. 402 Glendale, CA 91208<br>Tel: (818) 952-2712<br>Fax: (818) 952-4152<br>attn: Dena | Treating Orthopedist |
| Paul Palmeri | (704) 650-1056 | Locum Tenens Histotech |
| Patricia Parada | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000<br><br>patty_parada@hotmail.com | Clerical Staff, Pathology |
| Ravindranath Patel, M.D. | Comprehensive Blood and Cancer Ctr, 6501 Truxton Ave, Bakersfield, CA 93309 | Chair, Cancer Committee |
| Barbara Patrick | barbara@greatvalley.org<br><br>Great Valley Center<br>201 Needham Street<br>Modesto, CA 95354<br><br>Tel (209) 522-5103<br>Fax (209) 522-5116<br>www.greatvalley.org | Supervisor - former |
| Ruth Peng, M.D. | University of California, Los Angeles Campus | Pathologist Consultant |
| Jose Perez, M.D. | Methodist Hospital (Houston)<br>6550 Fannin, Suite 1101<br>Houston, TX 77030<br>(713) 441-0006 | Director, Medical Education & Non-voting member, Medical Executive Committee |
| Leonard Perez, M.D. | 9201 Laramie Avenue<br>Bakersfield, CA 93312<br>lperez314@aol.com<br><br>1524  17th Street, Suite 201<br>Bakersfield, CA 93301<br>661 322-6700 Office<br>661 322-6707 Fax<br>661 747-7221 Cell | Chair, OBGYN |
| Patricia Perez | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2615 | Human Resources at Kern Medical Center |

| Full Name | Addresses | Title |
|---|---|---|
| Steven A. Perez | | Former Chair, Board of Supervisors |
| Harrihar Pershadsingh, M.D. | 404 Windsor Park Drive 93311 | Family Practice |
| Sergio Perticucci, MD | 6001D Truxton Avenue, Ste 420<br>Bakersfield, CA  93309<br><br>1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Gyn Oncologist |
| Kenneth W. Peterson | | |
| Susie Price | Kaiser Permanente Medical Group, Bakersfield, CA | Risk Management |
| Fernando Prunes, M.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Plastic Surgeon |
| Tom Purcell, M.D. | Director, University Multispecialty Physicians of Kern | Chief Executive Officer, University Multispecialty Physicians of Kern & Member, Quality Management Committee |
| James Pussevant | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Microbiology Supervisor |
| Bonnie Quinonez | Bakersfield Mercy Hospital, 3434 S Sterling Rd, Bakersfield, CA 93307 | Cancer Registrar & Member, Cancer Committee |
| Laura Quinonez | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Assistant to Cancer Registrar |
| Alan Scott Ragland, M.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-872-8559 | President-Elect, Medical Staff |
| Margo A. Raison | Office of County Counsel, 1115 Truxton Ave, 4th Fl, Bakersfield, CA 93301, (661) 868-3876 | County Counsel |

| Full Name | Addresses | Title |
|---|---|---|
| Arlene Ramos-Aninion | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000<br><br>8207 MAPLE GROVE LN, BAKERSFIELD CA 93312-6623<br>661-587-0009<br><br>661-205-1478 | Secretary, Peter Bryan |
| Holly Rapp | 301-215-6523 | Accreditation Director, American Association of Blood Banks |
| **\* Anthony Reading** | **462 North Linden Dr Ste 445**<br>**Beverly Hills, CA  90212**<br>**Bus: (310) 276-3545**<br>**Mobile: (310) 927-5496**<br>**E-mail: aereading@aol.com** | |
| Angelina Reyes | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Transcription Manager |
| Denise Rhynes | 661-873-7377 home | Former Secretary, Pathology |
| Rebecca Rivera, M.D. | 4100 Empire Drive Suite 120 93309 | OB/GYN |
| **\* Stephanie Rizzardi** | **140 South Lake Avenue, Suite 230**<br>**Pasadena, CA  91101**<br>**Bus: (626) 229-0304**<br>**E-mail: srizzardi@rizzardipearson.com** | **President** |
| William Roy, M.D. | 6701 Airport Blvd, Ste B-127<br>Mobile, AL  36608<br><br>Pacific Gynecologic Specialists (Dr. Roy was a general partner in the group)<br>501 South Buena Vista Street<br>Burbank, CA 91505<br>Phone:  (818) 847-4431<br>Managing general partner:  Richard Lynn ??. Friedman, MD | Director, Gynecologic-Oncology |

| Full Name | Addresses | Title |
|---|---|---|
| Michael Rubio | 1115 Truxtun Avenue, 5th Floor<br>Bakersfield, CA 93301<br>Phone (661) 868-3690<br>FAX (661) 868-3645<br>district5@co.kern.ca.us | Supervisor |
| Homayoun Sadeghi, M.D. | Central California Faculty Medical Group<br>4910 E. Clinton, Suite 101<br>Fresno, CA 93727-1505<br>(559) 453-5200<br>Fax:(559) 453-5233 | Obstetrics & Gynecology |
| Rick A. Sarkisian, Ph.D. | Valley Rehabilitation Services, Inc.<br>545 E. Alluvial Ave., Ste 116, Fresno, CA 93720-2826 | |
| Rosemarie Savino | Joint Commission on Accreditation of Healthcare Organizations | |
| Serena Sepulveda-Rini | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | |
| Frances Shambaugh | fshambau@dhs.ca.gov, 661- 336-0543, -0529 | Department of Health Services |
| Nicole Sharkey | Twentynine Palms, CA<br>M:408-394-6222<br>NLSharkey@hotmail.com | Senior Resident at Kern Medical Center |
| Savita P. Shertukde, M.D. | c/o Kern Medical Center<br>1830 Flower Street<br>Bakersfield, CA  93305<br><br>13501 Nantucket Place<br>Bakersfield, CA 93311<br>(661) 588-0938 | Former Staff Pathologist |
| April Smith | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Human Resources at Kern Medical Center |
| Armida Smith | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Payroll Dept |
| Toni Smith, R.N. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2688 | Nurse Executive & Member, Medical Executive Committee |

| Full Name | Addresses | Title |
|---|---|---|
| Nbalia Marie-Ange Soumah | 242 E. Harvard Blvd.<br>Santa Paula, CA 93060<br>805.525.9525 | Resident at Kern Medical Center |
| Irene Spinello, MD | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Intensivist (ICU) |
| James Sproul, M.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Family Practice |
| Vasanthi Srinivas, M.D., | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | OB/GYN & Member, Quality Assurance Committee |
| Gerald Starr | | |
| Milan Stevanovic, M.D. | 1520 San Pablo Street, Suite 2000<br>Los Angeles, CA 90033-4608<br>T: (323) 442-5860<br>F: (323) 442-6990<br>F: (323) 442-6975 | Treating Orthopedic Surgeon |
| Tracy Subriar | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Secretary, Medical Affairs |
| J. Sverchek, M.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Member of Medical Executive Committee |
| Reda Tadros, M.D. | Arcadia, CA | |
| Kevin Taubman, MD | 1919 S Wheeling Ave Ste 600<br>Tulsa, Oklahoma 74104-5638<br>(918) 619-4400 | Chief Resident, Surgery |
| Edward Taylor, M.D. | 3208 Panorama Dr<br>Bakersfield, CA 93306<br>(661) 873-7370<br><br>c/o Kern Faculty Medical Group<br>2201 MT Vernon Avenue<br>Bakersfield, CA 93306 | Vice-Chief, Surgery |
| Jane Thornton | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2906 | Manager, Histology - Former |
| Paul Toffel, M.D. | 1808 Verdugo Blvd, Suite 418, Glendale, CA 91208, Tel: 818-790-3172, Fax: 818-790-3807 | Current - Treating ENT |

| Full Name | Addresses | Title |
|---|---|---|
| Ted Uchio, MD | Sierra Pacific Ansths Med Associates 933866457 | Anesthesiologist & Member, Quality Assurance Committee |
| Ken VanDusen | Bakersfield, CA | Chemistry Supervisor |
| Elise Walker | 2684 Seaview Road, Victoria, BC V8N 1K6 | Step-daughter |
| Mark Wasser, Esq. | Law Offices of Mark Wasser 400 Capitol Mall Ste 2640 Sacramento, CA 95814 Phone: (916) 444-6400 Fax: (916) 444-6405 E-mail: mwasser@markwasser.com | |
| Robert G. Watkins, M.D. | The Marina Spine Center 13160 Mindanao Way, Suite 325 Marina del Rey, CA 90292 T: (310) 361-6202 | Treating Neurosurgeon (cervical disc) |
| Ray Watson | Fourth District Contact Information 1115 Truxtun Avenue Bakersfield, CA 93301 (661) 868-3680 Fax: (661) 868-3688 district4@co.kern.ca.us | Supervisor |
| Carol Wedding | 1830 Flower Street Bakersfield, CA 93305-4197 661-326-2000 | Credentials Clerk, Medical Affairs |
| **\* Lawrence Weiss, M.D.** | **Chair, Division of Pathology City of Hope ?? 1500 E. Duarte Rd Duarte, CA 91010 T: (866) 434-4673F: (716) 689-6187 lawrence_weiss@excite.com jadwinweiss@gmail.com (626) 397-2779 Home** | **Chair, Division of Pathology** |
| Michael Wells, M.D. | Kern Radiology Medical Group 93309 | Radiologist |
| Paul Westover | 3255 East Elwood, #110, Phoenix, AZ 85034 | Former Administrator, Faculty Practice Plan |

| Full Name | Addresses | Title |
|---|---|---|
| Tom Wheeler, M.D. | | Chair of Pathology, Baylor College of Medicine & member, College of American Pathologists Board of Governors |
| Linda Wilkinson | 661- 336-0543, -0529 | Department of Health Services |
| Edric Willes | ewilles@verizon.net | Locum Tenens |
| Bob Woods, Esq. | Lake Isabella<br><br>MAMMOTH LAKES, CA 93546-9999<br>760-924-5862<br><br>St Peter Episcopal Church?<br>11900 Sierra Way<br>Kernville, CA 93238<br>(760) 376-6362 | County Counsel |
| Charles Wrobel, M.D. | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Neurosurgeon |
| Gian A. Yakoub | 1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Chief Pathologist |
| Tai Yoo, M.D. | Kern Medical Center / UMPK1830 Flower Street<br>Bakersfield, CA 93305-4197<br>661-326-2000 | Chief, Psychiatry & Member, Medical Executive committee |
| Michael Young, Esq. | Young & Nichols, 1901 Truxtun Ave, Bakersfield, CA 93301 | Former Counsel to Plaintiff |

## IV. EXHIBITS - SCHEDULES AND SUMMARIES

The parties may use the following documents:

All complaints and answers on file.

