1
2
3
4             UNITED STATES DISTRICT COURT
5            EASTERN DISTRICT OF CALIFORNIA

6  | DAVID F. JADWIN, D.O., | 1:07-CV-00026-OWW-DLB |
7  | Plaintiff, | ORDER RE DISPUTE OVER PRETRIAL STATEMENTS |
8  | v. | |
9  | COUNTY OF KERN, | |
10 | Defendant. | |

11

12      The court received an e-mail correspondence (dated April 23,
13  2009) from Mark Wasser, counsel for Defendant County of Kern, and
14  an e-mail correspondence (dated April 23, 2009) from Eugene Lee,
15  counsel for Plaintiff David Jadwin, D.O.  On both of these e-mails,
16  the opposing counsel was copied.

17      As the e-mails reveal, while endeavoring to compose a list of
18  undisputed facts for a joint pretrial statement, a dispute between
19  the parties arose which they have not been able to resolve.
20  According to Defendant, "Plaintiff's counsel has argued that, since
21  he copied his statements of undisputed facts from the Court's
22  ruling on the parties' cross motions for summary judgment, there is
23  no room to negotiate on what the statements say.  Defendants do not
24  believe the statements, as Plaintiff worded them, are appropriate
25  for inclusion in the Pretrial Order and, consistent with the
26  Court's suggestion on Monday [at the Pretrial Conference], proposed
27  that the statements over which the parties disagree simply be moved
28  to the list of disputed issues. Plaintiff refuses to do that."

1

Previously, on April 22, 2009, the court issued an order, following a prior telephonic conference with counsel regarding this issue, which stated that "[e]ven if facts were found to be not in dispute, or undisputed, for the purposes of denying the motion for summary judgment, that the motion for summary judgment was denied, means facts necessary to resolution of an issue must be presented and their application and consequence determined by a jury." (Doc. 317).[1]   After this order, Plaintiff submitted a supplemental pretrial statement.   According to Plaintiff, he "now understands from the Courts's Order of April 22, 2009 (Doc. 317) that the findings of undisputed facts made in the Court's cross-MSA Ruling of April 8, 2009 do not relate to the parties' cross-motions for summary adjudication, but relate only to their cross-motions for summary judgment; and that Plaintiff cannot rely on the findings of fact made by the Court in denying summary judgment as 'undisputed facts'" (Doc. 318 at 2).[2]   Plaintiff "requests that the Court either issue a ruling on the cross-motions for summary adjudication or adopt all of the findings of fact it made in its Cross-MSA Ruling on April 8, 2009 (Doc. 311) as undisputed findings of fact" (Doc. 318 at 2).

In the "undisputed" facts section of Plaintiff's supplemental (and original) pretrial statement, Plaintiff has copied passages

_____

[1]   Of course, as to Plaintiff's claims that did not survive the Defendants' cross-motion for summary judgment or, in the alternative, partial summary judgment, those claims have been adjudicated and, accordingly, will not be presented at trial.

[2]   Contrary to what Plaintiff suggests, the order of April 8, 2009 does not contain a section on "findings of undisputed facts."

2

from the order on the parties' cross-motions for summary judgment or, in the alternative, partial summary judgment, including passages that discussed facts which the parties indicated were "undisputed" in the summary judgment briefing.  Defendant objects to Plaintiff's supplemental pretrial statement as "not in furtherance of the requisite joint lists and statements that are required."  According to Defendant, without submission of the joint statement of undisputed facts, and joint witness list, joint exhibit list and points of law, "the Court will not be able to prepare the Pretrial Order."  Defendant asserts that it has "given Plaintiff everything that is required to complete the joint lists and statements but Plaintiff refuses to use the materials" provided.

