1  Mark A. Wasser CA SB #060160
   LAW OFFICES OF MARK A. WASSER
2  400 Capitol Mall, Suite 2640
   Sacramento, California 95814
3  Phone: (916) 444-6400
   Fax: (916) 444-6405
4  E-mail: mwasser@markwasser.com

5  Attorneys for Defendant County of Kern

6

7

8            UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 | **DAVID F. JADWIN, D.O.**              | Case No.: 1:07-cv-00026-OWW-DLB

12 |         Plaintiff,                     | **DEFENDANT COUNTY OF KERN'S**
                                            | **NOTICE OF MOTIONS AND MOTIONS**
13 |         vs.                            | **IN LIMINE AND MEMORANDA OF**
                                            | **POINTS AND AUTHORITIES IN**
14 | **COUNTY OF KERN**, et al.,            | **SUPPORT THEREOF**

15 |         Defendants.                    | Date:  May 8, 2009
                                            | Time:  12:00 p.m.
16 |                                        | Place: U.S. District Court, Courtroom 3
                                            |        2500 Tulare Street, Fresno, CA
17 |                                        |
                                            | Date Action Filed: January 6, 2007
18 |                                        | Trial Date: May 12, 2009

19        TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

20        Please take notice that, on May 8, 2009 at 12:00 p.m. in Courtroom 3 of the U.S. District

21 Court in Fresno, California, or as soon thereafter as the matter may be heard, Defendant County

22 of Kern will bring the following motions in limine, before jury selection or the commencement

23 of trial, for orders limiting the presentation of evidence.

24        These motions in limine are made pursuant to Rule 16-281(b)(5) of the Local Rules of

25 the United States District Court, Eastern District of California,

26        These motions are based on this Notice of Motions, the memoranda of points and

27 authorities set forth below, and all pleadings, records and files in this action, and on such further

28 materials as may be presented at the hearing of these motions.

## MOTION IN LIMINE NO. 1

### To Exclude Attorneys as Witnesses

Plaintiff has included on his witness list seven attorneys, six of whom either work or did work for the County. They are: Bernard Barmann, County Counsel; Karen Barnes, Chief Deputy County Counsel; Mark Nations, Chief Deputy County Counsel; Margo Raison, Chief County Counsel; Mark Wasser, the County's trial counsel; Robert Woods, Deputy County Counsel; and Michael Young, an attorney in private practice in Bakersfield.

Rule 501, Federal Rules of Evidence, states "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."

California Evidence Code §954 establishes the attorney-client privilege. The attorney-client privilege applies to public entities. *Roberts v. City of Palmdale*, (1993) 5 Cal.4th 363, 853 P.2d 496, 20 Cal.Rptr.2d 330. The client holds the attorney-client privilege. California Evidence Code §953. The County is the client. *Ward v. Superior Court*, (App. 2 Dist. 1977) 70 Cal.App.3d 23, 32, 138 Cal.Rptr. 532. An attorney testifying as a witness must claim the attorney-client privilege on behalf of the client unless instructed by the client otherwise. *Stearns v. Los Angeles City School Dist.*, (App. 1 Dist. 1966) 244 Cal.App.2d 696, 53 Cal.Rptr. 482. Under the attorney-client privilege, there is no distinction between in-house counsel and outside counsel. *United States v. Rowe*, (9th Cir. 1996) 96 F.3d 1294, 1296.

The County cannot imagine any relevant and probative, non-privileged, testimony from any of these attorney witnesses that is not equally available from other witnesses who are not encumbered by the attorney-client privilege.

Calling these attorneys as witnesses will be both a waste of trial time and prejudicial to County. Since any non-privileged information these attorney-witnesses possess is available from other, non-privileged sources, Defendant requests that the Court exclude testimony from these attorneys.

**MOTON IN LIMINE NO. 2**

**To Exclude Evidence that Plaintiff's Removal as Chair Violated any Statutes Other than FMLA or FEHA**

The only "retaliation" claims that survived summary judgment are Plaintiff's claims that the County retaliated against him for exercising his rights under the FMLA and CFRA. Consequently, Defendant requests that the Court exclude any evidence that suggests or implies retaliation based on any other theories.

