Mark A. Wasser CA SB #060160
LAW OFFICES OF MARK A. WASSER
400 Capitol Mall, Suite 2640
Sacramento, California 95814
Phone: (916) 444-6400
Fax: (916) 444-6405
E-mail: mwasser@markwasser.com

Attorneys for Defendant County of Kern

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID F. JADWIN, D.O.** | Case No.: 1:07-cv-00026-OWW-DLB |
| Plaintiff, | **DEFENDANT COUNTY OF KERN'S RESPONSES TO PLAINTIFF'S CONSOLIDATED MOTIONS IN LIMINE 1-17** |
| vs. | |
| **COUNTY OF KERN**, et al., | |
| Defendants. | Date:  May 8, 2009<br>Time:  12:00 p.m.<br>Place:  U.S. District Court, Courtroom 3<br>         2500 Tulare Street, Fresno, CA |
| | Date Action Filed:  January 6, 2007<br>Trial Date:  May 12, 2009 |

Defendant County of Kern ("the County") responds to Plaintiff's Consolidated Motions in Limine as follows.

## PLAINTIFF'S MOTION IN LIMINE NO. 1

### To Exclude Non-Party Witnesses from the Courtroom

This is typically a routine order and the County would not object to it. (*See,* Rule 615, Federal Rules of Evidence.) However, Plaintiff seems to want more than is customarily ordered.

Plaintiff requests that the County be limited to only one designated representative and that no other County employees be allowed in the courtroom. The trial is open to the public and there should be no reason that County employees or officials, who are not witnesses, should be excluded from the courtroom during trial.

-1-

1    For this reason, the County objects to this motion only to the extent it would put County

2    representatives, who are not witnesses, on a lower footing than members of the public.

3    ### PLAINTIFF'S MOTON IN LIMINE NO. 2

4    **To Exclude Evidence and Contentions Not Disclosed during Discovery Herein**

5    Defendant objects to Plaintiff's motion to the extent it seeks to exclude two documents at

6    trial: Exhibit 2 to Plaintiff's Second Amended Complaint (Docket No. 241) and a poster owned

7    by Plaintiff that he left in his office at Kern Medical Center.

8    Exhibit 2 is a copy of Plaintiff's Government Claims Act claim, dated July 3, 2006.

9    Although hearsay, statements in the document may be admissible as statements against interest.

10   Defendant had no duty to "disclose" this document during discovery because it is one of

11   Plaintiff's documents and Plaintiff disclosed it in his filings.

12   Plaintiff also complains about a poster entitled "Peter's Laws" that the County found in

13   his office at Kern Medical Center.  The County discovered the poster in January, 2009 in

14   Plaintiff's former office.  Although Plaintiff's employment terminated on October 4, 2007, he

15   retained his medical staff privileges until November 2008 when he failed to renew them.  Some

16   of his personal effects remained in his office until then.

17   As soon as the County discovered the poster, Defendant's counsel contacted Plaintiff's

18   counsel, in writing, and inquired whether Plaintiff wanted his poster returned.  Plaintiff's counsel

19   replied, in writing, and confirmed the poster belongs to Plaintiff and that Plaintiff wants it back.

20   (*See,* e-mails between counsel, attached hereto as Exhibit A.)

21   The poster belongs to Plaintiff, he had it displayed in his office while he was employed at

22   Kern Medical Center, he is familiar with it, it is not "new" material.  The County promptly

23   informed Plaintiff of its discovery and timely included it on its list of exhibits.  There is no

24   reason to exclude it from trial.

25   ### PLAINTIFF'S MOTION IN LIMINE NO. 3

26   **To Exclude Reference to Defendant's Medical Examination as "Independent"**

27   The County does not dispute that the medical examination conducted by its experts was

28   not an "independent medical examination" within the meaning of Rule 35 of the Federal Rules of

-2-

Civil Procedure. Just as Plaintiff retained experts, the County retained experts and, just as Plaintiff's retained experts examined Plaintiff and developed opinions, so did the County's experts exam Plaintiff and formulate opinions. Plaintiff is free to establish this at trial.

However, the County's experts are not employees and they do not march to the County's music, as Plaintiff implies, any more than his experts march to his.

The County is not sure what order Plaintiff seeks from this motion.

### PLAINTIFF'S MOTION IN LIMINE NO. 4

**To Limit Expert Testimony to Disclosed Theories and Opinions of Designated Experts**

The County would ordinarily not object to a motion to limit testimony to disclosed theories, however, Plaintiff's motion goes substantially beyond what is appropriate.

