# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID F. JADWIN, D.O.**<br><br>Plaintiff,<br><br>vs.<br><br>**COUNTY OF KERN**<br><br>Defendants. | Case No.: 1:07-cv-00026-OWW-DLB<br><br>**ORDER ON DEFENDANT'S MOTIONS IN LIMINE**<br><br>Date: May 14, 2009<br>Time: 9:00 a.m.<br>Place: U.S. District Court, Courtroom 3<br>      2500 Tulare Street, Fresno, CA<br><br>Date Action Filed: January 6, 2007 |

The Court grants and denies Defendant County of Kern's motions in limine as follows:

**Motion in Limine No. 1 to Exclude Attorneys as Witnesses**: Withdrawn.

**Motion in Limine No. 2 to Exclude any Evidence that Plaintiff's Removal as Chair Violated any Statutes other than FMLA and FEHA**: Granted, except as to FMLA, FEHA and CFRA.

**Motion in Limine No. 3 to Exclude any Evidence Regarding Plaintiff's Professional Competence:** Denied without prejudice. Although Plaintiff's competence is not directly in issue, either party may offer evidence that references his competence for the limited purpose of explaining the context of actions and writings that may be relevant to the parties' claims and defenses.

**Motion in Limine No. 4 to Exclude Evidence of Misconduct by any Other Physician at KMC**: Granted in part and denied in part. To the extent this Motion seeks to prevent review of personnel proceedings that involve other physicians, it is granted. However, the parties are free to introduce evidence involving other physicians to make or refute claims of disparate treatment or discrimination relevant to Plaintiff's claims. To that extent, the Motion is denied.

**Motion in Limine No. 5 to Exclude Testimony from Undisclosed Witnesses**: Granted as to witnesses not currently on a party's witness list or the joint witness list.

**Motion in Limine No. 6 to Exclude Evidence of any "Disability" other than Depression**: Granted. Plaintiff has abandoned all claims of physical disability.

**Motion in Limine No. 7 to Exclude Evidence of Whistleblowing or Retaliation for Whistleblowing**: Granted in part, denied in part. Defendant is not liable under theories of whistleblowing and no evidence of whistleblowing shall be admissible to establish or suggest liability. However, the parties are free to introduce evidence of Plaintiff's actions, including actions that were intended to be whistleblowing, as relevant to their respective claims and defenses.

**Motion in Limine No. 8 to Exclude Videotape Depositions Prepared by Plaintiff's Counsel:** Granted only to the extent that Plaintiff is to provide no less than 5 days' prior notice to the Defendant of his use of deposition video, the notice to include tracking, page and line

references.

**Motion in Limine No. 9 to Dismiss the Individual Defendants and Abandoned Claims:** Granted and the case shall be re-captioned accordingly.

**Motion in Limine No. 10 to Exclude Plaintiff's Exhibits of Documents Bates-Stamped DFJ02633-DFJ02948**: Granted only to the extent that Plaintiff is to provide notice to the Defendant on May 9, 2009 of the contents of all documents identified in this Motion.

**Motion in Limine No. 11 to Exclude Evidence of Litigation between Dr. Rebecca Rivera and the County**: Granted.

**Motion in Limine No. 12 to Exclude Evidence of an Investigation of Dr. Roy by the Medical Board of California**: Granted.

**Motion in Limine No. 13 to Limit Damages for Back Pay**: Withdrawn.

IT IS SO ORDERED.

Dated: 5/12/2009

/s/ OLIVER W. WANGER

Oliver W. Wanger
United States District Court Judge