LAW OFFICE OF EUGENE LEE
Eugene D. Lee (SB#: 236812)
555 West Fifth Street, Suite 3100
Los Angeles, CA 90013
Phone: (213) 992-3299
Fax: (213) 596-0487
email: elee@LOEL.com

Joan Herrington, SB# 178988
BAY AREA EMPLOYMENT LAW OFFICE
5032 Woodminster Lane
Oakland, CA 94602-2614
Telephone: (510) 530-4078
Facsimile: (510) 530-4725
Email: jh@baelo.com
Of Counsel to LAW OFFICE OF EUGENE LEE

Attorneys for Plaintiff
DAVID F. JADWIN, D.O.



FILED
MAY 14 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DAVID F. JADWIN, D.O., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Civil Action No. 1:07-cv-00026 OWW DLB <br><br> **ORDER ON PLAINTIFF'S CONSOLIDATED MOTIONS *IN LIMINE* Nos. 1-18.** <br><br> Date: May 8, 2009 <br> Time: 12:00 p.m. <br> Courtroom: 3 <br><br> Complaint Filed: January 5, 2007 <br> Trial Date: May 14, 2009 |

The Court grants in part, denies in part, and reserves the ruling in part on Plaintiff DAVID F. JADWIN's consolidated motions *in limine* Nos. 1-18 as follows:

**1. Motion to Exclude Non-Party Witnesses From the Courtroom.**

Granted in part, but denied in part. Defendant shall nominate one representative to attend trial throughout, with a substitute if necessary. However, expert witnesses may attend trial, but are prohibited from discussing the evidence presented at trial with any other listed witnesses.

USDC, ED Case No. 1:07-cv-00026 OWW DLB

ORDER ON PLAINTIFF'S CONSOLIDATED MOTIONS *IN LIMINE* Nos. 1-18    1

**2. Motion to Exclude Evidence and Contentions Not Disclosed During Discovery Herein.**

Granted in part, denied in part. All undisclosed evidence shall be excluded. Defendant may introduce the "Peter's Rules" poster, but not Plaintiff's Tort Claims Act complaints, which may be used only for impeachment purposes pursuant to Rule 608.

**3. Motion to Exclude Any Reference to Defendant's Medical Examination as "Independent".**

Granted.

**4. Motion to Limit Expert Testimony to Disclosed Theories and Opinions.**

Granted reciprocally, unless modification of theories and opinions is required to avoid manifest injustice pursuant to Rule 16f.

**5. Speculative Information In The Form Of Opinions Upon Which Any of Defendant's Expert Witnesses Relies In Forming His Opinions.**

Granted reciprocally.

**6. Motion to Exclude Evidence of Collateral Sources.**

Granted.

**7. Motion to Exclude Evidence of Prior claims, Defenses, or Parties Herein.**

Granted.

**8. Unpled Defenses.**

Denied without prejudice. Although the Pretrial Conference Order governs what is currently relevant in this case, a party may ask for amendment of the pleading to conform to proof at time of trial pursuant to Rule 16f. *and 15(b), Fed.R.Civ.P.*

**9. Other Litigation.**

Granted.

**10. Plaintiff's Decisions Relating to Prosecution of This Case.**

Granted.

**11. Plaintiffs' Claim For Attorney's Fees And Litigation Expenses**

Granted.

USDC, ED Case No. 1:07-cv-00026 OWW DLB

ORDER ON PLAINTIFF'S CONSOLIDATED MOTIONS *IN LIMINE* Nos. 1-18    2

12. **Any Reference That This Lawsuit Or A Verdict In This Case For Plaintiff Or Against Defendant, Or Suits Against Health Care Providers And/Or Verdicts In Such Suits For Plaintiffs, Generally, Will Or Might Have Any Of The Listed Effects.**

Granted.

13. **Motion to Exclude Evidence of Plaintiff's Character.**

Granted in part, denied in part as overbroad. Evidence of plaintiff's interpersonal relationships and how he ran the Pathology Department is admissible. Evidence of Plaintiff's prior bad acts may be admitted only if he opens the door.

Only Defendant's stated reasons that were existing at the time that each adverse employment actions was taken, and that were communicated to by Defendant County of Kern to Plaintiff are admissible.

14. **Motion to Exclude Reference to Plaintiff's Leave as "Continuous" from 12/16/05 to 10/3/06.**

Reserved. If the evidence doesn't support that Plaintiff's leave was "continuous", then Defendant should not refer to it as such. Plaintiff may renew this motion after evidence showing any gaps in leave is introduced.

15. **Motion to Exclude Dr. McAfee's Testimony**

Reserved. Plaintiff is ordered to provide the Court with Dr. McAfee's report and deposition transcript.

Only Defendant's stated reasons that were existing at the time that each adverse employment actions was taken, and that were communicated to by Defendant County of Kern to Plaintiff are admissible.

16. **Motion ot Exclude Mr. Sarkision's Testimony**

Reserved. The Court will rule on this motion after Plaintiff puts on his damages case as Mr. Sarkision's testimony may be relevant to the issue of front pay.

17. **Motion to Exclude Reference to Plaintiff "Placing Himself on Leave."**

Reserved. Generally, a doctor places an employee on medical leave, or an employee takes medical leave. If the evidence doesn't support that Plaintiff "placed himself on leave", then Defendant should not refer to it as such. Plaintiff may renew this motion after evidence showing who placed Plaintiff on leave is introduced.

USDC, ED Case No. 1:07-cv-00026 OWW DLB

Dated: 5-14-09

*(signature)*
Oliver Wanger
U.S. District Judge