1
2
3
4
5
6              UNITED STATES DISTRICT COURT

7              EASTERN DISTRICT OF CALIFORNIA

8

9  DAVID F. JADWIN, D.O.,          )    1:07-cv-0026 OWW DLB
                                    )
10               Plaintiff,         )    JURY INSTRUCTIONS
                                    )
11      v.                          )
                                    )
12  COUNTY OF KERN, et al.,         )
                                    )
13               Defendants.        )
                                    )
14  _____ )

15

16      The following jury instructions were read to the jury in

17  open court.

18

19  DATED:   June 4, 2009.

20                              VICTORIA MINOR/CLERK

21

22                              By: /s/ ALICE TIMKEN
                                    Alice Timken
23                                  Deputy Clerk

24

25

26

27

28

                              1

1

**JURY INSTRUCTION NO. 1.**

2

<u>**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**</u>

3

4        Members of the jury, now that you have heard all the

5    evidence, it is my duty to instruct you on the law which applies

6    to this case.

7        It is your duty to find the facts from all the evidence in

8    the case.  To those facts you will apply the law as I give it to

9    you.  You must follow the law as I give it to you whether you

10   agree with it or not.  And you must not be influenced by any

11   personal likes or dislikes, opinions, prejudices, or sympathy.

12   That means that you must decide the case solely on the evidence

13   before you.  You will recall that you took an oath to do so at

14   the beginning of the case.

15       In following my instructions, you must follow all of them

16   and not single out some and ignore others; they are all equally

17   important.  You must not read into these instructions or into

18   anything the court may have said or done any suggestion as to

19   what verdict you should return - that is a matter entirely up to

20   you.

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 2.**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.   The sworn testimony of any witness;

2.   The exhibits which are received into evidence; and

3.   Any facts to which the lawyers have agreed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 3.**

**<u>WHAT IS NOT EVIDENCE</u>**


In reaching your verdict, you may consider only the testimony, exhibits and stipulations, if any, received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

4

1

**JURY INSTRUCTION NO. 4.**

2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3

4         Evidence may be direct or circumstantial.  Direct evidence

5    is direct proof of a fact, such as testimony by a witness about

6    what that witness personally saw or heard or did.  Circumstantial

7    evidence is proof of one or more facts from which you could find

8    another fact.  You should consider both kinds of evidence.  The

9    law makes no distinction between the weight to be given to either

10   direct or circumstantial evidence.  It is for you to decide how

11   much weight to give to any evidence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JURY INSTRUCTION NO. 5.

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)   The opportunity and ability of the witness to see or hear or know the things testified to;

(2)   The witness's memory;

(3)   The witness's manner while testifying;

(4)   The witness's interest in the outcome of the case and any bias or prejudice;

(5)   Whether other evidence contradicts the witness's testimony;

(6)   The reasonableness of the witness's testimony in light of all the evidence; and

(7)   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 6.**

**PUBLIC ENTITY – FAIR TREATMENT**


    All parties are equal before the law and Kern County as a
public entity is entitled to the same fair and conscientious
consideration by you as any other party.

    A public entity acts through its officers, agents and
employees.  Any acts or omissions of the officers, agents and
employees of Kern Medical Center are the acts or omissions of
Kern County.

7

**JURY INSTRUCTION NO. 7.**

**EXPERT OPINION**


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

**JURY INSTRUCTION NO. 8.**

2

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

3

4      Certain charts and summaries not received in evidence have

5 been shown to you in order to help explain the contents of books,

6 records, documents, or other evidence in the case.  They are not

7 themselves evidence or proof of any facts.  If they do not

8 correctly reflect the facts or figures shown by the evidence in

9 the case, you should disregard these charts and summaries and

10 determine the facts from the underlying evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 9.**

2

**CAUSATION: SUBSTANTIAL FACTOR**

3

4        Causation or cause means something that is a substantial

5    factor in causing harm.   It is a factor that a reasonable person

6    would consider to have contributed to the harm.   It must be more

7    than a remote or trivial factor.   It does not have to be the only

8    cause of the harm.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1          **JURY INSTRUCTION NO. 10.**

2      **<u>BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE</u>**

3

4          When a party has the burden of proof on any claim or defense

5      by a preponderance of the evidence, it means you must be

6      persuaded by the evidence that the claim or defense is more

7      probably true than not true.

