UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O.,<br><br>                    Plaintiff,<br><br>          v.<br><br>COUNTY OF KERN,<br><br>                    Defendant. | 1:07-CV-00026-OWW-DLB<br><br>PARTIAL JUDGMENT ON VERDICTS OF TRIAL JURY |

The trial of this case came on for hearing May 14, 2009. The jury returned its verdicts, as reflected by the verdicts entered June 8, 2009, incorporated by this reference, in favor of plaintiff, David F. Jadwin, D.O., and against Kern County on Plaintiff's claims for: FMLA/CFRA/FEHA retaliation; on Plaintiff's claim that Kern County retaliated against him for taking medical leave under FMLA/CFRA; on the disability discrimination claim under FEHA; for disability discrimination for failure to reasonably accommodate under FEHA; for failure to engage in an interactive process to determine whether a reasonable accommodation could be made; against Kern County on its affirmative defense that Plaintiff's employment contract was not renewed by reason of Plaintiff's conduct in alleged violation of the County of Kern's rules and contract requirements; or that Plaintiff's behavior caused the non-renewal of his contract. The jury awarded damages for:

1

| | |
|---|---:|
| **Mental and emotional distress and suffering.** | **$0.00** |
| **Reasonable value of necessary medical care, treatment, and service received to the present time.** | **$30,192.00** |
| **Reasonable value of necessary medical care, treatment and services which with reasonable probability will be required in the future.** | **$0.00** |
| **Reasonable value of earnings and professional fees lost to the present time.** | **$321,285.00** |
| **Reasonable value of earnings and professional fees with which reasonable probability will be lost in the future.** | **$154,080.00** |
| **Total damages.** | **$505,457.00** |

**Plaintiff shall recover damages of $505,457.00 from Defendant Kern County.**

   **The parties stipulated that Plaintiff's remaining claims for deprivation of a property interest without due process and FMLA/CFRA interference shall be tried by the court sitting without a jury, each party having voluntarily and knowingly waived the right in open court on the record to try these claims to a jury.**

   **A final judgment shall be entered in this action upon completion of the two claims submitted for decision by the court on the trial record. No further evidence or argument, except written argument in accordance with the order of the court shall be submitted.**

IT IS SO ORDERED.

**Dated:   June 18, 2009**                    /s/ Oliver W. Wanger
                                   UNITED STATES DISTRICT JUDGE