LAW OFFICE OF EUGENE LEE
Eugene D. Lee (SB#: 236812)
555 West Fifth Street, Suite 3100
Los Angeles, CA 90013
Phone: (213) 992-3299
Fax: (213) 596-0487
email: elee@LOEL.com

Attorneys for Plaintiff
DAVID F. JADWIN, D.O.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID F. JADWIN, D.O.,<br><br>     Plaintiff,<br><br>     v.<br><br>COUNTY OF KERN, et al.,<br><br>     Defendants. | Civil Action No. 1:07-cv-00026 OWW TAG<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS *IN LIMINE* 1-17.<br><br>Complaint Filed: January 5, 2007<br>Trial Date: May 12, 2009 |

Plaintiff's Consolidated Motions *in limine* 1-17 were heard by the Court at 12:00 p.m. on May 8, 2009. Based on the papers and oral arguments presented at the hearing, the Court made the following rulings:

**1. Plaintiff's Motion to Exclude Non-Party Witnesses From the Courtroom.**

Plaintiff motion *in limine* for an order excluding all witnesses from the courtroom, other than Plaintiff and a single designated representative of Defendant County of Kern ("Defendant County"), until they have been dismissed as a witness is granted. F.R.E. Rule 615.

**2. Motion to Exclude Evidence and Contentions Not Disclosed During Discovery.**

Plaintiff motion *in limine* for an order excluding introduction of any evidence or contention not disclosed during discovery in this action, including, but not limited to, a poster entitled "Peter's Rules" is granted. F.R.C.P. 37.

USDC, ED Case No. 1:07-cv-00026 OWW TAG
       ORDER GRANTING PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 1-17    1

PDF created with pdfFactory trial version www.pdffactory.com

**3. Motion to Exclude Any Reference to Defendant's Medical Examination as "Independent".**

Plaintiff 's motion *in limine* for an order excluding any reference to Dr. Burchuk as an "INDEPENDENT MEDICAL DOCTOR" or Dr. Burchuk's examination of Plaintiff as an "INDEPENDENT MEDICAL EXAMINATION" or "INDEPENDENT MEDICAL EVALUATION" and to Dr. Burchuk's report as an "INDEPENDENT MEDICAL REPORT", or any other terminology that implies that the Rule 35 mental examination of Plaintiff conducted by Defendants' Rule 35 examiners (Robert Burchuk, M.D. and David Allen) was of an "independent" nature is granted.

Defendant, counsel, and its witnesses are admonished not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury. [Fed. R. Evid. 401-402; Fed. R. Evid. 403]

**4. Motion to Limit Expert Testimony to Disclosed Theories and Opinions.**

Plaintiff 's motion *in limine* for an order limiting the testimony of experts only to those theories and opinions stated at their respective depositions or final reports is granted.  Fed. R. Civ. Proc., Rule 37(c)(1).

Further, Defendant, its counsel, and lay witnesses are admonished to avoid eliciting or introducing lay opinion evidence in any way before the jury.  Fed. R. Evid., Rule 701.

**5. Speculative Information In The Form Of Opinions Upon Which Any of Defendant's Expert Witnesses Relies In Forming His Opinions.**

Plaintiff's motion *in limine* for an order precluding Defendant, its counsel, and any expert witnesses shall from referring to, interrogating about, commenting on, arguing or relying upon or in any other manner attempting to introduce into evidence in any way, any allegations, documents, or written or oral testimony or any reference or inference to **speculative information** in the form of opinions upon which the expert witness relies in forming his or her expert opinions.

Plaintiff anticipates that Defendant's experts will offer opinions based on allegations contained in Defendant's Answer, on opinions of non-experts regarding Plaintiff's competence as a pathologist and Chair of Pathology, and on the gossip that pervaded the workplace at KMC.

Plaintiff further requests this court to directing defense counsel to caution, warn, and instruct

USDC, ED Case No. 1:07-cv-00026 OWW TAG
ORDER GRANTING PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 1-17   2

PDF created with pdfFactory trial version www.pdffactory.com

witnesses not to make any reference to such evidence, and to follow this same order.

**6. Motion to Exclude Evidence of Collateral Sources.**

Plaintiff's motion *in limine* for an order precluding Defendant, its counsel, and any expert witnesses shall from referring to, interrogating about, commenting on, arguing or relying upon or in any other manner attempting to introduce into evidence in any way, any allegations, documents, or written or oral testimony or any reference or inference to payments by a collateral source is granted. [Fed. R. Evid. 401-402; Fed. R. Evid. 403]

The court orders defense counsel to caution, warn, and instruct witnesses not to make any reference to such evidence and to follow the same order.

