1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID F. JADWIN, D.O., | 1:07-CV-00026-OWW-DLB |
| Plaintiff, | AMENDED JUDGMENT |
| v. | |
| COUNTY OF KERN, | |
| Defendant. | |

The trial of this case came on for hearing May 14, 2009. The jury returned its verdict, as reflected by the verdicts entered June 8, 2009, incorporated by this reference, in favor of Plaintiff, David F. Jadwin, D.O., and against Kern County on Plaintiff's claims under the FMLA, the CFRA, and the FEHA. The jury awarded damages as follows:

| | |
|---|---|
| Mental and emotional distress and suffering. | $0.00 |
| Reasonable value of necessary medical care, treatment, and service received to the present time. | $30,192.00 |
| Reasonable value of necessary medical care, treatment and services which with reasonable probability will be required in the future. | $0.00 |
| Reasonable value of earnings and professional fees lost to the present time. | $321,285.00 |

1

| | |
|---|---|
| Reasonable value of earnings and professional fees with which reasonable probability will be lost in the future. | $154,080.00 |
| Total damages | $505,457.00 |

By stipulation, certain of Plaintiff's claims were not submitted to the jury for determination.  As to these claims, the parties knowingly and voluntarily agreed that they would be tried by the court sitting without a jury.  These included Plaintiff's claims for interference with his rights under the FMLA/CFRA (as to which Plaintiff sought injunctive relief) and a deprivation of his procedural due process rights under the Fourteenth Amendment (made actionable via 42 U.S.C. § 1983).  On August 4, 2009,Findings of Fact and Conclusions of Law were issued on these claims.

As to the FMLA/CFRA claim, it was determined that Plaintiff lacked standing to assert his claim or, assuming standing existed at the time of the operative pleading, the claim had become moot. As to the procedural due process claim, it was determined that Plaintiff's due process rights were violated.  Plaintiff was awarded nominal damages.  Judgment is entered as follows:

1.   Plaintiff shall recover from Defendant $505,457.00, plus $1 in nominal damages.

2.   Defendants Peter Bryan and Dr. Irwin Harris are dismissed with prejudice;

3.   Plaintiff shall recover from Defendant pre-judgment interest in the amount of $15,022.27;

2

**4.**   Plaintiff shall recover from Defendant post-judgment interest at the federal treasury rate, from the date of the judgment to the date of satisfaction of the judgment;

**5.**   Plaintiff shall recover from Defendant attorneys' fees in the amount of $535,700.00 as follows:

        **a.**   Eugene Lee - $ 409,155.00

        **b.**   Joan Herrington - $122,075.00.

        **c.**   Marilyn Minger - $2,950.00

        **d.**   David Hicks - $1,520.00

**6.**   Costs of suit shall be awarded in accordance with the law.

IT IS SO ORDERED.

**Dated:   February 8, 2011**                    **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

3