All exhibits used in all depositions.

All documents produced in discovery, including but not limited to:

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| TBD | 1428 | Internal memo | Phillip Dutt, M.D. | NEW Memo (RoyW)-BarnesK | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|------|------|------|------|------|------|
| | | | | Colburn | | |
| TBD | 27004 | Internal memo | | 27004 Medical Staff Eval JohnsonR | | |
| TBD | DFJ02542 | Certificate | Jose Perez, M.D. | Awards | | |
| TBD | 27006 | Internal memo | | 27006 Medical Staff Eval JohnsonR | | |
| TBD | 1162 | Handwritten notes | Alan Scott Ragland, M.D. | NEW Notes RaglandS Peer Review | | |
| TBD | 26993 | Internal memo | | 26993 860224 Medical Staff Eval JohnsonR | | |
| TBD | 27016 | Internal memo | | 27016 Medical Staff Eval JohnsonR | | |
| TBD | 16940 | Policy | | Kern County Policy and Administrative Procedures Manual | | |
| TBD | 689 | Handwritten notes | Phillip Dutt, M.D. | NEW Notes DuttP | | |
| TBD | 10924 | Internal memo | | 10924 Path Dept Salary Comparison | | |
| TBD | 804 | Internal memo | Ravindranath Patel, M.D., Albert McBride, M.D., Bonnie Quinonez | Guidelines PatelR+McBrideA+Q uinonezB Cancer Conference | | |
| TBD | 1316 | Handwritten notes | Irwin Harris | NEW Notes HarrisI Disciplinary Procedures | | |
| TBD | 1386 | Handwritten notes | Irwin Harris | NEW Notes HarrisI Return to Work | | |
| TBD | 27001 | Internal memo | | 27001 Medical Staff Eval JohnsonR | | |
| TBD | 27022 | Internal memo | | 27022 Medical Staff Eval JohnsonR | | |
| TBD | 1342 | Letter | | NEW Draft Memo KMC-JadwinD Report to NPDB | | |
| TBD | 494 | Handwritten notes | Irwin Harris | NEW Notes HarrisI Behavior | | |
| TBD | 272 | Policy | | 050125 KMC Bylaws | | |
| TBD | 508 | Handwritten notes | Irwin Harris | NEW Notes HarrisI Medical Officer Mediation | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| TBD | 1420 | Handwritten notes | Irwin Harris | NEW Notes HarrisI Salary Calculations | | |
| TBD | 1460 | Handwritten notes | David K. Culberson | NEW Notes1 Dirt on DFJ | | |
| TBD | 27015 | Internal memo | | 27015 770405 Medical Staff Eval JohnsonR | | |
| TBD | 855 | Policy | David F. Jadwin | NEW Gross Station Rules | | |
| TBD | 27021 | Internal memo | | 27021 Medical Staff Eval JohnsonR | | |
| TBD | 26367 | Printout | Alan Scott Ragland, M.D. | 26367 FNA Investigation | | |
| TBD | 1311 | Handwritten notes | Irwin Harris | NEW Notes2 | | |
| TBD | 481 | Handwritten notes | Irwin Harris | NEW Notes HarrisI Defamation | | |
| TBD | 941 | Handwritten notes | Phillip Dutt, M.D. | NEW Notes | | |
| TBD | 1425 | Handwritten notes | Irwin Harris | NEW Notes HarrisI JCC Meeting & Return to Work | | |
| TBD | DFJ00001 | E-mail | Toni Smith, R.N. | 000000 Email Smith-DFJ PCC | | |
| TBD | 27008 | Internal memo | | 27008 Medical Staff Eval JohnsonR | | |
| TBD | 1377 | Handwritten notes | Irwin Harris | NEW Notes HarrisI Amendment to Contract | | |
| TBD | 27009 | Internal memo | | 27009 Medical Staff Eval JohnsonR | | |
| TBD | 27000 | Internal memo | | 27000 800601 Medical Staff Eval JohnsonR | | |
| TBD | 27020 | Internal memo | | 27020 Medical Staff Eval JohnsonR | | |
| TBD | 27003 | Internal memo | | 27003 Medical Staff Eval JohnsonR | | |
| TBD | DFJ00302 | Form | David F. Jadwin | JadwinD Timesheets | | |
| 11/21/1976 | 27028 | Internal memo | | 27028 761121 Medical Staff Eval JohnsonR | | |
| 12/19/1976 | 27019 | Internal memo | | 27019 761219 Medical Staff Eval JohnsonR | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|--------------|--------|-----------|-----------|------------|------------|
| 7/7/1977 | 27010 | Internal memo | | 27010 Medical Staff Eval JohnsonR | | |
| 7/13/1977 | 27011 | Internal memo | | 27011 770713 Medical Staff Eval Johnson | | |
| 12/31/1979 | 26998 | Internal memo | | 26998 791231 Medical Staff Eval JohnsonR | | |
| 4/22/1983 | 27031 | Internal memo | | 27031 830422 Medical Staff Eval JohnsonR | | |
| 1/20/1987 | 27058 | Internal memo | Jack Bloch, M.D. | 27058 870120 Memo BlochJ-MEC JohnsonR | | |
| 2/11/1987 | 27057 | Internal memo | BrewerS | 27057 870211 Memo BrewerS-JohnsonR JohnsonR | | |
| 8/24/1987 | 26989 | Internal memo | | 26989 870824 Medical Staff Eval JohnsonR | | |
| 9/9/1987 | 27059 | Internal memo | Sheldon Freedman, M.D. | 27059 870909 Memo FreedmanS-LangJ FreedmanS | | |
| 9/10/1987 | 27060 | Internal memo | Michael Corder | 27060 870910 Memo CorderM-LangG FreedmanS | | |
| 2/12/1992 | 27062 | Internal memo | Sheldon Freedman, M.D. | 27062 920212 JohnsonR Behavior | | |
| 6/29/1994 | 26983 | Internal memo | | 26983 940629 Medical Staff Eval JohnsonR | | |
| 10/23/1995 | 27056 | Internal memo | StarrG | 27056 951023 Memo StarrG-LomelyP JohnsonR | | |
| 1/4/1996 | 27040 | Internal memo | Carolyn Mell | 27040 960104 Letter MellC-SmithD JohnsonR | | |
| 1/5/1996 | 27043 | Internal memo | Sundee Baker | 27043 960105 Letter BakerS-Personnel | | |
| 1/29/1996 | 27039 | Internal memo | Gerald Starr | 27039 960129 Memo StarrG-JohnsonR JohnsonR | | |
| 4/4/1997 | 27036 | Internal memo | Carolyn Mell | 27036 970404 Memo MellC-ArsuraE JohnsonR | | |
| 4/5/1997 | 27035 | Internal memo | DolanS | 27035 970405 Memo DolanS-StarrJ-ErenbergA JohnsonR | | |
| 4/17/1997 | 27240 | Internal memo | FinneganJ | 27240 970417 TaylorE Behavior | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| 4/18/1997 | 27032 | Internal memo | Gerald Starr | 27032 970418 Memo StarrG-JohnsonR JohnsonR | | |
| 5/5/1997 | 27242 | Internal memo | Edward Taylor, M.D. | 27242 970505 TaylorE Behavior | | |
| 5/8/1997 | 27037 | Internal memo | Gerald Starr | 27037 970508 Memo StarrG-JohnsonR JohnsonR | | |
| 8/22/2000 | 26049 | Policy | | Pro Forma Employment Agreement | | |
| 10/13/2000 | DFJ00002 | Personnel File | David F. Jadwin | 001013 California Participating Physician Application | | |
| 10/24/2000 | DFJ00025 | Contract | David F. Jadwin, Kay F. Madden, Bernie Barmann, Esq., Peter Bryan, petersonk | 001024-2 Employment Agreement 1 | | |
| 10/30/2000 | DFJ00075 | Personnel File | David F. Jadwin | 001030-2 CV | | |
| 11/2/2000 | DFJ00094 | Personnel File | McCordR | 001102 Reference Check | | |
| 11/30/2000 | DFJ00101 | Personnel File | Allan Lempel, M.D. | 001130 Lempel Report | | |
| 12/4/2000 | DFJ00108 | Personnel File | David F. Jadwin | 001204-5 Outside Employment Approval Request | | |
| 5/9/2001 | 18513 | Presentation | David F. Jadwin | 050901 12507-20142 Path QM Presentation | | |
| 6/6/2001 | | Policy | | FPP Bylaws | | |
| 6/16/2001 | 27112 | Internal memo | Ana Moreno | 27112 010616 MansourJ Behavior | | |
| 7/1/2001 | 18757 | Printout | | 0018757 Pro Fees 2004-2007 | | |
| 9/25/2001 | 27430 | Internal memo | Marvin Kolb | 27430 010925 MansourJ | | |
| 10/29/2001 | 619 | Letter | ACS | 011029 NEW Letter ACS CoC-BryanP 2001 Survey Results | | |
| 2/4/2002 | 27377 | Internal memo | Leonard Perez, M.D. | 27377 020204 MansourJ | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|------|------|------|------|------|------|
| 3/8/2002 | 686 | Internal memo | Peter Bryan | 020308 NEW Memo BryanP-AminN+JohnsonR+KolbM+PerezJ+SproulJ Investigation Materials - Billing Fraud | | |
| 3/12/2002 | 676 | Internal memo | Marvin Kolb | 020312 NEW Letter KolbM-PerezJ Final Report - Billing Fraud | | |
| 3/12/2002 | 683 | Handwritten notes | Marvin Kolb | 020312 NEW Notes (BryanP) Billing Fraud | | |
| 3/19/2002 | 27376 | Letter | DicksonK | 27376 020319 MansourJ | | |
| 4/5/2002 | 27444 | Internal memo | Leonard Perez, M.D. | 27444 020405 MansourJ | | |
| 4/12/2002 | 27381 | Letter | Peter Bryan | 27381 020412 RiveraR | | |
| 4/18/2002 | 27271 | E-mail | Peter Bryan | 27271 020418 Email BryanP-KolbM RiveraR | | |
| 4/25/2002 | 767 | Letter | David F. Jadwin | 020425 NEW Letter JadwinD-BryanP Request for Pay Raise | | |
| 6/4/2002 | 27447 | Internal memo | Leonard Perez, M.D. | 27447 MansourJ | | |
| 6/26/2002 | 27302 | Internal memo | Michael Ewald | 27302 020626 Memo AdamsL-EwaldM RiveraR | | |
| 6/27/2002 | DFJ02849 | Report | Michael Ewald | 020627 Rivera Investigation Report | | |
| 10/31/2002 | DFJ00141 | Personnel File | David F. Jadwin | 021031-1 California Participating Physician Application 02-04 | | |
| 11/12/2002 | DFJ00175 | Minutes | Board of Supervisors | 021112-2 Bd of Super approve superseding contract | | |
| 11/12/2002 | DFJ00173 | Contract | David F. Jadwin, Peter Bryan, Kay F. Madden, perezs, Karen Barnes, Esq. | 021112-2 Amendment 1 to Contract1 | | |
| 11/12/2002 | DFJ00153 | Contract | David F. Jadwin, Peter Bryan, Kay F. Madden, Steven A. Perez, Karen | 021112-1 Employment Agreement 2 | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| | | | Barnes, Esq. | | | |
| 11/18/2002 | 1073 | Internal memo | Maureen Martin, M.D. | 021118 NEW Memo MartinM-JadwinD Evaluations | | |
| 11/20/2002 | 1059 | E-mail | David F. Jadwin | 021120 NEW Memo JadwinD-MartinM Evaluations | | |
| 1/7/2003 | 9157 | Minutes | Navin Amin, M.D. | 9157 030107 MEC Minutes JohnsonR Removal | | |
| 3/3/2003 | 10925 | Internal memo | Peter Bryan | 0010925 030303 BryanP Praise of DFJ | | |
| 7/8/2003 | DFJ02614 | Report | Anosh Taheri-Tafreshi, M.D. | 070803 Letter TaheriA-LeeE Report | | |
| 7/9/2003 | DFJ02547 | Report | Allan Lempel, M.D. | 070903 LempelA-LeeE Report | | |
| 10/6/2003 | 261 | E-mail | Marvin Kolb | 031006 NEW Email KolbM-KercherE+Abraham J+EwaldM Investigation LauC Tie Incident | | |
| 10/9/2003 | 260 | E-mail | David F. Jadwin | 031009 NEW Email JadwinD-EwaldM Investigation LauC Tie Incident | | |
| 10/21/2003 | 31 | Internal memo | Michael Ewald | 031021 NEW Memo EwaldM-KolbM Investigation LauC Tie Incident | | |
| 11/20/2003 | DFJ00241 | E-mail | David F. Jadwin | 031120 Email JadwinD-RaglandS+KolbM QMM Mtg Time Allocation | | |
| 11/22/2003 | DFJ00243 | Letter | David F. Jadwin | 031122 Letter JadwinD-KolbM Protest re FNA-Ragland-Abraham | | |
| 11/26/2003 | DFJ00246 | Letter | Marvin Kolb | 031126 Reprimand for pulling Lau Tie | | |
| 12/26/2003 | DFJ00247 | Printout | SmithAr | 031226 Change of Employee Status - Salary Increase | | |
| 1/1/2004 | 579 | Reference | ACS CoC | 040101 NEW ACS CoC Oncology Conf Standards | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| 1/6/2004 | 101 | Minutes | Medical Executive Conference | 040106 NEW Minutes MEC FNA | | |
| 1/21/2004 | DFJ00248 | Internal memo | Alan Scott Ragland, M.D. | 040121 Memo RaglandS-JadwinD+KolbM QMM Time Quota | | |
| 2/4/2004 | 26391 | Policy | David F. Jadwin | 26391 040204 PathD Policy | | |
| 4/6/2004 | | Policy | | KMC Organization and Functions Manual | | |