The Supreme Court has stated that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  This rule applies whether summary judgment on the whole of the action or partial summary judgment on a claim therein is at issue. *See, e.g.*, *Washington v. Garrett*, 10 F.3d 1421, 1424, 1428 (9th Cir. 1993).  In ruling on such motions, "[t]he evidence of the non-movant is to be *believed*" by the court, "and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 254 (emphasis added.)  Accordingly, in analyzing such motions, a court does *not decide or determine facts for purposes of trial*.  The Ninth Circuit recognizes "[t]here is no such thing as findings of fact, on a summary judgment motion." *Minidoka Irrigation Dist. v. Dep't of Interior*, 406 F.3d 567, 575

3

(9th Cir. 2005) (internal quotation marks omitted).  Although, in the course of ruling on such motions, courts will discuss facts or matters that are "undisputed," indisputable, not seriously disputed, appear "undisputed" or established, or use words of like import when discussing the record evidence and briefing, this does mean that a court has thereby usurped the function of the trier of fact and done something more than provide the context for the motion or articulate and explain the basis for the decision or a step in the analytical process.  While this is often implicit, see *Koch-Weser v. Board of Education*, No. 98 C 5157, 2002 WL 31133143, at *2 (N.D. Ill. July 19, 2002), some courts have made this explicit:

> [T]he district court in this case set out in its order denying summary judgment the 'facts' upon which that denial was based. As this Court has noted, what is considered to be the 'facts' at the summary judgment stage *may not turn out to be the actual facts if the case goes to trial*, *but those are the facts at this stage of the proceeding for summary judgment purposes*.

*Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir. 1996) (emphasis added); *see also Swint v. City of Wadley, Ala.*, 51 F.3d 998, 992 (11th Cir. 1995) ("[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motions may not be the actual facts.  They are, however, the facts for present purposes, and we set them out below."); *cf. Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1140 (9th Cir. 2003) (Graber, J., concurring in part) ("The evidence presented at trial often differs markedly from that which is offered in a party's summary judgment papers.").  Accordingly, Plaintiff's attempt to take passages from the court's order on the

**4**

cross-motions and assert that they represent undisputed facts that have already been established *for purposes of trial* is misguided. No factual findings for purposes of trial were made.   Of more concern is Plaintiff's intransigence in refusing to know and follow the law.

More serious is Plaintiff's intentional misrepresentation that the court did not rule on the "cross-motions for summary adjudication."   Plaintiff moved for summary judgment on the whole of his action and summary adjudication on each one of his claims, asserting that liability is established leaving only damages for trial.   Plaintiff also moved for summary adjudication on certain affirmative defenses.   The court painstakingly went through each of Plaintiff's claims and determined that Plaintiff was not entitled to judgment as a matter of law on his claims.   Some of Plaintiff's claims did not survive Defendants' cross-motion.   What Plaintiff appears to be arguing, although he does not specifically say it, is that the court should now establish facts under Rule 56(d)(1). That rule provides:

> If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue.   The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts – including items of damages or other relief – are not genuinely at issue.   The facts so specified must be treated as established in the action.

Given the unnecessary complexity of this case and the impending trial date (which has already been rescheduled three times before), it is not "practicable" to comb the massive record to prepare an

order under Rule 56(d)(1).[3]   In light of the inflated motion practice in this case and the apparent contentiousness between the parties, it is decidedly contrary to the interests of justice that yet another round of debate and further delay in these proceedings occurs.   The case will proceed to jury trial on the present schedule.   The parties are now ORDERED to comply with the court's instruction to move all the facts they cannot agree on to disputed. The parties have until 10:00 a.m. on April 30, 2009, to do so.

The absence of knowledge of the law, inexperience, and refusal to follow the directions of the court vexatiously multiply the proceedings under 28 U.S.C. § 1927.   In the event compliance with this order is not effectuated, appropriate sanctions will be considered.

IT IS SO ORDERED.

Dated:   __April 28, 2009__                          ____/s/ Oliver W. Wanger____
                                                            UNITED STATES DISTRICT JUDGE

---

[3]   Of course, a Pretrial Order will be issued.   As the advisory committee notes to Rule 56(d) explain, establishing facts under Rule 56(d) is "akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." Fed. R. Civ. P. 56(d) advisory committee notes.

6