**MOTION IN LIMINE NO. 3**

**To Exclude any Evidence Regarding Plaintiff's Professional Competence**

After reviewing Plaintiff's witness list and exhibit list, Defendant believes Plaintiff intends to offer evidence of Plaintiff's professional competence as a pathologist. However, the County has not placed Plaintiff's professional competence as a pathologist in issue. The County will not place it in issue. To the extent the County offers evidence of Plaintiff's behavior in defense of Plaintiff's claims, it will be limited to evidence of Plaintiff's interpersonal behavior with co-workers and others, written correspondence with co-workers and others, oral statements to co-workers and others and the nature and quality of his interpersonal relationships. It will not include evidence of his professional competence or lack thereof.

Therefore, the County requests that evidence of Plaintiff's competence be excluded.

**MOTION IN LIMINE NO. 4**

**To Exclude Evidence of Misconduct by any Other Physician at Kern Medical Center**

Plaintiff has identified several physicians employed by County as witnesses: Dr. Royce Johnson, Dr. Joseph Mansour, Dr. Edward Taylor, Dr. Leonard Perez, and Dr. Jennifer Abraham. Plaintiff's exhibit list includes documents that describe personnel matters involving these physicians. The County believes Plaintiff intends to introduce evidence of personnel matters involving these physicians.

There is no nexus between personnel matters involving these physicians and any claim Plaintiff is asserting. Although the Ninth Circuit has recognized the relevance of "comparators"

1  to claims that a plaintiff may assert, Plaintiff is not asserting any claim for which these other

2  physicians are comparators and he has made no showing that they are. He has not alleged these

3  physicians were similarly situated. See, e.g., *Gates v. Caterpillar, Inc.*, (7th Cir. 2008) 513 F.3d

4  680, 690-691; *Harris v. Chand* (8th Cir. 2007) 506 F.3d 1135, 1140-1141.

5       The County requests that the Court exclude evidence of personnel matters involving other

6  physicians.

7                            **MOTION IN LIMINE NO. 5**

8       **To Prohibit Evidence From Witnesses Who Were not Disclosed in Discovery**

9       Discovery in this matter commenced in May 10, 2007 and ended in October, 2008.

10  During this 17-month period, over 30,000 pages of documents were produced and 43 depositions

11  were taken. Yet, Plaintiff never disclosed the names of many witnesses he has listed on his

12  witness list. The following people, listed on Plaintiff's list of witnesses, are unknown to the

13  County: Dennis Arquette, Edward Arsura, Sundee Baker, Patricia Bishop, Raza Bokhari, Dr.

14  Michael Cann, Dr. Christopher Charbonnet, Charles Clayton, Michael Corder, Dr. Michael

15  Costa, Amy Daniels, Dr. Timothy Dutra, Dr. Margaret England, Dr. Vincent Fortanasce, Beverly

16  Gambrell, Deidre Ganople, Dr. Stacy Garry, Diana Hedges, Dr. Sharon Hirshowitz, Chuck

17  Jadwin, Dr. Cecilia Kaesler, Ishaan Kalha, Albert Kapstrom, Dr. Sandy Kolb, Geoffrey Lang,

18  Dr. Martin Lipschulz, Dr. Dennis Maceri, Kay Madden, James Malouf, Kenneth Matley, Robert

19  McCord, Carolyn Mell, Dr. William Meyers, Alan Morrill, Dr. Stephen Owens, Paul Palmeri,

20  Rosemarie Savino, Frances Shambaugh, Dr. Milan Stevanovic, Dr. Reda Tadros, Dr. Paul Toffel,

21  Ken VanDusen, Elise Walker, Dr. Robert Watkins, Dr. Tom Wheeler, Linda Wilkinson, and

22  Edric Willes.

23       Because discovery has closed, the County has had no opportunity to discover facts about

24  these witnesses including, at a minimum, who they are and why Plaintiff wants them to testify.

25  It would be prejudicial to County to let Plaintiff introduce a whole cast of unknown characters

26  into the case at this time.

27       Thus, the County requests that the Court exclude testimony from these unknown

28  witnesses.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### MOTION IN LIMINE NO. 6

**To Exclude Evidence of any "Disability" other than Depression**

The witness list Plaintiff filed on April 22nd includes the names of many of his current treating physicians, including Dr. Michael Cann (cervical and lumbar discs and shoulder rotator cuff injury); Dr. Christopher Charbonnet ("epidurals to lumbar back"); Dr. Vincent Fortanasce ("cervical and lumbar disc disease and rotator cuff injury"), Dr. Cecilia Kaesler (regular physician), Dr. Dennis Maceri ("cranial cholesterol granuloma"), Kenneth Matley (treating physical therapist), Dr. Stephen Owens (treating orthopedist), Dr. Milan Stevanovic (treating orthopedic surgeon), Dr. Paul Toffel (current treating Ear, Nose and Throat specialist), and Dr. Robert Watkins (treating neurosurgeon – cervical disc).