Plaintiff asserts that several aspects of routine hospital administration are subjects that can only be addressed by expert testimony. He claims the administrative requirements of the monthly oncology conference, the reasonableness of Plaintiff's notice of medical leave, procedures for the routine review of pathology slides, whether Plaintiff was habitually late with his work and whether he demonstrated collegial relations with his co-workers are all subjects for expert opinion.

First, Kern Medical Center is a tertiary care trauma center and teaching hospital. The members of the medical staff are physicians with varying specialties. They are "experts" in their daily routines even though not separately disclosed as expert witnesses.

Second, there is nothing about the topics Plaintiff lists that requires special knowledge and training beyond that available to the average member of the KMC medical staff. They are able to testify as percipient witnesses to most aspects of hospital administration and management.

Plaintiff's motion should be denied.

### PLAINTIFF'S MOTION IN LIMINE NO. 5

**To Exclude Speculative Information in the Form of Opinions
Upon Which the County's Expert Witnesses Relied**

Rule 703 of the Federal Rules of Evidence allows an expert to base his or her opinion on

-3-

1 | evidence that might be inadmissible so long as it is of the type reasonably relied on by experts in
2 | a particular field.  Expert witnesses may be cross-examined on the foundation for their opinions.

3 | Plaintiff does not identify or define the "speculative opinions" he finds objectionable.  He
4 | writes that Dr. Thomas McAfee considered Plaintiff's depositions and "gossip" from Kern
5 | Medical Center in forming his opinion but he offers nothing specific.

6 | If, upon cross-examining Dr. McAfee, Plaintiff can demonstrate that Dr. McAfee relied
7 | on inappropriate information, he is free to make a motion to exclude or strike his opinion but this
8 | motion, as a pre-emptive but unsupported strike on Dr. McAfee's opinion should be denied.

9 | **PLAINTIFF'S MOTION IN LIMINE NO. 6**

10 | **To Exclude Evidence of Collateral Sources**

11 | Defendant does not object to this Motion.

12 | **PLAINTIFF'S MOTION IN LIMINE NO. 7**

13 | **To Exclude Evidence of Prior Claims, Defenses, or Parties Herein**

14 | Even though the Court has ruled the County is not liable under Plaintiff's whistleblowing
15 | theory, his activities are a fact and evidence of his activities may be admissible for purposes
16 | other than establishing liability.

17 | Neither party should be allowed to suggest liability for whistleblowing but both parties
18 | should be allowed to introduce evidence of Plaintiff's behavior.

19 | To the extent Plaintiff's motion requests broader relief, it should be denied.

20 | **PLAINTIFF'S MOTION IN LIMINE NO. 8**

21 | **To Exclude Evidence in Support of Unpleaded Defenses**

22 | This is a thinly disguised motion for judgment.

23 | Plaintiff seeks to exclude the County's defenses.  Plaintiff wants to preclude the County
24 | from arguing that it "would have taken adverse actions against Plaintiff anyway for legitimate,
25 | non-discriminatory, non-retaliatory reasons."  But, the second prong of the *McDonnell-Douglas*
26 | burden-shifting scheme allows the defendant to offer evidence of non-discriminatory, non-
27 | retaliatory reasons for its actions.

28 |

-4-

1    Plaintiff also wants to exclude "after-acquired evidence," stating Plaintiff is not prepared
2    to defend himself from any defense not included in Defendant's answer.  The County's defenses
3    are set forth in its Answer but the discovery process, in which Plaintiff was a full participant,
4    revealed evidence the County intends to use at trial.
5         There is no basis to exclude this material and this motion should be denied.

6                    **PLAINTIFF'S MOTION IN LIMINE NO. 9**

7                **To Exclude Evidence Regarding Other Litigation**

8         Defendant does not object to this Motion.

9                    **PLAINTIFF'S MOTION IN LIMINE NO. 10**

10   **To Exclude References to Plaintiff's Decisions Relating to Prosecution of this Case**

11        The County does not intend to use "innuendo" about any of Plaintiff's litigation decisions
12   as part of its trial tactics.  However, the County has requested that the Court exclude witnesses
13   not identified or disclosed during discovery and exclude the attorney-created deposition videos.
14   *See,* Defendant's Motions in Limine No. 5 and No. 8, respectively.   Defendant preserves the
15   right to object during trial to an undisclosed witness or Plaintiff's use of video discs.