8          You should base your decision on all of the evidence,

9      regardless of which party presented it.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          JURY INSTRUCTION NO. 11.

2              UNDISPUTED FACTS

3

4      The Court has accepted as proved the following facts, which

5  you must accept as true:

6      1.    Defendant Kern County placed plaintiff on

7  administrative leave on December 7, 2006.

8      2.    Plaintiff remained on administrative leave until the

9  contract expired on October 4, 2007.

10     3.    Plaintiff served his duly filed Department of Fair

11  Employment & Housing (DFEH) complaint on Kern County on August 3,

12  2006.

13     4.    Plaintiff's First Amended Complaint was filed with the

14  Court and served on Kern County on January 8, 2007.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3

**JURY INSTRUCTION NO. 12.**

**FMLA/CFRA/FEHA RETALIATION**

4      Plaintiff claims that Defendant Kern County retaliated
5 against him for: complaining internally about discrimination,
6 harassment, or retaliation; and/or filing a complaint with the
7 Department of Fair Employment and Housing, and/or filing a
8 lawsuit containing claims based on the Fair Employment and
9 Housing Act, the California Family Rights Act, and/or the Family
10 and Medical Leave Act.  To establish this retaliation claim, Dr.
11 Jadwin must prove all of the following by a preponderance of the
12 evidence:

13      1.   That Dr. Jadwin complained to Kern County about
14 discrimination, harassment, or retaliation; and/or filed a
15 complaint with the Department of Fair Employment and Housing;
16 and/or filed a lawsuit containing claims based on the Fair
17 Employment and Housing Act; the Family and Medical Leave Act,
18 and/or the California Family Rights Act; and

19      2.   That Kern County either removed him from his
20 position as Chair of the Pathology Department; and/or did not
21 renew his employment contract; and/or created a hostile work
22 environment for him; and/or placed him on paid administrative
23 leave on December 7, 2006; and

24      3.   That Dr. Jadwin's complaint about discrimination,
25 harassment, or retaliation; and/or filing of a complaint with the
26 Department of Fair Employment and Housing; and/or filing of a
27 lawsuit was a motivating reason for Kern County's decision to
28 remove him as Pathology Department Chair, and/or not renew his

1  employment contract; and/or for Kern County's conduct in creating

2  a hostile work environment for him; and/or placing him on paid

3  administrative leave on December 7, 2006; and

4          4.    That Dr. Jadwin was harmed; and

5          5.    That Kern County's conduct was a substantial

6  factor in causing Dr. Jadwin harm.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 13.**

2

<u>**HOSTILE WORK ENVIRONMENT DEFINED**</u>

3

4          A hostile work environment exists when a person is subjected

5   to slurs, insults, jokes, or other verbal comment or physical

6   contact, intimidation or retaliation.  Such conduct must be

7   unwelcome and sufficiently severe or pervasive to alter the

8   conditions of the plaintiff's employment and create an abusive or

9   hostile work environment.

10          A person must perceive the working environment to be abusive

11   and hostile.  The working environment must be such that a

12   reasonable person in Dr. Jadwin's circumstances would consider

13   the working environment to be abusive or hostile.

14          In determining whether a hostile work environment existed,

15   you may consider the following, among other conditions: the rules

16   of Kern County and Kern Medical Center, the job requirements, the

17   parties' performance under such rules, and the totality of the

18   circumstances.

19

20

21

22

23

24

25

26

27

28

15

1

JURY INSTRUCTION NO. 14.