**7. Motion to Exclude Evidence of Prior claims, Defenses, or Parties Herein.**

Plaintiff's motion *in limine* for an order precluding Defendant, its counsel, and any expert witnesses shall from referring to, interrogating about, commenting on, arguing or relying upon or in any other manner attempting to introduce into evidence in any way, any allegations, documents, or written or oral testimony or any reference or inference to prior claims, defenses, or parties that have been dismissed from this case is granted. [Fed. R. Evid., Rule 402; Fed. R. Evid., Rule 403].

Further, this court admonishes the defendant, its counsel, and its witnesses not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

**8. Unpled Defenses.**

Plaintiff's motion *in limine* for an order excluding evidence supporting unpled defenses such as undue hardship, health and safety risk, after acquired evidence, avoidable consequences, etc. is granted. [Fed. R. Evid., Rule 402-403].

Further, the court admonishes the defendant and its witnesses as well as counsel not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

PDF created with pdfFactory trial version www.pdffactory.com

**9. Other Litigation.**

Plaintiff's motion to exclude evidence of other pending litigation between the parties, and/or prior litigation involving Dr. Jadwin. [Fed. R. Evid., Rule 401- 403].

Further, the court admonishes the defendant and its witnesses as well as counsel not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

**10. Plaintiff's Decisions Relating to Prosecution of This Case.**

(Fed. R. Evid., Rule 402.)

Plaintiff's motion to exclude evidence regarding Plaintiff's litigation decisions, such as, the decision:

    a)    not to bring certain claims;

    b)    not to call a listed witness;

    c)    to use videotaped deposition testimony instead of calling a live witness;

    d)    not to introduce any disclosed document into evidence;

    e)    not to call any treating physicians;

is granted. [Fed. R. Evid., Rule 403].

Further, this court admonishes the defendant and its witnesses as well as counsel not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any such evidence in any way before the jury.

**11. Plaintiffs' Claim For Attorney's Fees And Litigation Expenses Pursuant To California Government Code § 12926; California Labor Code § 2699, California Health & Safety Code § 1278.5(G) And/Or Code Of Civil Procedure § 1021.5, 29 U.S.C. § 2617(A)(3), 42 U.S.C. § 1988, And All Other And Additional Legal Bases.**

Plaintiff's motion to exclude evidence of a prevailing plaintiff's right to statutory fees under FEHA, CFRA, and FMLA. [Fed. R. Evid., Rule 402.)

Further, this court admonishes the defendant and its witnesses as well as counsel not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any

PDF created with pdfFactory trial version www.pdffactory.com

such evidence in any way before the jury.

**12. Any Reference That This Lawsuit Or A Verdict In This Case For Plaintiff Or Against Defendant, Or Suits Against Health Care Providers And/Or Verdicts In Such Suits For Plaintiffs, Generally, Will Or Might Have Any Of The Following Effects:**

Plaintiff's Motion *in limine* to exclude any reference that this lawsuit or a verdict in this case for plaintiff or against defendant, or suits against health care providers and/or verdicts in such suits for plaintiffs, generally, will or might have any of the following effects, is granted. [Fed. R. Evid., Rule 401, 403].

- Is, will, or might be a financial burden on the public.
- Will or might increase the number and/or frequency of medical and/or other health care liability claims.
- Will or might adversely affect the affordability, accessibility and/or availability of health care and treatment available to the citizens of California or nationally.
- Will or might adversely affect the reputation, ability, availability and willingness of other health care providers to render health care services in the future, and any reference to the adverse effect a judgment would have upon this or any community's need for additional health care providers.
- Will or might cause a serious public problem of availability or affordability of health care professional liability insurance in the State of California or nationally.
- Will or might contribute to a health care crisis in the State of California or nationally.

Further, this court orders defense counsel to caution, warn, and instruct witnesses not to make any reference to such evidence, and to follow this same order.

Plaintiff specifically reserves and does not waive by this *in limine* item, his right to voir dire the jury on any bias or prejudice toward or against tort reform, the alleged cost and availability of health care crisis. This *in limine* item is directed at arguments concerning the effect of this lawsuit or a verdict

PDF created with pdfFactory trial version www.pdffactory.com

in this case as opposed to juror bias or prejudice on certain publicized topics.