| 5/3/2004 | DFJ00251 | Report | David Lieu, M.D. | 040503 Lieus FNA Counsultant's Report | | |
| 9/3/2004 | DFJ00289 | E-mail | David F. Jadwin | 040903 Email JadwinD-KercherE+KolbM FNA Policy inadequate | | |
| 10/4/2004 | DFJ00293 | E-mail | David F. Jadwin | 041004 Email JadwinD-PerezL+RoyW Roy IPR Requests | | |
| 11/1/2004 | DFJ00296 | Internal memo | Peter Bryan | 041101 Letter BryanP-JadwinD Reappointment | | |
| 12/9/2004 | DFJ00299 | E-mail | Peter Bryan | 041209 Email BryanP-JadwinD FNA Policy Feedback from UCLA | | |
| 12/13/2004 | 11529 | Policy | | KMC Bylaws | | |
| 1/19/2005 | | Policy | | FPB Compensation Policy | | |
| 2/1/2005 | DFJ00316 | E-mail | David F. Jadwin | 050201-1 Email JadwinD-KercherE FNA Policy Draft complaint | | |
| 2/1/2005 | DFJ00317 | E-mail | Eugene Kercher, M.D. | 050201-2 Email KercherE-JadwinD+BryanP FNA & Lieu | | |
| 2/2/2005 | DFJ00319 | E-mail | David F. Jadwin | 050202 Email JadwinD-BryanP FNA policy and radiology dispute | | |
| 2/22/2005 | DFJ00343 | Presentation | David F. Jadwin | 050222-3 QMM Presentation UCLA Review of FNAs | | |
| 2/24/2005 | DFJ00352 | E-mail | David F. Jadwin | 050224 Email JadwinD-RamosA Regular Meetings with BryanP | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|---------------|--------|-----------|-----------|------------|------------|
| 2/25/2005 | DFJ00353 | E-mail | Alan Scott Ragland, M.D. | 050225 Email RaglandS-JadwinD+KercherE FNA & Radiology dispute | | |
| 2/28/2005 | DFJ00355 | E-mail | David F. Jadwin | 050228 Email JadwinD-KercherE+BryanP Impaired Physician | | |
| 3/2/2005 | DFJ00361 | E-mail | David F. Jadwin | 050305 Email JadwinD-RamosA Regular Meetings with BryanP | | |
| 3/3/2005 | DFJ00356 | Letter | David F. Jadwin | 050303-1 Letter JadwinD-PerticucciS Transcription Error | | |
| 4/15/2005 | DFJ00363 | Letter | William Roy, M.D. | 050415 Letter RoyW-JadwinD+PerezL Slow Pathology Processing Times | | |
| 4/20/2005 | DFJ00364 | Letter | David F. Jadwin | 050420 Letter JadwinD-RoyW+PerezL+MartinM+KercherE+BryanP Reply to RoyW Accusations of slow | | |
| 4/21/2005 | DFJ00367 | Internal memo | David F. Jadwin | 050421 Memo JadwinD-HelveA+PerezL Clinical-Overcalled Cone Biopsies | | |
| 5/1/2005 | | Policy | | Kern County Employee Handbook | | |
| 5/9/2005 | DFJ00381 | Internal memo | Albert McBride, M.D. | 050509 Memo McBrideA-JadwinD+PatelR+JohnsonR Letter of Displeasure | | |
| 5/10/2005 | 10564 | Policy | | KMC Peer Review Policy | | |
| 5/18/2005 | 27236 | Certificate | Edward Taylor, M.D., Linda Nipper | 27236 050518 TaylorE Leave | | |
| 5/20/2005 | DFJ00408 | E-mail | David F. Jadwin | 050520-1 Email JadwinD-SmithT+BurrisM+MartinezG+McConneheyD+WilliamsL PCC | | |
| 5/20/2005 | DFJ00410 | E-mail | David F. Jadwin | 050520-2  Email JadwinD-SmithT+BurrisM+MartinezG+McCOnneh | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| | | | | eyD+WilliamsL AABB | | |
| 5/24/2005 | DFJ00411 | E-mail | David F. Jadwin | 050524 Email JadwinD-HarrisI+KercherE+BarnesK+BryanP+WoodsR+SmithT PCC & IT Plan Concerns | | |
| 5/27/2005 | DFJ00413 | E-mail | David F. Jadwin | 050527 Email JadwinD-RamosA Meeting with BryanP | | |
| 6/3/2005 | DFJ00418 | E-mail | David F. Jadwin | 050603-2 Email JadwinD-HarrisI IPR and WoodsR | | |
| 6/7/2005 | DFJ00427 | E-mail | David F. Jadwin | 050607-2 Email JadwinD-KercherE+BryanP Abraham Slander of Pathology | | |
| 6/8/2005 | DFJ00428 | E-mail | David F. Jadwin | 050608 Email JadwinD-RamosA Meeting with BryanP | | |
| 6/21/2005 | 26251 | Contract | Phillip Dutt, M.D., Peter Bryan, Ray Watson, Kay F. Madden, Karen Barnes, Esq. | 26251 050621 DuttP Contract | | |
| 6/27/2005 | DFJ00436 | E-mail | David F. Jadwin | 050627 Email JadwinD-KercherE+HarrisI+BryanP FNA passed by MEC | | |
| 6/28/2005 | 421 | E-mail | Toni Smith, R.N. | 050628 NEW Email SmithT-JadwinD+HarrisI+many PCC Audit | | |
| 6/30/2005 | DFJ00437 | Letter | David F. Jadwin | 050630 Letter JadwinD-RoyW+MartinM+PerezL+HarrisI+KercherE+BryanP Defamation | | |
| 7/1/2005 | DFJ00598 | Presentation | David F. Jadwin | 051031-1 Email JadwinD-LindseyT PCC Presentation 9-05 | | |
| 7/15/2005 | DFJ00439 | Letter | William Roy, M.D. | 050715 Letter RoyW-JadwinD+HarrisI+BryanP+PerezL | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|------|------|------|------|------|------|
| | | | | Defamation | | |
| 7/20/2005 | DFJ00441 | E-mail | David F. Jadwin | 050720 Email JadwinD-HarrisI Defamation and Peer Review | | |
| 7/22/2005 | 404 | Handwritten notes | Irwin Harris | 050723 NEW Notes HarrisI IPR & RoyW | | |
| 7/22/2005 | DFJ00442 | Handwritten notes | Savita P. Shertudke, M.D. | 050722 ShertudkeA-DFJ - RoyW & HarrisI Send Biopsy to USC | | |
| 7/27/2005 | 411 | Letter | David F. Jadwin | 050727 NEW Letter JadwinD-HarrisI+PerezL+Roy W Roy IPR & USC Report | | |
| 8/2/2005 | DFJ00444 | E-mail | Peter Bryan | 050802 Email JadwinD-BryanP+KercherE+ HarrisI IPR Switched Chart | | |
| 8/3/2005 | 359 | Policy | | 050705 NEW Blood Product Policy | | |
| 8/3/2005 | 27081 | Internal memo | Frances Hardin | 27081 050803 AbrahamJ Complaint | | |
| 8/7/2005 | 27080 | Internal memo | Royce Johnson, M.D. | 27080 050807 AbrahamJ Complaint | | |
| 8/22/2005 | DFJ00448 | E-mail | David F. Jadwin | 050822 Email JadwinD-RamosA Reschedule BryanP Meeting | | |
| 9/12/2005 | 25982 | Report | Peter Bryan | Report on FPB Compensation Policy | | |
| 10/6/2005 | DFJ00467 | E-mail | David F. Jadwin | 051006 Email JadwinD-RamosA Reschedule BryanP Meeting | | |
| 10/10/2005 | 26194 | Contract | Phillip Dutt, M.D., Barbara Patrick, David K. Culberson, Irwin Harris, Kay F. Madden, Karen Barnes, Esq. | 26194 051010 DuttP Contract Amend | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|------|------|------|------|------|------|
| 10/10/2005 | 1380 | Internal memo | Kern Medical Center | 051010 NEW Memo KMC-Board of Supervisors Amendment to DuttP Contract | | |
| 10/12/2005 | DFJ00508 | Presentation | David F. Jadwin | 051012-0 October Conference - Presentation B | | |
| 10/12/2005 | DFJ00575 | E-mail | David F. Jadwin | 051012-1 Email JadwinD-PerezL+HarrisI USC Report & Concerns | | |
| 10/12/2005 | DFJ00581 | Internal memo | Albert McBride, M.D. | 051012-7 Letter McBrideA-HarrisI October Conference Letter | | |
| 10/12/2005 | 96 | Report | | 051012-9 NEW Oct Conf Feedback | | |
| 10/12/2005 | 512 | Report | | 051012-8 NEW Oct Conf Feedback | | |
| 10/12/2005 | 563 | Presentation | Nicole Sharkey | 051012-10 NEW October Conference - Presentation A | | |
| 10/12/2005 | DFJ00580 | Internal memo | Edward Taylor, M.D. | 051012-6 Memo TaylorE-HarrisI October Conference Letter | | |
| 10/12/2005 | DFJ00577 | E-mail | David F. Jadwin | 051012-3 Email JadwinD-BryanP+HillD+HarrisI Placental Audit | | |
| 10/12/2005 | DFJ00579 | E-mail | David F. Jadwin | 051012-5 Email JadwinD-JohnsonR Oct Conf | | |
| 10/12/2005 | DFJ00578 | E-mail | Ravindranath Patel, M.D., Royce Johnson, M.D., Albert McBride, M.D. | 051012-4 Memo PatelR+JohnsonR+McBrideA-JadwinD+HarrisI October Conference Cancer Comm Displeasure | | |
| 10/13/2005 | DFJ00583 | Internal memo | William Roy, M.D. | 051013-1 Letter RoyW-HarrisI October Conference Letter | | |
| 10/13/2005 | DFJ00584 | E-mail | David F. Jadwin | 051013-2 Letter JadwinD-HarrisI+AlkouriG+McBrideA+PerezL+MartinM+JohnsonR+KercherE+BryanP Oct Conf HarrisI Behavior | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|---------------|--------|-----------|-----------|------------|------------|
| 10/14/2005 | 95 | Internal memo | Irwin Harris | 051014 NEW Memo to File HarrisI Burst Into Office | | |
| 10/17/2005 | DFJ00589 | E-mail | David F. Jadwin | 051017-2 Email JadwinD-BryanP+KercherE+PriceS Ang Biopsies Discovered | | |
| 10/17/2005 | 29 | E-mail | David F. Jadwin | 051017 NEW Email JadwinD-TaylorE+KercherE+McBrideA Oct Conf Apology NEW | | |
| 10/17/2005 | DFJ00586 | E-mail | David F. Jadwin | 051017 Email JadwinD-KercherE+BarnesK+BryanP Oct Conf | | |
| 10/17/2005 | DFJ00588 | Letter | Eugene Kercher, M.D. Alan Scott Ragland, M.D. Jennifer Abraham, M.D. Irwin Harris | 051017-1 Letter KercherE+RaglandS+AbrahamJ+HarrisI-JadwinD October Conference Reprimand | | |
| 10/18/2005 | 94 | E-mail | Alan Scott Ragland, M.D. | 051018 NEW Email RaglandS-HarrisI Oct Conf Repor | | |
| 10/19/2005 | DFJ00592 | Letter | David F. Jadwin | 051019-3 Letter JadwinD-RaglandS+KercherE+BryanP October Conference Apology | | |
| 10/19/2005 | DFJ00591 | Letter | David F. Jadwin | 051019-2 Letter JadwinD-McBrideA+KercherE+RaglandS+AbrahamJ+HarrisI+JohnsonR+MartinM+PerezL+AlkouriG October Conference Apology | | |
| 10/19/2005 | DFJ00590 | Letter | David F. Jadwin | 051019-1 Letter JadwinD-LauC+NaderiJ+KercherE+BryanP+KolbM Apology for Tie Incident | | |
| 10/20/2005 | DFJ00596 | Internal memo | Tracy Lindsey | 051020-2 Memo LindseyT-JadwinD BarnesK refusal to see JadwinD | | |
| 10/20/2005 | DFJ00593 | E-mail | David F. Jadwin | 051020 Email JadwinD-BarnesK Incredible Mistake | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|---------------|--------|-----------|-----------|------------|------------|
| 10/20/2005 | DFJ00595 | E-mail | David F. Jadwin | 051020-1 Email JadwinD-KercherE Cancer Comm Displeasure Memo | | |
| 10/31/2005 | DFJ00650 | E-mail | David F. Jadwin | 051031-2 Email JadwinD-RamosA+KercherE KercherE to Join BryanP meeting | | |
| 11/1/2005 | 26246 | Contract | Savita P. Shertukde, M.D., Peter Bryan, Ray Watson, Kay F. Madden, Karen Barnes, Esq. | 26229 051101 ShertudkeS Contract | | |
| 11/3/2005 | 1612 | Letter | David F. Jadwin | 051103 Letter DFJ-HarrisI Blood Usage Comm reenergize | | |
| 11/4/2005 | DFJ00651 | E-mail | Bob Woods, Esq. | 051104 Email WoodsR-JadwinD IPR Switched Charts | | |
| 11/7/2005 | DFJ00653 | E-mail | Arlene Ramos-Aninion | 051107-2 Email RamosA-JadwinD Meeting with BryanP | | |
| 11/8/2005 | DFJ00654 | E-mail | Leonard Perez, M.D. | 051108 Email LindseyT+PerezL+MorenoA-JadwinD RoyW Letter | | |
| 11/8/2005 | 503 | E-mail | Peter Bryan | 051108 NEW Email BryanP-HarrisI Behavior | | |
| 11/9/2005 | DFJ00659 | Report | | 051109-2 Oncology Conference Feedback - 8 min overrun | | |
| 11/9/2005 | DFJ00655 | Presentation | David F. Jadwin | 051109-1 Oncology Conference Presentation - 8 min overrun | | |
| 11/11/2005 | DFJ00690 | E-mail | Peter Bryan | 051111 Email BryanP-JadwinD Oct Conf Letter in File Concern | | |
| 11/18/2005 | 506 | Note | Irwin Harris | 051118 NEW Notes Roy Hysterectomy | | |
| 11/21/2005 | DFJ00691 | E-mail | Arlene Ramos-Aninion | 051121-1 Email RamosA-JadwinD+KercherE+HarrisI+BarnardS+BryanP+HardinF+McDonaldR+RaglandS Mediation Meeting | | |

| | Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|---|
| 1 2 3 | 11/21/2005 | DFJ00694 | E-mail | David F. Jadwin | 051121-3 Email JadwinD-RamosA Out of Town | | |
| 4 5 | 11/21/2005 | DFJ00693 | E-mail | David F. Jadwin | 051121-2 Email JadwinD-BarnesK+BryanP Letters in File | | |
| 6 | 11/28/2005 | DFJ00695 | E-mail | Arlene Ramos-Aninion | 051128 Email JadwinD-RamosA Out of Town for CSP | | |
| 7 8 9 | 11/29/2005 | DFJ00696 | E-mail | Karen Barnes, Esq. | 051129 Email BarnesK-JadwinD+BryanP Letter in File Concern | | |
| 10 | 12/12/2005 | 9886 | Minutes | Peter Bryan | 9886 051212 JCC Minutes Outside Practices | | |
| 11 12 | 12/12/2005 | DFJ00698 | Letter | Michael Young, Esq. | 051212 Letter YoungM-BarmannB+JadwinD Request Meeting | | |
| 13 14 | 12/12/2005 | | Policy | | Kern County Civil Service Commission Rules | | |
| 15 16 | 12/14/2005 | DFJ00700 | E-mail | David F. Jadwin | 051214 Email JadwinD-LindseyT+McBrideA+MartinM Meeting re Oct Conf | | |
| 17 18 19 | 12/15/2005 | DFJ00705 | Letter | David F. Jadwin | 051215-3 Letter JadwinD-KercherE+BryanP+HarrisI+MartinM+McBrideA Dec Conf | | |
| 20 21 | 1/6/2006 | DFJ00713 | Letter | Karen Barnes, Esq. | 060106 Letter BarnesK-YoungM+BarmannB Reply to YoungM Letter | | |
| 22 23 | 1/9/2006 | 1140 | Letter | David F. Jadwin | 060109 Letter JadwinD-BryanP Request for Leave | | |
| 24 25 | 1/11/2006 | DFJ00725 | E-mail | David F. Jadwin | 060111 Email JadwinD-BryanP+BarnesK No Show at Mediation | | |
| 26 27 | 1/11/2006 | 1587 | E-mail | David F. Jadwin | 060111 NEW Email JadwinD-BryanP BarnesK Letter Protest | | |
| 28 | 1/13/2006 | DFJ00726 | Certificate | Paul Riskin, M.D. | 060113 Cert1 | | |
| | 1/13/2006 | 662 | Letter | David F. | 051216 Note DFJ- | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|------|------|------|------|------|------|
| | | | Jadwin | BryanP Roy Baggage | | |
| 1/17/2006 | 1566 | Internal memo | Peter Bryan | 060117 NEW Memo BryanP-RubioM+BarmannB+BarnesK+ErreaR Behavior | | |
| 1/18/2006 | DFJ00728 | E-mail | Lisa Landvogt | 060118-2 Email LandvogtL-JadwinD IPR & Oct Conf | | |
| 1/18/2006 | DFJ00727 | E-mail | David F. Jadwin | 060118-1 Email JadwinD-QuinonezB+BryanP+HarrisI+McBrideA ACS CoC on IPR | | |
| 1/19/2006 | 1312 | E-mail | Tracy Lindsey | 060119 NEW Email LindseyT-BarnesK+BryanP+HarrisI+RamosA+SubriarT+ValenciaC+WeddingC LT Coverage | | |
| 2/2/2006 | DFJ00729 | E-mail | Bonnie Quinonez | 060202 Email JadwinD-QuinonezB Onoclogy Conference compliance | | |
| 2/9/2006 | DFJ00737 | E-mail | Arlene Ramos-Aninion | 060209-2 Email RamosA-JadwinD+LindseyT Meeting with BarmannB | | |
| 2/10/2006 | 431 | Note | Irwin Harris | 060210 NEW Letter JadwinD-RoyW Defamation + HarrisI Note | | |
| 2/10/2006 | DFJ00738 | Letter | David F. Jadwin | 060210 Letter JadwinD-RoyW Defamation | | |
| 2/13/2006 | 9842 | Minutes | Peter Bryan | 9842 060213 JCC Minutes Outside Practices | | |
| 2/13/2006 | 1132 | Printout | David F. Jadwin | 060213 NEW Printout Accredited Program Search | | |
| 2/21/2006 | DFJ00740 | Internal memo | Peter Bryan | 060221-1 Memo BryanP-JadwinD+RamosA Roy Dispute | | |
| 2/22/2006 | 434 | Letter | William Roy, M.D. | 060222 NEW Letter RoyW-HarrisI Peer Review | | |
| 2/22/2006 | 507 | E-mail | Peter Bryan | 060223 NEW Email RaglandS-BryanP Staff Officer | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|------|------|------|------|------|------|
| | | | | Mediation | | |
| 2/22/2006 | DFJ00743 | E-mail | Dianne McConnehey, R.N. | 060222 Email McConneheyD-JadwinD+HarrisI Peer Review of JadwinD | | |
| 2/23/2006 | DFJ00744 | E-mail | David F. Jadwin | 060223 Email JadwinD-BryanP Staff Officer Mediation | | |
| 3/1/2006 | 1142 | E-mail | David F. Jadwin | 060301 NEW Email JadwinD-KingJ+DuttP+Shertu dkeS Pro Fees | | |
| 3/2/2006 | DFJ00749 | E-mail | David F. Jadwin | 060302-2 Email JadwinD-BryanP LT Coverage | | |
| 3/2/2006 | DFJ00750 | E-mail | David F. Jadwin | 060302-3 Email JadwinD-BryanP+WoodsR+B arnesK Ang Biopsies | | |
| 3/2/2006 | DFJ00747 | Certificate | Sandra Chester | 060302-1 ChesterS-JadwinD Medical Leave Designation | | |
| 3/2/2006 | DFJ00746 | Form | David F. Jadwin | 060302-0 Leave Request 1 | | |
| 3/8/2006 | DFJ00751 | E-mail | Peter Bryan | 060308 Email BryanP-JadwinD Placental Audit Results | | |
| 3/15/2006 | 17355 | Report | Debra Hamm | 060315 Report HammD-HillD-JadwinD - Placental Audit | | |
| 3/15/2006 | 432 | Letter | Juan Felix, MD | 060315 NEW Letter FelixJ-JadwinD RoyW Hysterectomy | | |
| 3/16/2006 | DFJ00753 | E-mail | David F. Jadwin | 060316-2 Email JadwinD-KercherE+BryanP Roy Defamation & Leave Extension | | |
| 3/16/2006 | DFJ00752 | E-mail | David F. Jadwin | 060316-1 Email JadwinD-Bryan+ChesterS+Du ttP Leave Extension | | |
| 3/23/2006 | DFJ00780 | E-mail | David F. Jadwin | 060323-2 Email JadwinD-BryanP+KercherE Placental Audit Results | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|---------------|--------|-----------|-----------|------------|------------|
| 3/23/2006 | DFJ00754 | Internal memo | David F. Jadwin | 060323-1 57 Memos JadwinD-SmithT PCC Errors | | |
| 3/30/2006 | DFJ00781 | Letter | Michael Young, Esq. | 060330 Letter YoungM-RoyW+JadwinD Defamation | | |
| 4/5/2006 | DFJ00783 | E-mail | David F. Jadwin | 060405 Email JadwinD-BryanP Locum Tenens & Sick Mother & Surgery | | |
| 4/6/2006 | 477 | Letter | William Roy, M.D. | 060406 NEW Letter RoyW-BryanP+HarrisI+PerezL Defamation Atty Letter | | |
| 4/10/2006 | DFJ00786 | Printout | David F. Jadwin | 060410-3 Lab Evaluations of JadwinD | | |
| 4/10/2006 | DFJ00784 | E-mail | David F. Jadwin | 060410-1 Email JadwinD-BryanP Meeting Agenda & PCC & Ang Biopsies & Roy & Sick Leave | | |
| 4/14/2006 | DFJ00788 | Note | David F. Jadwin | 060413-2 JadwinD Notes Meeting with BryanP & PCC | | |
| 4/17/2006 | 398 | E-mail | Angelina Reyes | 060417 NEW Email ReyesA-HillD+HarrisI+SmithT+RieckD+BoweR+PriceS Chart Violation | | |
| 4/17/2006 | DFJ00790 | E-mail | David F. Jadwin | 060417-1 Email JadwinD-KercherE+BryanP+HarrisI Lau Confrontation | | |
| 4/17/2006 | 401 | Internal memo | Toni Smith, R.N. | 060417 NEW Memo SmithT-BryanP 57 PCC Memos | | |
| 4/17/2006 | 1581 | E-mail | Peter Bryan | 060417 NEW Email BryanP-JadwinD Transcription Problem | | |
| 4/17/2006 | DFJ00789 | Internal memo | Savita P. Shertukde, M.D. | 060417-0 Statement of ShertudkeA LauC Confrontation | | |
| 4/17/2006 | DFJ00793 | E-mail | Peter Bryan | 060417-3 Email JadwinD-BryanP+KercherE+BarnesK+HarrisI PCC & Request | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| | | | | BarmannB Meeting | | |
| 4/17/2006 | DFJ00791 | Internal memo | David F. Jadwin | 060417-2 Memo JadwinD-HarrisI LauC Confrontation | | |
| 4/17/2006 | DFJ00794 | Internal memo | Peter Bryan | 060417-4 Memo BryanP-JadwinD+BarnesK Ultimatum 1 | | |
| 4/20/2006 | DFJ00796 | Letter | Sandra Chester | 060420 Letter ChesterS-JadwinD+BryanP End of Sick Leave Notice | | |
| 4/21/2006 | DFJ00799 | E-mail | Peter Bryan | 060421-3 Email BryanP-JadwinD+HarrisI Ang Biopsies | | |
| 4/26/2006 | DFJ01150 | Certificate | Paul Riskin, M.D. | 060426-2  Cert2 | | |
| 4/26/2006 | 1506 | Form | David F. Jadwin | 060426 Leave Request 2 | | |
| 4/28/2006 | DFJ01153 | Internal memo | Peter Bryan | 060428 Memo BryanP-JadwinD+BarnesK+ChesterS Ultimatum 2 | | |
| 4/28/2006 | 397 | Handwritten notes | Irwin Harris | 060428 NEW Notes HarrisI Ang Biopsies | | |
| 5/4/2006 | 26379 | Contract | William Colburn, MD, Bernie Barmann, Esq. | 26379 060504 ColburnW Contract | | |
| 5/10/2006 | 27083 | Internal memo | Irwin Harris | 27083 060510 MansourJ Behavior | | |
| 5/25/2006 | 426 | Letter | Irwin Harris Eugene Kercher, M.D. Alan Scott Ragland, M.D. | 060206 NEW Draft HarrisI+KercherE+RaglandS-JadwinD Behavior | | |
| 5/31/2006 | DFJ01175 | Letter | David F. Jadwin | 060531 Letter JadwinD-BryanP Deadline Extension Request | | |
| 6/6/2006 | 27085 | Internal memo | Irwin Harris | 27085 060606 MansourJ Behavior | | |
| 6/9/2006 | 27087 | Internal memo | Irwin Harris | 27087 060609 MansourJ Behavior | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| 6/12/2006 | 9829 | Minutes | Peter Bryan | 9829 060612 JCC Minutes Removal | | |
| 6/14/2006 | DFJ01179 | E-mail | Peter Bryan | 060614-1 Email BryanP-JadwinD Ultimatum 3 Email | | |
| 6/14/2006 | DFJ01181 | Letter | Peter Bryan | 060614-2 Letter BryanP-JadwinD+HarrisI+KercherE+BarnesK Ultimatum 3 | | |
| 6/14/2006 | 392 | Internal memo | | 060616 NEW Memo to File Strategy | | |
| 6/21/2006 | DFJ01182 | Personnel File | Alan Scott Ragland, M.D. | 060621 Credentials File | | |
| 6/26/2006 | DFJ01345 | Letter | Peter Bryan Renita Nunn | 060626-1 Email NunnR-JadwinD+RaisonM+BarnesK+BryanP+ChesterS+HarrisI+RobertsK Lockout | | |
| 6/29/2006 | DFJ01348 | Letter | Eugene D. Lee, Esq. | 060629 Fax LeeE-BarnesK+JadwinD No Spoliation & Demand Letter | | |
| 7/1/2006 | 21121 | Report | | 21121 060701 Exceptional Events Log | | |
| 7/10/2006 | 687 | Handwritten notes | Irwin Harris; Peter Bryan | 060710 NEW Notes HarrisI Demotion | | |
| 7/10/2006 | 32 | Minutes | Peter Bryan, Rae McDonald | 060710 NEW Minutes JCC Demotion of JadwinD | | |
| 7/10/2006 | 1476 | Internal memo | Peter Bryan | 060710 NEW Memo BryanP-JCC Demotion | | |
| 7/10/2006 | 9819 | Minutes | Peter Bryan | 9819 JCC Minutes Removal | | |
| 7/14/2006 | DFJ01356 | Letter | Eugene D. Lee, Esq. | 060714 Fax LeeE-BarnesK+JadwinD Followup Demand Letter | | |
| 7/18/2006 | DFJ02633 | Personnel File | Karen Barnes, Esq. | Personnel File - County_060726 | | |
| 7/18/2006 | DFJ01359 | Letter | Karen Barnes, Esq. | 060718 Letter BarnesK-LeeE+BryanP+BarmannB Reply to Demand Letter | | |
| 7/25/2006 | 1619 | Letter | Peter Bryan Sandra | 060725 NEW Letter BryanP-DHS | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|------|------|------|------|------|------|
| | | | Chester | Demotion | | |
| 8/14/2006 | DFJ01828 | Govt | DFEH | 060814 DFEH Right To Sue Letters RECEIVED | | |
| 8/17/2006 | 110 | Personnel File | | 060817 NEW Personnel File | | |
| 8/23/2006 | 27093 | Internal memo | Rae McDonald | 27093 060823 MansourJ Behavior | | |
| 8/30/2006 | 25924 | Letter | William Colburn, MD | 25924 060830 ColburnW Report | | |
| 9/1/2006 | DFJ01383 | Letter | Irwin Harris | 060901 Letter HarrisI-JadwinD Return to Work | | |
| 9/11/2006 | DFJ01387 | Certificate | Paul Riskin, M.D. | 060912-2 Letter JadwinD-HarrisI Return to Work | | |
| 9/12/2006 | 27094 | Internal memo | Irwin Harris | 27094 060912 MansourJ Behavior | | |
| 9/14/2006 | 830 | E-mail | Phillip Dutt, M.D. | 060914 NEW Email BarnesK-DuttP+HarrisI+McDonaldR Amendments to Contract | | |
| 9/15/2006 | DFJ01390 | E-mail | Karen Barnes, Esq. | 060915 Email Barnes-LeeE - Amendment 1 to Contract | | |
| 9/15/2006 | DFJ01863 | Govt | Kern County | 060915 Tort Claims Act Rejection RECEIVED | | |
| 9/18/2006 | DFJ01396 | Letter | David F. Jadwin | 060919 Letter JadwinD-BarnesK Paycut Protest | | |