Depression is the only medical condition Plaintiff has placed in issue and the only condition for which he has exchanged expert opinion or reports. Plaintiff's claims of discrimination and retaliation are based solely on his alleged depression. He has not claimed any other disability.

Defendant requests that the Court exclude evidence of any medical condition other than depression, if it is offered to support any claim Plaintiff is asserting. Evidence of Plaintiff's physical condition may be admissible for other, limited, purposes.

### MOTION IN LIMINE NO. 7

**To Exclude Evidence of Whistleblowing or Retaliation for Whistleblowing**

The Court granted Defendant's motion for summary judgment on all Plaintiff's whistleblowing claims. Specifically, the Court granted Defendant's motion for summary judgment with respect to "whistleblower *liability*." (See Court Order, Document 311, pg. 34).

Plaintiff's whistleblowing activities are a fact and evidence of those activities may be admissible for other purposes. Plaintiff and other witnesses may properly testify about his whistleblowing activities - but not for the purpose of establishing liability. Hence any evidence must be limited accordingly.

The County requests that the Court exclude all evidence of Plaintiff's whistleblowing if offered to establish liability.

-5-

1

## MOTION IN LIMINE NO. 8

2

### To Exclude Videotape Depositions Prepared by Plaintiff's Counsel

3        In the Joint Scheduling Report filed on May 21, 2007, the parties wrote, on page 11, "the

4    parties may videotape and/or audio record depositions, and the video camera may be operated by

5    the attorneys or their employees."  The Joint Scheduling Report does not mention use of

6    deposition videos at trial.  There is no reference to this subject in the Scheduling Order.

7        The County did not waive its right to object to the use of lawyer-prepared deposition

8    video at trial and did not waive the protection of the Federal Rule of Civil Procedure or Federal

9    Rule of Evidence.

10        After repeated requests, the County received copies of the deposition videos Plaintiff's

11    counsel prepared on Friday, April 24th, 2009.  There are 10 disks.  They were mailed to the

12    County in two mailings of 6 and 4, respectively.  The disks are labeled "Jadwin v Kern County

13    Depo Videos Vol. 1" and so forth, through Vol. 10.  There is no table of contents, no

14    identification of when the videos were prepared, no indication of which depositions are on which

15    disks.  There is no indication of how many depositions are on individual disks.  There is no

16    certification or attestation the videos are complete or accurate depictions of the depositions they

17    purport to record.

18        Rule 28(c) of the Federal Rules of Civil Procedure provides that a deposition must "not

19    be taken before a person who is any party's relative, employee, or attorney; who is related to or

20    employed by any party's attorney; or who is financially interested in the action."  Rule 30(c)(1)

21    imposes an obligation on a deposition officer to "record the testimony by the method designated

22    under Rule 30(b)(3)(A).  The testimony must be recorded by the officer personally or by a person

23    acting in the presence and under the direction of the officer."  Rule 30(f)(1) requires that the

24    deposition officer "must certify in writing that the witness was duly sworn and that the

25    deposition accurately records the witness's testimony.  The certificate must accompany the record

26    of the deposition."

27        Because Plaintiff's video discs are not certified, they are potentially inadmissible as

28    hearsay.  Rule 804(b) of the Federal Rule of Evidence exempts from hearsay a deposition taken

DEFENDANT COUNTY OF KERN MOTIONS IN LIMINE

1 "in compliance with law…".  "Compliance with law" includes compliance with the Federal
2 Rules of Civil Procedure referenced above.  Plaintiff's video depositions were not recorded in
3 compliance with law

4    Finally, Plaintiff's video depositions are not listed on the exhibit list.  Because they are
5 not listed, they may not be used at trial.

6    The County requests that the Court exclude any video depositions prepared by Plaintiff's
7 counsel.

8                              **MOTION IN LIMINE NO. 9**

9              **To Dismiss the Individual Defendants and Abandoned Claims**

10    Plaintiff's original complaint, filed on or about January 6, 2007, contained several claims
11 and individual defendants that were not included in Plaintiff's Second Amended Complaint.  The
12 claims not appearing in the second amended complaint are defamation pursuant to California
13 Civil Code §§45-47 and violations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.  The
14 individual defendants who were dropped are Eugene Kercher, M.D., Jennifer Abraham, M.D.,
15 Scott Ragland, M.D., Toni Smith, R.N., and William Roy, M.D.