16                   **PLAINTIFF'S MOTION IN LIMINE NO. 11**

17   **To Exclude References to Plaintiff's Claim for Attorney's Fees and Litigation Expenses**

18        Defendant does not object to this Motion.

19                   **PLAINTIFF'S MOTION IN LIMINE NO. 12**

20   **To Exclude References that a Verdict in this Case for Plaintiff Might Have Certain Effects**

21        Defendant does not object to this Motion.

22                   **PLAINTIFF'S MOTION IN LIMINE NO. 13**

23               **To Exclude Evidence of Plaintiff's Character**

24        The County objects to this motion as another attempt to foreclose a defense.

25        The County has made it clear from its first appearance in this lawsuit that it intends to put

26   Plaintiff's behavior in issue.  Plaintiff has fought this defense repeatedly, starting with a motion

27   to strike the defense, which was denied by this Court on October 23, 2007.  Throughout

28

-5-

1    discovery, Plaintiff resisted efforts in inquire into his behavior.  He reasserted challenges to the

2    defense in his motion for summary judgment, at the Pretrial Conference and, now, in this motion.

3         Plaintiff has alleged that Kern Medical Center was a "hostile work environment."

4    Second Amended Complaint at ¶¶ 100, 136.  Defendant intends to show that, to the extent there

5    was hostility in the work environment, it was caused by Plaintiff.

6         This defense is less about Plaintiff's character than it is about his behavior.  However, the

7    County expects Plaintiff will put his character in issue himself.  For instance, his exhibit list

8    contains a certificate of award presented to him at Kern Medical Center.  Plaintiff has made a

9    practice of extolling his virtuous motives for insulting fellow members of the medical staff.

10         This motion should be denied.

11         **PLAINTIFF'S MOTION IN LIMINE NO. 14**

12    **To Exclude Reference to Plaintiff's Leave as "Continuous" from 12/16/05 to 10/3/06**

13         An employee can substitute paid leave for FMLA leave. 29 U.S.C. §2612(d)(2)(A),(B);

14    29 C.F.R. §825.207(a).  An employer can require an employee to substitute paid leave for FMLA

15    leave. 29 U.S.C. §2612(d)(2); 29 C.F.R. §825.207(a).  Paid leave counts against the FMLA leave

16    entitlement. 29 U.S.C. §2612(a)(1); 29 C.F.R. §825.200.  Intermittent leave is available under

17    the FMLA for the employee's own serious health condition. 29 U.S.C. §2612(b)(1); 29 C.F.R.

18    §§825.117, 825.203(c).

19         Plaintiff's leave request, which he signed, states that his FMLA leave began on

20    December 16, 2005.  The certification from Plaintiff's treating healthcare professional stated that

21    Plaintiff needed leave beginning December 16, 2005.  These are Plaintiff's documents.  The

22    County did not create them.  That Plaintiff's FMLA leave started on December 16, 2005 is a fact.

23         The County sees no prejudice to Plaintiff from describing the leave as "continuous."

24    Plaintiff was on either part-time leave or full-time leave continuously from December 16, 2005

25    until October 4, 2006.  "Continuous" is both a neutral and an accurate term.  It does not indicate

26    the type of leave (full-time versus part-time) or the reason why Plaintiff was on leave.

27         Plaintiff is free to introduce evidence of the nature of the leaves but there is no reason to

28    put "spin" on its continuity by excluding the fact that it was continuous.

1

## PLAINTIFF'S MOTION IN LIMINE NO. 15

2

### To Exclude Reference to Plaintiff "Placing Himself on Leave"

3      Plaintiff elected to take leave.  The County had no role in his unilateral decision - which

4  he made without consultation with anyone at the County.  Since Plaintiff did not submit his leave

5  request form for several months, the County did not even know he was on leave initially.  It was

6  Plaintiff's decision.

7      Plaintiff's excessive concerns about terminology are misplaced.  The fact is that Plaintiff

8  did place himself on leave.  There is nothing prejudicial about saying so.

9      This motion should be denied.

10

## PLAINTIFF'S MOTION IN LIMINE NO. 16

11

### To Exclude Thomas McAfee's Testimony

12      This is Plaintiff's second motion to exclude the expert witness testimony of Dr. Thomas

13  McAfee.

14      Dr. McAfee is the Dean of Clinical Affairs at the University of California, San Diego

15  Medical School.  Before that, he was the Physician-in-Chief at UCSD.  He has previously served

16  as the Associate Chief Medical Officer at University of California, San Francisco and Chief

17  Medical Officer/Executive Vice-President of Brown and Toland Medical Group in San

18  Francisco.  He has many years of high-level administrative experience in hospital management.

19      Dr. McAfee was retained to offer opinions on the leadership role of a hospital department

20  chairman, analyze Plaintiff's effectiveness as an administrator and department chair at Kern

21  Medical Center and member of the hospital management team and opine on the reasonableness

22  of the County's actions regarding his employment.