2

<u>"MOTIVATING REASON" EXPLAINED</u>

3

4      A "motivating reason" is a reason that contributed to the

5  decision to take certain action, even though other reasons also

6  may have contributed to the decision.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

1    JURY INSTRUCTION NO. 15.

2    "WILLFUL" VIOLATION OF FMLA EXPLAINED

3

4         By willful is meant that Kern County failed to act in good

5    faith and lacked reasonable grounds to believe that its actions

6    complied with the FMLA.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 16.**

2

**<u>CFRA RIGHTS RETALIATION - ESSENTIAL FACTUAL ELEMENTS</u>**

3

4     Dr. Jadwin claims that Kern County retaliated against him

5 for taking medical leave.  It is established that Dr. Jadwin was

6 eligible for and took medical leave from December 16, 2005 to

7 June 16, 2006.  Kern County removed Dr. Jadwin from his position

8 as Chair of Pathology at Kern Medical Center on July 10, 2006.

9 To establish this retaliation claim, Dr. Jadwin must prove all of

10 the following by a preponderance of the evidence:

11     1.     That Dr. Jadwin's taking of medical leave was a

12 motivating reason for Kern County's:

13          a.   decision to remove him from his position as Chair

14 of Pathology at KMC; and/or

15          b.    decision not to renew his employment contract;

16 and/or

17          c.    creating a hostile work environment; and/or

18          d.    Placing Dr. Jadwin on paid administration leave on

19 December 7, 2006; and

20     2.     That Dr. Jadwin was harmed; and

21     3.     That Kern County's retaliatory conduct was a

22 substantial factor in causing Dr. Jadwin harm or damage.

23     By motivating reason is meant a reason that contributed to

24 the decision to take certain action, even though other reasons

25 also may have contributed to the decision.

26

27

28

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 17.

**FEHA DISABILITY DISCRIMINATION -**

**ESSENTIAL ELEMENTS**

Dr. Jadwin claims that Kern County wrongfully discriminated against him based on his mental condition (chronic depression). To establish this claim, Dr. Jadwin must prove all of the following by a preponderance of the evidence:

1.   That Kern County knew Dr. Jadwin had a mental condition (chronic depression) that limited his ability to work full-time; and

2.   That Dr. Jadwin was able to perform his essential job duties with reasonable accommodation for his mental condition; and

3.   That Kern County: (a) removed Dr. Jadwin as Pathology Department Chair; and/or (b) created a hostile work environment; and/or (c) did not renew his employment contract; and/or placed him on paid administrative leave on December 7, 2006; and

4.   That Dr. Jadwin's mental condition (chronic depression) was a motivating reason for Dr. Jadwin's removal as Pathology Department Chair; and/or creation of a hostile work environment; and/or nonrenewal of his employment contract; and/or placement on paid administrative leave on or about December 7, 2006;

5.   That Dr. Jadwin was harmed; and

6.   That Kern County's decision or conduct was a substantial factor in causing Dr. Jadwin's harm or damage.

19

1

**JURY INSTRUCTION NO. 18.**

2

**CHRONIC DEPRESSION IS A DISABILITY IN FEHA**

3

4          "Chronic depression" is expressly recognized as a disabling

5    condition under the California FEHA.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 19.**

2

**<u>EMPLOYER'S DUTY TOWARDS AN</u>**

3

**<u>EMPLOYEE WITH A KNOWN DISABILITY</u>**

4

5      Once Kern County became aware that Dr. Jadwin had work

6 restrictions for an extended period, it had a duty to engage in

7 good faith in an interactive process to determine whether Dr.