**13. Motion to Exclude Evidence of Plaintiff's Character.**

Plaintiff 's motion to exclude evidence of Plaintiff's character is granted. [Fed. R. Evid., Rule 401-404]. Because the nature of the conduct is not "semi-automatic" and the number of specific instances cited in the Fifth Affirmative Defense are insufficient to do not support the conclusion that Dr. Jadwin had a habit of reacting physically or vindictively to disagreements, such evidence should be excluded as inadmissible propensity evidence.  [Fed. R. Evid., Rule 404]

Further, even if true, the so-called "facts" stated in Defendant's responses to Interrogatory No. 3 do not support an affirmative defense for unclean hands. The controversies at issue are Plaintiff's taking of medical/recuperative leave, and suing the County for interfering with his medical/recuperative leave rights. Defendants do not include in its responses to Interrogatory No. 3 (1) any allegation that Dr. Jadwin committed any fraud regarding these controversies; (2) any allegation of after acquired evidence; and (3) did NOT fire Dr. Jadwin. Defendant's averments are legally insufficient to support an unclean hands or an equitable estoppel affirmative defense.

[Alternatively, Plaintiff's motion to limit evidence of Plaintiff's conduct to those incidents alleged with specificity in Defendant's responses to Interrogatory No. 3 that fall within the period from October of 2005 to October of 2007 is granted.  [[Fed. R. Evid., Rule 403]

Further, Plaintiff's request for an instruction limiting the jury to using this evidence to an affirmative defense to liability on Plaintiff's FEHA and CFRA retaliation claims is granted.]

**14. Motion to Exclude Reference to Plaintiff's Leave as "Continuous" from 12/16/05 to 10/3/06.**

Plaintiff's motion *in limine* for an order precluding Defendant, its counsel, and any expert witnesses shall from referring to, interrogating about, commenting on, arguing or relying upon or in any other manner attempting to introduce into evidence in any way, any allegations, documents, or written or oral testimony or any reference or inference to Plaintiff's leave from12/16/05 to 10/3/06 as being "continuous" is granted. (Fed. R. Evid., Rule 403.)

Further, the court admonishes the defendant and its witnesses as well as counsel not to introduce any such evidence in any form, and not to suggest, comment directly or indirectly upon, or refer to any

PDF created with pdfFactory trial version www.pdffactory.com

such evidence in any way before the jury.

**15. Motion to Exclude Reference to Plaintiff "Placing Himself on Leave."**

Plaintiff's motion *in limine* for an order precluding Defendant, its counsel, and any expert witnesses shall from referring to, interrogating about, commenting on, arguing or relying upon or in any other manner attempting to introduce into evidence in any way, any allegations, documents, or written or oral testimony or any reference or inference to the fact that Plaintiff's placed himself on leave. [Fed. R. Evid., Rule 403].

The Court finds that Defendant failed to notify its core physicians of their CFRA/FMLA rights, Defendant, so is precluded from introducing any evidence implying that Dr. Jadwin failed to follow its FMLA/CFRA application procedures.  [2 C.C.R. § 7297.4(5)].

Further, this court directs defense counsel to caution, warn, and instruct witnesses not to make any reference to such evidence, and to follow this same order.

**16. Motion to Exclude Dr. McAfee's Testimony**

Plaintiff's motion to exclude the testimony of Defendant's expert Thomas McAfee, M.D. is granted on the grounds that his testimony lacks adequate foundation, and his opinions are conclusory and unduly prejudicial.  Fed. R. Evid. 401, 404, 406, and 702.

**17. Motion to Exclude Mr. Sarkisian's Testimony**

Plaintiff's motion to exclude testimony of Defendant's expert Rick Sarkisian, Ph.D. on the grounds that it is irrelevant.  Fed. R. Evid., Rule 401-402.  Here, neither party disputes that Dr. Jadwin was physically capable of performing the job functions of a pathologist except for the two-three week period in May of 2005 when he was recovering from nasal surgery and a broken foot and avulsed ankle ligament.

Dated: _5/19/2009_____

/s/ OLIVER W. WANGER
Oliver Wanger
U.S. District Judge

USDC, ED Case No. 1:07-cv-00026 OWW TAG
ORDER GRANTING PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 1-17     7

PDF created with pdfFactory trial version www.pdffactory.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

USDC, ED Case No. 1:07-cv-00026 OWW TAG
ORDER GRANTING PLAINTIFF'S MOTIONS *IN LIMINE* NOS. 1-17    8

PDF created with pdfFactory trial version www.pdffactory.com