| 9/20/2006 | DFJ01398 | Letter | David K. Culberson | 060920 Letter Culberson-JadwinD+HarrisI+BarnesK Pay Cut Reply | | |
| 10/3/2006 | DFJ01416 | Contract | Barbara Patrick David K. Culberson Irwin Harris barnes Kay F. Madden David F. Jadwin | 061003 Amendment 1 to Contract2 | | |
| 10/3/2006 | 1353 | E-mail | Karen Barnes, Esq. | 061003 NEW Email BarnesK-EpsteinJ Peer Review | | |
| 10/3/2006 | DFJ01407 | Minutes | Board of Supervisors | 061002 Bd of Super approve paycut | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|---------------|--------|-----------|-----------|------------|------------|
| 10/4/2006 | 26375 | Contract | Jonathan I. Epstein, M.D., Bernie Barmann, Esq. | 26375 061004 EpsteinJ Contract | | |
| 10/5/2006 | 27095 | Internal memo | Irwin Harris | 27095 061005 MansourJ Behavior | | |
| 10/10/2006 | DFJ01423 | E-mail | David F. Jadwin | 061010 Email JadwinD-PriceS - Placental Review | | |
| 10/16/2006 | 27097 | Internal memo | Irwin Harris | 27097 061016 MansourJ Behavior | | |
| 10/17/2006 | 899 | Minutes | Phillip Dutt, M.D. | 061107 NEW Minutes Pathology Dept - Sharps | | |
| 10/25/2006 | 27098 | Internal memo | Irwin Harris | 27098 061025 MansourJ Behavior | | |
| 10/25/2006 | DFJ01427 | E-mail | David F. Jadwin | 061025 Email JadwinD-DuttP+Shertudke Interesting Quote | | |
| 10/30/2006 | 17371 | Letter | Bernie Barmann, Esq., Karen Barnes, Esq. | 0017371 061030 Letter BarnesK-EpsteinJ Prostatectomy | | |
| 11/6/2006 | 824 | E-mail | Evangeline Gallegos-Tolentino | 061106 NEW Email GallegosE-DuttP Behavior | | |
| 11/6/2006 | DFJ01430 | E-mail | David F. Jadwin | 061106-2 Email JadwinD-DuttP Fallopian Tube Unattended | | |
| 11/13/2006 | 775 | Form | David F. Jadwin | 061113 NEW Peer Review Form JadwinD S06-4131 | | |
| 11/13/2006 | DFJ01438 | E-mail | David F. Jadwin | 061113-3 Email JadwinD-HarrisI-MartinM-McBrideA+PriceS - Prostatectomy | | |
| 11/14/2006 | DFJ01439 | E-mail | Phillip Dutt, M.D. | 061114-1 Email DuttP-JadwinD Vangie Absence | | |
| 11/14/2006 | DFJ01866 | Govt | DFEH | 061114 - GOVT - Right To Sue Letters - Amended Complaint_071114 | | |
| 11/16/2006 | 815 | Form | Phillip Dutt, M.D. | 061116 NEW Peer Review Form S06-5229 | | |
| 11/17/2006 | DFJ01445 | E-mail | Phillip Dutt, M.D. | 061117 Email - DuttP-JadwinD- | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| | | | | harassing | | |
| 11/18/2006 | 774 | Letter | Phillip Dutt, M.D. | 061118 NEW Letter DuttP-EpsteinJ S06-4131 | | |
| 11/20/2006 | 27099 | Internal memo | Irwin Harris | 27099 061120 MansourJ Behavior | | |
| 11/22/2006 | DFJ01448 | E-mail | Phillip Dutt, M.D. | 061122-1 Email - DuttP-JadwinD FNA Privileges | | |
| 11/22/2006 | 839 | E-mail | Phillip Dutt, M.D. | 061122-3  NEW Email - DuttP-JadwinD Christmas Holiday | | |
| 11/22/2006 | DFJ01449 | E-mail | Phillip Dutt, M.D. | 061122-2 Email - DuttP-JadwinD Missed Rush Case | | |
| 11/27/2006 | 823 | E-mail | Tracy Lindsey | 061127 NEW Email LindseyT-CaseR Behavior | | |
| 11/27/2006 | 852 | E-mail | Evangeline Gallegos-Tolentino | 061127 NEW Email GallegosE-DuttP Dumping Tissues | | |
| 11/28/2006 | 809 | E-mail | Jonathan I. Epstein, M.D. | 061128 NEW Email EpsteinJ-DuttP S06-4131 | | |
| 11/29/2006 | DFJ01455 | E-mail | Phillip Dutt, M.D. | 061129-2 Email - JadwinD-DuttP - Handling of Case | | |
| 11/29/2006 | DFJ01454 | E-mail | Joint Commission on Accreditation of Healthcare Organizations | 061129-1 Email JCAHO-JadwinD Blowing Whistle | | |
| 11/30/2006 | 17375 | Letter | Jonathan I. Epstein, M.D. | 0017375 061130 Epstein Findings - Prostatectomy | | |
| 11/30/2006 | 810 | Report | | 070118 NEW Pathology Report S06-4131 | | |
| 12/1/2006 | DFJ02462 | Letter | Department of Health Services | 061201 DOCS - CA DHS Complaint Receipt_061201 | | |
| 12/1/2006 | 797 | Letter | Phillip Dutt, M.D. | 061201 NEW Letter DuttP-HackerC S06-4131 | | |
| 12/1/2006 | DFJ01459 | Letter | Department of Health Services | 061201 Letter DHS-JadwinD Blowing Whistle | | |
| 12/1/2006 | 776 | Letter | Phillip Dutt, M.D. | 061201 NEW Letter DuttP-EpsteinJ Peer Review | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|---------------|--------|-----------|-----------|------------|------------|
| 12/4/2006 | 1351 | Handwritten notes | Irwin Harris | 061204 NEW Notes HarrisI Behavior | | |
| 12/4/2006 | 827 | E-mail | Phillip Dutt, M.D. | 061204 NEW Email DuttP-JadwinD Sharps-Rushing-Criticism-Etc | | |
| 12/5/2006 | DFJ01464 | E-mail | David F. Jadwin | 061205-3 Email JadwinD-DuttP+FokR+PriceS Missed Occult Lesion | | |
| 12/5/2006 | DFJ01460 | E-mail | Tom Wheeler, M.D. | 061205-1 Email JadwinD-WheelerT Radical Prostetectomy | | |
| 12/5/2006 | DFJ01469 | E-mail | Phillip Dutt, M.D. | 061205-6 Email JadwinD-DuttP Sharps & Criticisms | | |
| 12/5/2006 | DFJ01462 | E-mail | David F. Jadwin | 061205-2 Email JadwinD-PerezL+DuttP+FokR+PriceS Missed Chorangioma | | |
| 12/6/2006 | DFJ01470 | E-mail | Phillip Dutt, M.D. | 061206-1 Email DuttP-JadwinD Cutting Policy | | |
| 12/6/2006 | DFJ01465 | E-mail | Phillip Dutt, M.D. | 061205-4 Email DuttP-JadwinD Radical Prostetectomy & Peer Review | | |
| 12/06/06 10:49 a.m. | DFJ01472 | E-mail | David F. Jadwin | 061206-2 Email JadwinD-DuttP Radical Prostetectomy | | |
| 12/06/06 11:36 a.m. | DFJ01474 | E-mail | Phillip Dutt, M.D. | 061206-3 Email JadwinD-DuttP Peer Review Forms | | |
| 12/06/06 12:13 p.m. | DFJ01476 | E-mail | Phillip Dutt, M.D. | 061206-4 Email DuttP-JadwinD Radical Prostetectomy | | |
| 12/06/06 12:54 p.m. | DFJ01479 | E-mail | David F. Jadwin | 061206-5 Email JadwinD-DuttP+BarnesK+CulbersonD+HarrisI Blowing Whistle to Board of Supervisors | | |
| 12/06/06 12:58 p.m. | 1466 | E-mail | Phillip Dutt, M.D. | 061206 NEW Email DuttP-CulbersonD Behavior | | |
| 12/7/2006 | 863 | E-mail | Phillip Dutt, | 061207 NEW Email | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|------|------|------|------|------|------|
| | | | M.D. | DuttP-JadwinD Vangie | | |
| 12/7/2006 | DFJ01482 | Letter | David K. Culberson | 061207-2 Letter - CulbersonD-JadwinD+HarrisI+RaisonM+BarnesK - House Arrest | | |
| 12/07/06 9:05 a.m. | 862 | E-mail | Phillip Dutt, M.D. | 061207 NEW Email DuttP-FigueroaY Sharps | | |
| 12/07/06 9:17 a.m. | DFJ01481 | E-mail | David F. Jadwin | 061207-1 Email Sharps | | |
| 12/8/2006 | DFJ02538 | E-mail | David F. Jadwin | 061128 Email - JCAHO-JadwinD Blowing Whistle | | |
| 12/11/2006 | 10014 | Minutes | Arlene Ramos-Aninion, David K. Culberson | 10014 061211 Due Process | | |
| 12/13/2006 | 895 | Declaration | Albert McBride, M.D. | 061213 NEW Declaration McBrideA Peer Review | | |
| 12/13/2006 | 896 | Letter | Juan Felix, MD | 061213 NEW Letter FelixJ-DuttP Peer Review | | |
| 12/13/2006 | DFJ01488 | Letter | David F. Jadwin | 061213-2 Letter - JadwinD-CulbersonD+ALL Blowing Whistle | | |
| 12/14/2006 | 882 | Internal memo | Phillip Dutt, M.D. | 061214 NEW Memo DuttP-PeerReviewComm Peer Review | | |
| 12/14/2006 | | Policy | | KMC Medical Staff Rules and Regulations | | |
| 12/14/2006 | 26503 | Internal memo | Phillip Dutt, M.D. | 26503 061214 DuttP Peer Review Complaint | | |
| 12/18/2006 | DFJ01493 | E-mail | David F. Jadwin | 061218-1 Email - JadwinD-DuttP WSJ Article - FNA & PCC & IPR | | |
| 12/26/2006 | 26887 | Letter | Parakrama Chandrasoma, M.D. | 26887 061226 ChandrasomaP Report | | |
| 12/26/06 2:42 p.m. | 1343 | E-mail | Phillip Dutt, M.D. | 061206-6 NEW Email DuttP-HarrisI Peer Review | | |
| 1/4/2007 | 1330 | E-mail | Phillip Dutt, M.D. | 070104 NEW Email DuttP-CulbersonD | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|---------------|--------|-----------|-----------|------------|------------|
| | | | | CAP Investigation | | |
| 1/8/2007 | 1318 | Internal memo | Phillip Dutt, M.D. | 070101 NEW Memo DuttP Behavior & Peer Review & CAP | | |
| 1/8/2007 | | Policy | | Corrective Action and Termination Review Process | | |
| 1/11/2007 | 1315 | Letter | Phillip Dutt, M.D. | 070111 NEW Letter DuttP-CAP Tissue Bank | | |
| 1/15/2007 | DFJ02463 | E-mail | David F. Jadwin | 070115 Email JadwinD-CAP Blowing Whistle | | |
| 1/23/2007 | DFJ02500 | Letter | David F. Jadwin | 070123 Fax JadwinD-DHS Blowing Whistle | | |
| 1/23/2007 | 11190 | Internal memo | Phillip Dutt, M.D. | 11190 070123 CAP | | |
| 1/31/2007 | DFJ01557 | Letter | Cindy Lighthill | 070131 Professional Fees | | |
| 2/1/2007 | | Policy | | UMPK Bylaws | | |
| 2/6/2007 | 27100 | Internal memo | Irwin Harris | 27100 070206 DuttP Complaint | | |
| 3/12/2007 | 27102 | Internal memo | Irwin Harris | 27102 070312 MansourJ Behavior | | |
| 4/4/2007 | DFJ01618 | Letter | Eugene D. Lee, Esq. | 070404 Letter LeeE-BarnesK - Involuntary Leave Protest | | |
| 4/12/2007 | 27109 | Internal memo | Irwin Harris | 27109 070412 MansourJ Behavior | | |
| 4/12/2007 | 27107 | Internal memo | Irwin Harris | 27107 070412 MansourJ Behavior | | |
| 4/12/2007 | 27105 | Internal memo | Irwin Harris | 27105 070412 MansourJ Behavior | | |
| 4/23/2007 | DFJ01952 | Govt | Eugene D. Lee, Esq. | 070423 Second Amended DFEH Filing | | |
| 4/23/2007 | DFJ01898 | Govt | Eugene D. Lee, Esq. | 070423 First Amended Tort Claims Act Complaint | | |
| 4/24/2007 | 1657 | Printout | | 070424 NEW JadwinD Compensation Comparison | | |
| 4/30/2007 | DFJ01700 | Letter | Mark Wasser, Esq. | 070430 Letter WasserM-LeeE - | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|------|---------------|--------|-----------|-----------|------------|------------|
| | | | | Lifting of Leave Restrictions | | |
| 5/1/2007 | DFJ01705 | E-mail | Mark Wasser, Esq. | 070501 Emails WasserM-LeeE - Buyout | | |
| 5/1/2007 | DFJ01702 | Letter | Eugene D. Lee, Esq. | 070501 Letter LeeE-WasserM - Non-Renewal of Contract | | |
| 6/19/2007 | 26191 | Contract | Gian A. Yakoub, MabenD, Paul Hensler, EspinosaL, Karen Barnes, Esq. | 26175 070619 YakoubG Contract | | |
| 7/3/2007 | 7885 | Minutes | Alan Scott Ragland, M.D. | 7885 070703 MEC Minutes DiggesJ Resign | | |
| 7/30/2007 | DFJ02599 | Report | Paul Riskin, M.D. | 070730 RiskinP-LeeE Report | | |
| 8/3/2007 | DFJ02006 | Printout | Longs Drugs | 070807 MedR - Pharmaceutical Records - CERTIFIED_070807 | | |
| 8/9/2007 | DFJ02013 | Letter | David F. Jadwin | 070809 Corr OP - Letter JadwinD-HenslerP Protest re Access to Office - MAILED_070809 | | |
| 8/24/2007 | DFJ02015 | Presentation | Faculty Practice Plan | 070824 DOCS - Pro Fee Distribution 070824_070824 | | |
| 9/10/2007 | 9919 | Minutes | Arlene Ramos-Aninion, Alan Scott Ragland, M.D. | 9919 070910 JCC Minutes Due Process | | |
| 10/16/2007 | DFJ02016 | Govt | Eugene D. Lee, Esq. | 071016 GOVT - Second Supplemented TCA Complaint - SIGNED_071016 | | |
| 10/23/2007 | DFJ02022 | Govt | | 071023 Investigation - RoyW - Medical Board Complaint_071217 | | |
| 10/30/2007 | DFJ02030 | Govt | DFEH | 071118 GOVT - FEHA RTS - Second Supplemental Complaint_071118 | | |
| 12/10/2007 | 21161 | Minutes | Alan Scott Ragland, | 21161 071210 JCC Minutes - DuttP not | | |