16    No document has been filed to memorialize the abandonment of these claims and
17 defendants.  Although Defendants offered to waive costs and attorneys fees as to these claims
18 and defendants in return for their dismissal, Plaintiff refused the offer.

19    Plaintiff should not be allowed to reference these abandoned claims and should not be
20 allowed to suggest liability against these defendants.  In addition, the County requests that
21 Plaintiff's abandoned claims and the individual defendants be dismissed by order.  The County
22 requests that the Court enter an order to this effect.

23                             **MOTION IN LIMINE NO. 10**

24     **To Exclude Plaintiff's Exhibits of Documents Bates-stamped DFJ02633-DFJ02948**

25    Plaintiff's documents Bates-stamped with the numbers DFJ02781 through DFJ02948
26 were first received by the County on Friday, April 24th, twenty-five (25) weeks after the close of
27 discovery in this matter.  Plaintiff's documents Bates-stamped with the numbers DFJ02633
28 through DFJ02780 were first received by the County on Monday, April 27th.

1    Most of these documents are dated before October 28, 2008 so Plaintiff could have
2    produced them earlier.  The County is prejudiced by the burden of reviewing newly-produced
3    documents so late in the case.

4    The County requests that the Court exclude any exhibits proffered by Plaintiff from
5    documents Bates-stamped in the range of DFJ02633 through DFJ02948.

6                                   **MOTION IN LIMINE NO. 11**

7    **To Exclude Evidence of Litigation Between Dr. Rebecca Rivera and the County.**

8    Plaintiff listed Dr. Rebecca Rivera on his witness list and included documents referencing
9    litigation between Dr. Rivera and the County in his exhibit list.  The County believes Plaintiff
10   may seek to introduce evidence of Dr. Rivera's litigation against the County.

11   There is no nexus between Plaintiff's claims and the issues at dispute in the Rivera
12   litigation.  Thus, evidence of the Rivera litigation is not relevant to any issue in this case but
13   could be prejudicial to the County.

14   The County requests that the Court exclude evidence of the Rivera litigation.

15                                  **MOTION IN LIMINE NO. 12**

16   **To Exclude Evidence of an Investigation of Dr. Roy by the Medical Board of California**

17   Dr. William Roy is no longer a defendant in this case.  If he testifies, it will be as a
18   witness.  Rule 608(a) of the Federal Rules of Evidence allows only opinion or reputation
19   evidence pertaining to the truthfulness or untruthfulness of a witness to be admitted.  The
20   investigation by the Medical Board of California involves allegations of an allegedly improper
21   relationship between Dr. Roy and a patient.  The allegations do not call into question Dr. Roy's
22   truthfulness or untruthfulness.  In addition, extrinsic evidence of specific instances of conduct
23   cannot be used to establish a witness' character for truthfulness or untruthfulness.  Federal Rules
24   of Evidence, Rule 608(b), *Becker v. ARCO Chem. Co.*, (3rd Cir. 2000) 207 F.3d 176, 204-205;
25   *United States v. McGee*, (7th Cir. 2005) 408 F.3d 966, 981.

26   The County requests that the Court exclude evidence of the Medical Board investigation
27   into Dr. William Roy.

28

-8-

DEFENDANT COUNTY OF KERN MOTIONS IN LIMINE

## MOTION IN LIMINE NO. 13

### To Limit Damages for Back Pay

Plaintiff seeks an award of back pay. Back pay is available under 42 U.S.C. §1983, pursuant to 42 U.S.C. §1988.

Most of Plaintiff's section §1983 claims have been denied. All that remains is his claim that his placement on administrative leave violated his rights to procedural due process. He claims the County wrongfully denied him professional fees to which he was entitled. But he has no claim for compensation under his employment agreement. (See Court Order, Document 311, pg. 130).

By definition, Plaintiff's administrative leave only lasted until his employment agreement expired. Thus, any loss of professional fees Plaintiff may have sustained is limited to professional fees he would have earned during the term of his employment agreement. His entitlement to professional fees did not extend beyond the expiration of his employment agreement. Any compensation for "back pay" to which Plaintiff might be entitled cannot extend beyond October 4, 2007 when his contract expired.

The County requests that the Court limit any award for back pay under 42 U.S.C. §1983 from being calculated beyond October 4, 2007.

Respectfully submitted,

Dated: May 1, 2009          LAW OFFICES OF MARK A. WASSER

By:___ /s/ Mark A. Wasser_____
          Mark A. Wasser
          Attorney for Defendant County of Kern

-9-

DEFENDANT COUNTY OF KERN MOTIONS IN LIMINE