23      Rule 702 sets the standard on appropriate expert testimony.  It recognizes "scientific,

24  technical or other specialized knowledge" that will assist the trier of fact.  Plaintiff does not

25  dispute that Dr. McAfee has "specialized" knowledge.  He attacks Dr. McAfee's expert opinion

26  on the basis of relevancy and reliability yet these are challenges properly mounted during cross-

27  examination, not motion in limine.

28

-7-

1   Plaintiff offers no explanation why Dr. McAfee should be excluded while Plaintiff's
2   expert on the same subject – with analogous experience in hospital management – should testify.
3   Plaintiff retained Dr. Lawrence Weiss, M.D., to testify that Plaintiff was a competent
4   administrator. Dr. Weiss and Dr. McAfee are both expected to testify to the same general
5   subject.

6   This motion should be denied.

### PLAINTIFF'S MOTION IN LIMINE NO. 17

#### To Exclude Rick Sarkisian's Testimony

9   Plaintiff mischaracterizes Dr. Sarkisian's expertise and, therefore, the import of Dr.
10  Sarkisian's expert witness testimony. Plaintiff did not depose Dr. Sarkisian but he was timely
11  designated an expert. He conducted a vocational rehabilitation evaluation of Plaintiff and has
12  formed an opinion on Plaintiff's employability.

13  Plaintiff has put his earnings in issue. Plaintiff's expert witness, Regina Levinson, is
14  expected to testify that one who does not continuously practice pathology loses his "eye."
15  Plaintiff's self-imposed exile from Kern Medical Center and his absence while on administrative
16  leave will place loss of his professional "eye" in issue. Dr. Sarkisian's evaluation of Plaintiff's
17  earning potential is directly relevant to this issue.

18  This motion should be denied.

19  Respectfully submitted,

20  Dated: May 6, 2009               LAW OFFICES OF MARK A. WASSER

22                                   By:___/s/ Mark A. Wasser_____
23                                        Mark A. Wasser
                                          Attorney for Defendant County of Kern

# EXHIBIT A

**Mark Wasser**

| | |
|---|---|
| **From:** | Eugene D. Lee [elee@LOEL.com] |
| **Sent:** | Thursday, January 22, 2009 2:36 PM |
| **To:** | mwasser@markwasser.com |
| **Cc:** | 'Assistant to Mark A. Wasser' |
| **Subject:** | RE: Jadwin property |

Mr. Wasser:

Dr. Jadwin would appreciate the return of his poster. There also other personal items he would like returned if possible.

- prostate needle biopsy mold used to embed prostate needle biopsies
- Rubbermaid organizer about 24 inches tall, white translucent plastic

Thank you.

Sincerely,

Gene Lee

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### LAW  OFFICE  OF  EUGENE  LEE
#### EMPLOYMENT  LAW
555  WEST  FIFTH  ST.,  STE.  3100
LOS  ANGELES,  CA  90013
Tel:  (213)992-3299
Fax:  (213)596-0487
E-mail:  elee@LOEL.com
Website:  www.LOEL.com
Blog:  www.CaLaborLaw.com

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

*This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.*



California Labor & Employment Law Blog
Dept. of Labor Fails to Protect Workers: "We have a crisis
April 7, 2009
POWERED BY FEEDBURNER

**From:** Mark Wasser [mailto:mwasser@markwasser.com]
**Sent:** Wednesday, January 21, 2009 7:17 PM
**To:** Eugene Lee
**Cc:** Assistant to Mark A. Wasser
**Subject:** Jadwin property

Gene,

Staff at KMC has found a poster that Dr. Jadwin had attached to the back of his office door.  It consists of aphorisms under the title "Peter's Laws."  Does he want the poster returned to him?

Mark

## Law Offices of Mark A. Wasser
400 Capitol Mall, Suite 2640
Sacramento, California  95814
Office: 916-444-6400
Fax: 916-444-6405
E-mail: mwasser@markwasser.com


No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.176 / Virus Database: 270.10.10/1906 - Release Date: 1/21/2009 7:07 AM

5/2/2009