8 Jadwin needed accommodation, and what accommodation would enable

9 Dr. Jadwin to perform his essential job functions.  Dr. Jadwin

10 had a duty to participate in good faith in such interactive

11 process.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 20.**

2

**<u>DISABILITY DISCRIMINATION - REASONABLE</u>**

3

**<u>ACCOMMODATION ESSENTIAL ELEMENTS - FEHA</u>**

4

5

Dr. Jadwin claims that Kern County failed to reasonably

6

accommodate his mental condition (chronic depression).  To

7

establish this claim, Dr. Jadwin must prove all of the following

8

by a preponderance of the evidence:

9

1.   That Kern County knew that Dr. Jadwin had a mental

10

condition (chronic depression) that limited his ability to work

11

full-time; and

12

2.   That Kern County failed to provide reasonable

13

accommodation for Dr. Jadwin's mental condition (chronic

14

depression); and

15

3.   That Dr. Jadwin was harmed and damaged; and

16

4.   That Kern County's failure to provide reasonable

17

accommodation was a substantial factor in causing Dr. Jadwin harm

18

or damage.

19

20

21

22

23

24

25

26

27

28

1        JURY INSTRUCTION NO. 21.

2      **REASONABLE ACCOMMODATION/ESSENTIAL FUNCTIONS EXPLAINED**

3

4        A reasonable accommodation is a workplace modification so

5    that an individual with a disability can perform the essential

6    functions of the job.

7        Reasonable accommodation may include, but is not limited to:

8            a.   Job restructuring to part-time or modified work

9    schedules.

10           b.   Holding a job open for a disabled employee who

11   needs time to recuperate or heal where it appears likely that the

12   employee will be able to return to an existing position at some

13   time in the foreseeable future.

14       While the employer has an obligation to provide a reasonable

15   accommodation, the employee cannot require the employer to

16   provide a specific accommodation.  The employer is not required

17   to choose the best accommodation or the accommodation the

18   employee seeks so long as the employer provides a reasonable

19   accommodation.

20       The phrase "essential functions" means the fundamental job

21   duties of the employment position which the individual with

22   disability holds or desires.  The phrase "essential functions"

23   does not include the marginal functions of the position.

24       A job function may be considered essential for any of

25   several reasons, including, but not limited to, any one or more

26   of the following:

27           a.   The employer's judgment as to whether functions

28   are essential.

23

1            b.    The amount of time spent on the job performing the

2 functions.

3            c.    The consequences of not requiring the person who

4 holds the job to perform the function.

5            d.    The current work experience of another in a

6 similar job.

7     In deciding the reasonableness of an accommodation you may

8 also consider, among other things, whether:

9            a.    Full-time leave was an option under plaintiff's

10 doctor's certification;

11            b.    Whether part-time leave was medically necessary;

12            c.    Whether plaintiff voluntarily accepted full-time

13 leave, knowing that he was not required to do so;

14            d.    Whether at the end of his full-time leave,

15 plaintiff was able to perform his job duties.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

JURY INSTRUCTION NO. 22.

2

DISABILITY DISCRIMINATION - REASONABLE

3

ACCOMMODATION - FAILURE TO ENGAGE

4

IN INTERACTIVE PROCESS

5

6        Dr. Jadwin claims that Kern County failed to engage in a

7  good faith, interactive process with him to determine whether it

8  would be possible to implement effective reasonable

9  accommodations so that Dr. Jadwin could return to work full-time.

10 To establish this claim, Dr. Jadwin must prove all of the

11 following by a preponderance of the evidence:

12       1.    That Dr. Jadwin had a mental disability (chronic

13 depression) that was known to Kern County;

14       2.    That Dr. Jadwin requested that Kern County make

15 reasonable accommodation for his disability so that he would be

16 able to perform the essential job requirements of his position;

17       3.    That Dr. Jadwin was willing to participate in an

18 interactive process to determine whether reasonable accommodation

19 could be made so that he would be able to perform the essential

20 job requirements of his position;

21       4.    That Kern County failed to participate in a timely

22 good-faith interactive process with Dr. Jadwin to determine

23 whether reasonable accommodation could be made;

24       5.    That Dr. Jadwin was harmed; and

25       6.    That Kern County's failure to engage in a good-faith

26 interactive process was a substantial factor in causing Dr.

27 Jadwin's harm or damage.

28

25

JURY INSTRUCTION NO. 23.