| Date | Bates - Begin | Type + | Author(s) | Full Name | Fndtn Objn | Subst Objn |
|---|---|---|---|---|---|---|
| | | | M.D. | chair | | |
| 12/31/2007 | DFJ02810 | Printout | IRS | 080424 DOCS - 2007 Wage Statements_080424 | | |
| 1/14/2008 | 21159 | Minutes | Alan Scott Ragland, M.D. | 21159 080114 JCC Minutes - MansourJ behavior | | |
| 2/21/2008 | DFJ02632 | E-mail | David F. Jadwin | 080221 Email DFJ-ShiepeC Mitigation | | |
| 3/21/2008 | DFJ02781 | Printout | Longs Drugs | 080321 MedR - Pharmaceutical records CERTIFIED_080321 | | |
| 4/5/2008 | DFJ02789 | Printout | Anosh Taheri-Tafreshi, M.D. | 080405 MedR - Taheri Invoices 2 CERTIFIED_080405 | | |
| 4/21/2008 | DFJ02809 | Govt | DLSE | 080421 DLSE re no Exhaustion | | |
| 6/25/2008 | DFJ02815 | E-mail | David F. Jadwin | 080625 Job Search | | |
| 7/22/2008 | DFJ02816 | Letter | Department of Health Services | 080722 GOVT - DHS Investigation Conclusion_080722 | | |
| 8/11/2008 | DFJ02818 | Letter | Department of Health Services | 080811 GOVT - Fax DHS-DFJ DHS Investigation Report_080811 | | |
| 8/16/2008 | | Printout | Eugene D. Lee, Esq. | 080816 Authentication Stip | | |
| 2/19/2009 | DFJ02825 | Report | Medical Board of California | 090219 Roy Report | | |
| 4/10/2009 | DFJ02848 | Letter | Medical Board of California | 090410 Roy Hearing | | |
| 4/20/2009 | DFJ02824 | Printout | David F. Jadwin | 090420 KMC Path Dept website printout | | |