**INTERACTIVE PROCESS EXPLAINED**

When you consider whether Kern County and Dr. Jadwin engaged in good faith in an interactive process, you should consider that when a qualified individual with a disability has requested a reasonable accommodation to assist in the performance of a job, the employer, using a problem solving approach, should:

1. Analyze the particular job involved and determine its purpose and essential functions;

2. Consult with the individual with a disability to ascertain the precise job-related limitations imposed by the individual's disability and how those limitations could be overcome with a reasonable accommodation;

3. In consultation with the individual to be accommodated, identify potential accommodations and assess the effectiveness each would have in enabling the individual to perform the essential functions of the position; and

4. Consider the preference of the individual to be accommodated and select and implement the accommodation that is most appropriate for both the employee and the employer.

1   JURY INSTRUCTION NO. 24.

2   DEFENDANT'S AFFIRMATIVE DEFENSE

3

4        Defendant Kern County asserts an affirmative defense against

5   Dr. Jadwin's claim that his contract was not renewed by reason of

6   Plaintiff's conduct and alleged violation of the employer's rules

7   and contract requirements and/or that Plaintiff's behavior was

8   the cause of the nonrenewal of his contract.   The County must

9   prove this defense by a preponderance of the evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

1       JURY INSTRUCTION NO. 25.

2       **DAMAGES - PROOF**

3

4       It is the duty of the Court to instruct you about the

5   measure of damages.  By instructing you on damages, the Court

6   does not mean to suggest for which party your verdict should be

7   rendered.

8       If you find for the plaintiff on any of the plaintiff's

9   claims, you must determine the plaintiff's damages.  The

10  plaintiff has the burden of proving damages by a preponderance of

11  the evidence.  Damages means the amount of money that will

12  reasonably and fairly compensate the plaintiff for any injury you

13  find was caused by the defendant.  You should consider the

14  following:

15      The mental and emotional distress and suffering experienced

16  and which with reasonable probability will be experienced in the

17  future;

18      The reasonable value of necessary medical care, treatment,

19  and services received to the present time;

20      The reasonable value of necessary medical care, treatment

21  and services which with reasonable probability will be required

22  in the future;

23      The reasonable value of earnings and professional fees lost

24  to the present time;

25      The reasonable value of earnings and professional fees which

26  with reasonable probability will be lost in the future.

27      It is for you to determine what damages, if any have been

28  proved.

28

1       Your award must be based upon evidence and not upon

2 speculation, guesswork or conjecture.

3       Do not include, in any award, any amount for attorneys fees

4 or court costs.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JURY INSTRUCTION NO. 26.

**<u>DAMAGES ARISING IN THE FUTURE -</u>**

**<u>DISCOUNT TO PRESENT CASH VALUE</u>**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as mental, emotional distress and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

30

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 27.

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

31

1    **JURY INSTRUCTION NO. 28.**

2    **COMMUNICATION WITH COURT**

3

4       If it becomes necessary during your deliberations to

5    communicate with me, you may send a note through the law clerk,

6    signed by your presiding juror or by one or more members of the

7    jury.  No member of the jury should ever attempt to communicate

8    with me except by a signed writing; I will communicate with any

9    member of the jury on anything concerning the case only in

10   writing, or here in open court.  If you send out a question, I

11   will consult with the parties before answering it, which may take

12   some time.  You may continue your deliberations while waiting for

13   the answer to any question.  Remember that you are not to tell

14   anyone - including me - how the jury stands, numerically or

15   otherwise, until after you have reached a unanimous verdict or

16   have been discharged.  Do not disclose any vote count in any note

17   to the court.

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION NO. 29.**

2

**<u>RETURN OF VERDICT</u>**

3

4       A verdict form has been prepared for you.  After you have

5   reached unanimous agreement on a verdict, your presiding juror

6   will fill in the form that has been given to you, sign and date

7   it, and advise the court that you are ready to return to the

8   courtroom.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28