| |
|---|
| Interrogatory No. 3 and Second Supplemental Response thereto |
| Interrogatory No. 8 and Response thereto |
| Interrogatory No. 11 and Response thereto |
| Interrogatory No. 12 and Response thereto |
| Interrogatory No. 13 and Response thereto |
| Interrogatory No. 14 and Response thereto |
| Interrogatory No. 15 and First Supplemental Response thereto |
| Interrogatory No. 16 and Response thereto |
| Interrogatory No. 17 and Response thereto |
| Interrogatory No. 18 and Response thereto |

| |
|---|
| Interrogatory No. 24 and First Supplemental Response thereto |
| Interrogatory No. 27 and First Supplemental Response thereto |
| Interrogatory No. 28 and First Supplemental Response thereto |
| Interrogatory No. 29 and Response thereto |
| Interrogatory No. 30 and First Supplemental Response thereto |
| Interrogatory No. 31 and Response thereto |
| Interrogatory No. 32 and Response thereto |
| Interrogatory No. 33 and Response thereto |
| Interrogatory No. 34 and Response thereto |
| Interrogatory No. 35 and Response thereto |
| Interrogatory No. 36 and First Supplemental Response thereto |
| Interrogatory No. 37 and First Supplemental Response thereto |
| Interrogatory No. 38 and First Supplemental Response thereto |
| Interrogatory No. 39 and First Supplemental Response thereto |
| Interrogatory No. 40 and Response thereto |
| Interrogatory No. 41 and Response thereto |
| Interrogatory No. 42 and First Supplemental Response thereto |
| Interrogatory No. 43 and First Supplemental Response thereto |
| Interrogatory No. 44 and First Supplemental Response thereto |
| Interrogatory No. 45 and Response thereto |
| Interrogatory No. 48 and Second Supplemental Response thereto |
| Interrogatory No. 49 and Response thereto |
| Interrogatory No. 56 and Response thereto |
| Interrogatory No. 57 and Response thereto |
| Interrogatory No. 58 and Response thereto |
| Interrogatory No. 59 and Response thereto |
| Interrogatory No. 60 and Response thereto |
| Interrogatory No. 61 and Response thereto |
| Interrogatory No. 62 and Response thereto |
| Interrogatory No. 63 and Response thereto |
| Interrogatory No. 65 and Response thereto |
| Interrogatory No. 66 and Response thereto |
| Interrogatory No. 67 and Response thereto |
| Interrogatory No. 68 and Response thereto |
| Interrogatory No. 69 and Response thereto |
| Interrogatory No. 74 and Response thereto |
| Interrogatory No. 75 and Response thereto |
| Interrogatory No. 80 and Response thereto |
| Interrogatory No. 81 and Response thereto |
| Interrogatory No. 82 and Response thereto |
| Interrogatory No. 83 and Response thereto |
| Interrogatory No. 84 and Response thereto |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| |
|---|
| Request for Admission No. 1 and Response thereto |
| Request for Admission No. 18 and Response thereto |
| Request for Admission No. 19 and Response thereto |
| Request for Admission No. 20 and Response thereto |
| Request for Admission No. 21 and Response thereto |
| Request for Admission No. 22 and Response thereto |
| Request for Admission No. 23 and Response thereto |
| Request for Admission No. 24 and Response thereto |
| Request for Admission No. 35 and Response thereto |
| Request for Admission No. 61 and Response thereto |
| Request for Admission No. 134 and Response thereto |
| Request for Admission No. 135 and Response thereto |
| Request for Admission No. 136 and Response thereto |
| Request for Admission No. 137 and Response thereto |
| Request for Admission No. 138 and Response thereto |
| Request for Admission No. 221 and Response thereto |
| Request for Admission No. 227 and Response thereto |
| Request for Admission No. 228 and Response thereto |
| Request for Admission No. 229 and Response thereto |
| Request for Admission No. 243 and Response thereto |
| Request for Admission No. 246 and Response thereto |
| Request for Admission No. 250 and Response thereto |
| Request for Admission No. 253 and Response thereto |
| Request for Admission No. 255 and Response thereto |
| Request for Admission No. 256 and Response thereto |
| Request for Admission No. 257 and Response thereto |
| Request for Admission No. 258 and Response thereto |
| Request for Admission No. 259 and Response thereto |
| Request for Admission No. 260 and Response thereto |
| Request for Admission No. 261 and Response thereto |
| Request for Admission No. 262 and Response thereto |
| Request for Admission No. 264 and Response thereto |
| Request for Admission No. 286 and Response thereto |
| Request for Admission No. 287 and Response thereto |
| Request for Admission No. 288 and Response thereto |

## V. DISCOVERY DOCUMENTS

1.     Plaintiff intends to introduce the depositions taken in this action, and attached exhibits, for all purposes allowed under the Federal Rules of Civil Procedure and Evidence. Plaintiff also intends to introduce the following sets and supplemental sets of interrogatories, requests for admissions and

request for documents propounded to and responded by defendants:

| |
|---|
| Interrogatory No. 3 and Second Supplemental Response thereto |
| Interrogatory No. 8 and Response thereto |
| Interrogatory No. 11 and Response thereto |
| Interrogatory No. 12 and Response thereto |
| Interrogatory No. 13 and Response thereto |
| Interrogatory No. 14 and Response thereto |
| Interrogatory No. 15 and First Supplemental Response thereto |
| Interrogatory No. 16 and Response thereto |
| Interrogatory No. 17 and Response thereto |
| Interrogatory No. 18 and Response thereto |
| Interrogatory No. 24 and First Supplemental Response thereto |
| Interrogatory No. 27 and First Supplemental Response thereto |
| Interrogatory No. 28 and First Supplemental Response thereto |
| Interrogatory No. 29 and Response thereto |
| Interrogatory No. 30 and First Supplemental Response thereto |
| Interrogatory No. 31 and Response thereto |
| Interrogatory No. 32 and Response thereto |
| Interrogatory No. 33 and Response thereto |
| Interrogatory No. 34 and Response thereto |
| Interrogatory No. 35 and Response thereto |
| Interrogatory No. 36 and First Supplemental Response thereto |
| Interrogatory No. 37 and First Supplemental Response thereto |
| Interrogatory No. 38 and First Supplemental Response thereto |
| Interrogatory No. 39 and First Supplemental Response thereto |
| Interrogatory No. 40 and Response thereto |
| Interrogatory No. 41 and Response thereto |
| Interrogatory No. 42 and First Supplemental Response thereto |
| Interrogatory No. 43 and First Supplemental Response thereto |
| Interrogatory No. 44 and First Supplemental Response thereto |
| Interrogatory No. 45 and Response thereto |
| Interrogatory No. 48 and Second Supplemental Response thereto |
| Interrogatory No. 49 and Response thereto |
| Interrogatory No. 56 and Response thereto |
| Interrogatory No. 57 and Response thereto |
| Interrogatory No. 58 and Response thereto |
| Interrogatory No. 59 and Response thereto |
| Interrogatory No. 60 and Response thereto |
| Interrogatory No. 61 and Response thereto |
| Interrogatory No. 62 and Response thereto |
| Interrogatory No. 63 and Response thereto |
| Interrogatory No. 65 and Response thereto |

| |
|---|
| Interrogatory No. 66 and Response thereto |
| Interrogatory No. 67 and Response thereto |
| Interrogatory No. 68 and Response thereto |
| Interrogatory No. 69 and Response thereto |
| Interrogatory No. 74 and Response thereto |
| Interrogatory No. 75 and Response thereto |
| Interrogatory No. 80 and Response thereto |
| Interrogatory No. 81 and Response thereto |
| Interrogatory No. 82 and Response thereto |
| Interrogatory No. 83 and Response thereto |
| Interrogatory No. 84 and Response thereto |
| Request for Admission No. 1 and Response thereto |
| Request for Admission No. 18 and Response thereto |
| Request for Admission No. 19 and Response thereto |
| Request for Admission No. 20 and Response thereto |
| Request for Admission No. 21 and Response thereto |
| Request for Admission No. 22 and Response thereto |
| Request for Admission No. 23 and Response thereto |
| Request for Admission No. 24 and Response thereto |
| Request for Admission No. 35 and Response thereto |
| Request for Admission No. 61 and Response thereto |
| Request for Admission No. 134 and Response thereto |
| Request for Admission No. 135 and Response thereto |
| Request for Admission No. 136 and Response thereto |
| Request for Admission No. 137 and Response thereto |
| Request for Admission No. 138 and Response thereto |
| Request for Admission No. 221 and Response thereto |
| Request for Admission No. 227 and Response thereto |
| Request for Admission No. 228 and Response thereto |
| Request for Admission No. 229 and Response thereto |
| Request for Admission No. 243 and Response thereto |
| Request for Admission No. 246 and Response thereto |
| Request for Admission No. 250 and Response thereto |
| Request for Admission No. 253 and Response thereto |
| Request for Admission No. 255 and Response thereto |
| Request for Admission No. 256 and Response thereto |
| Request for Admission No. 257 and Response thereto |
| Request for Admission No. 258 and Response thereto |
| Request for Admission No. 259 and Response thereto |
| Request for Admission No. 260 and Response thereto |
| Request for Admission No. 261 and Response thereto |
| Request for Admission No. 262 and Response thereto |

| |
|---|
| Request for Admission No. 264 and Response thereto |
| Request for Admission No. 286 and Response thereto |
| Request for Admission No. 287 and Response thereto |
| Request for Admission No. 288 and Response thereto |

## VI. MISCELLANEOUS

Plaintiff renews his request for a jury instruction or other sanction regarding the undisputed spoliation of evidence committed by Dr. Scott Ragland, Mr. David Culberson and Supervisor Barbara Patrick. Defendants' reply brief (Doc. 291) did not challenge that the spoliation had occurred, but merely made speculative, unsupported, conclusory assertions that the spoliated evidence was non-material.

In light of the Court's Order (Doc. 317), Plaintiff renews his request for summary adjudication of facts and issues pursuant to his motion for summary adjudication (Doc. 272) and for rulings on his evidentiary objections (Doc. 283).

Plaintiff reserves the right to amend any aspect of this pretrial order in the interest of justice.

1    RESPECTFULLY SUBMITTED on April 22, 2009.

2

3                              /s/ Eugene D. Lee
                              LAW OFFICE OF EUGENE LEE
4                              555 West Fifth Street, Suite 3100
                              Los Angeles, CA 90013
5                              Phone: (213) 992-3299
                              Fax: (213) 596-0487
6                              email: elee@LOEL.com
                              Attorney for Plaintiff DAVID F. JADWIN, D.O.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28